

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
KEVIN P. MCGRATH
(212) 336-0533
Mcgrathk@sec.gov

**MEMO ENDORSED**

VIA FAX AND UPS

Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY, 10601-4150

Re:  *SEC v. Edward Bronson et al.*
     12-Civ-6421 (KMK)

Dear Judge Karas:

Plaintiff Securities and Exchange Commission submits this letter in response to the November 29, 2012 letter of Defendants Edward Bronson, E-Lionheart Associates, LLC and relief defendant Fairhills Capital, Inc. requesting a pre-motion conference before filing a motion to dismiss the SEC's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6). The SEC has properly pled its claims and any motion by Defendants to dismiss the Complaint should be denied.

The Complaint alleges that at least since August 2009, the Defendants have engaged in a massive scheme to purchase millions of shares at a time in over 100 companies and almost immediately resell them to the public without complying with the registration requirements of federal securities law. The Complaint further alleges that Defendants' offers and sales violated Section 5 of the Securities Act of 1933, which prohibits any person from offering or selling any security unless a registration statement is filed as to such offer, and is in effect as to such sale, or unless an exemption from registration is available. To establish a *prima facie* case for a violation of Section 5, the Commission must prove: (1) no registration statement was filed or was in effect as to the securities; (2) that the defendant, directly or indirectly, sold or offered to sell these securities; and (3) that in connection with the offer or sale, there was a use of interstate transportation, or communication in interstate commerce, or of the mails. *SEC v. Cavanagh*, 1 F. Supp. 2d 337, 361 (S.D.N.Y.), aff'd, 155 F.3d 129 (2d Cir. 1998).

Once the Commission establishes a *prima facie* case, the defendant bears the burden of proving the applicability of an exemption from registration. *SEC v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953). Defendants do not even attempt to argue that the Complaint fails to establish a *prima facie* case. Instead, Defendants argue that they were entitled to rely upon an exemption from registration. However, Defendants' entitlement *vel non* to any such exemption is irrelevant to whether the SEC's Complaint states a cause of action and, for this reason alone, any motion to dismiss the complaint for failure to state a cause of action should be denied.

Honorable Kenneth M. Karas
December 4, 2012
Page 2

Moreover, the exemption upon which Defendants rely is inapplicable to their share resale scheme. Defendants argue that all of the charged sales were exempt from registration pursuant to Rule 504(b)(1)(iii) of Regulation D, 17 C.F.R. § 230.501 et seq. (1999), which provides an exemption for certain limited offers and sales of securities only if the offers and sales are made "[e]xclusively according to state law exemptions from registration that permit general solicitation and general advertising so long as sales are made only to 'accredited investors' as defined in [Rule] 501(a)." Accredited investors are investors who meet certain income or net worth requirements.

Defendants argue that all of the charged sales were exempt from registration under Rule 504(b)(1)(iii) pursuant to Section 7309(b)(8) of the Delaware Securities Act [Redesignated as § 73-207(b)(8) of the Delaware Securities Act on November 14, 2011], even though all of Defendants' activities took place in New York, and irrespective of the state where the sales were made or the location of the various companies whose stock was sold.

However, the Delaware exemption Defendants rely upon is inapplicable for at least two reasons. First, a Delaware exemption, even if applicable to offers and sales made in Delaware, would not apply to offers and sales made outside of Delaware. Defendants' transactions lacked a sufficient nexus to Delaware to entitle them to rely upon any Delaware exemption. Second, the Delaware provision Defendants rely upon does not permit general solicitation and general advertising as required by Rule 504(b)(1)(iii) and Defendants' offers and sales in fact violated the only relevant Delaware exemption that allows general solicitations and general advertising.

First, the securities transactions at issue lacked any meaningful nexus to Delaware. Delaware courts have held that the Delaware Securities Act only applies where there is a sufficient nexus between Delaware and the transaction at issue. *See, e.g. Singer v. Magnavox Co.*, 380 A.2d 969, 981 (Del. 1977) (no nexus where Delaware corporation solicited Pennsylvania residents, and neither contract nor sale occurred in Delaware; there is a presumption that law is not intended to apply outside the territorial jurisdiction of the state in which it is enacted), *overruled on other grounds by Weinberger v. UOP, Inc.*, 457 A.2d 701, 715 (Del. 1983).

Defendants argue that Rule 504(b)(1)(iii) does not require a nexus to the state under whose laws the issuer is claiming an exemption but only that the offer or sale of stock be in conformity with any state law exemption. This argument fails for several reasons. First, Rule 504(b)(1)(iii) requires that the offers and sales be made *"exclusively according to* state law exemptions from registration that permit general solicitation and general advertising ..." An offer or sale cannot be made "according to" a Delaware exemption unless Delaware law applies and to do so there must be a sufficient nexus between the transaction and Delaware.

Defendants' argument that Rule 504(b)(1)(iii) does not require a nexus between where offers and sales are made and the state whose exemption is invoked because subsection (iii) does not use the phrase "in one or more states" is frivolous. Subsection (iii) deals with offers or sales

Honorable Kenneth M. Karas
December 4, 2012
Page 3

where there has been no registration statement filed in any state and provides an exemption only where the offer or sale is made: "Exclusively according to state law exemptions from registration that permit general solicitation and general advertising so long as sales are made only to 'accredited investors' ..." The use of the word "exclusively," the general structure and intent behind Rule 504 and common sense all lead to the conclusion that subsection (iii) requires that in *each* state where offers or sales are made, they must be in accordance with the provisions of that state's exemption from registration.

Second, the Delaware provision Defendants rely upon is not an exemption that meets the requirements of Rule 504(b)(1)(iii). Delaware Section 73-207(b)(8) provides, in relevant part, a transactional exemption for: "Any offer or sale to a bank, savings institution, trust company, insurance company, investment company..., pension or profit-sharing trust, or other financial institution or institutional buyer, or to a broker-dealer...." Thus, by its terms, Section 73-207(b)(8) does not permit general solicitation and general advertising, it only permits offers and sales to certain specifically enumerated institutions and entities that are not natural persons.

Defendants contend that since Section 73-207(b)(8) does not expressly prohibit general solicitation and advertising, it permits such solicitation and advertising. This is incorrect. Delaware Securities Act § 7304 makes it "unlawful for any person to offer or sell any security" in Delaware unless it is registered, is an exempted security or transaction, or is a federal covered security. (emphasis added). Because Section 73-207(b)(8) only exempts offers and sales to certain institutional investors, and does not exempt any offers or sales whatsoever to natural persons, whether by general solicitation and advertising or otherwise, it certainly does not permit general solicitation and general advertising as required to qualify for exemption under federal Rule 504(b)(1)(iii).

Finally, Defendants ignore Section 503 of Part E under the Delaware Rules and Regulations Pursuant to the Delaware Securities Act, which expressly does permit general solicitation and general advertising provided that sales are only made to accredited investors and that shares are held for one year before resale unless another exemption applies. Defendants' resale activities plainly run afoul of Section 503 because their sales occurred within days or, at most, weeks of their initial stock acquisitions.

Accordingly, any motion to dismiss the Complaint on the grounds set forth in the Defendants' letter should be denied.

*[Handwritten: The Court will hold a pre-motion conference on January 8, 2013, at 11:30]*

Respectfully submitted,

*[signature]*

Kevin P. McGrath
William Edwards
Securities and Exchange Commission

*[Handwritten: So Ordered.
[signature]
12/4/12]*

Honorable Kenneth M. Karas
December 4, 2012
Page 4

cc (via email):
 Ashley Baynham, Esq.
Alex Lipman, Esq.