# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO***
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
STEPHEN M. JURIS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK***
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9585
bfischer@maglaw.com

COUNSEL
RACHEL Y. HEMANI
JASMINE JUTEAU
BARBARA MOSES*

SENIOR ATTORNEY
THOMAS M. KEANE

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN WASHINGTON, D.C.

September 17, 2014

**BY ECF**

Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re: <u>Securities and Exchange Commission v. Bronson, et al.</u>,
         12-cv-6421 (KMK)

Dear Judge Karas:

  My firm represents defendants Edward Bronson and E-Lionheart Associates, LLC and relief defendant Fairhills Capital, Inc. in the above-referenced action. On September 3, 2014, we filed a letter under seal requesting that the Court schedule a conference to address certain issues raised in the letter (the "September 3 Letter"). The September 3 Letter was filed under seal subject to the Protective Order dated April 14, 2014. In accordance with the terms of the Protective Order, I am filing on ECF a redacted copy of the September 3 Letter. <u>See</u> Protective Order at 5 (requiring parties to publicly file a redacted version of sealed documents within 14 days of the sealed filing).

                Respectfully submitted,

                Benjamin S. Fischer

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Kenneth M. Karas
September 17, 2014
Page 2

cc:     BY ECF
        Kevin McGrath, Esq.
        Wendy Tepperman, Esq.

Enclosure

## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
STEPHEN M. JURIS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK
JONATHAN S. SACK
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

FILED UNDER SEAL – DO NOT FILE ON ECF

(212) 880-9585
bfischer@maglaw.com

COUNSEL
RACHEL Y. HEMANI
JASMINE JUTEAU
BARBARA MOSES

SENIOR ATTORNEY
THOMAS M. KEANE

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN WASHINGTON, D.C.

September 3, 2014

**BY HAND – FILED UNDER SEAL**
Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: Securities and Exchange Commission v. Bronson, et al., 12-cv-6421 (KMK)

Dear Judge Karas:

My firm represents defendants Edward Bronson ("Bronson") and E-Lionheart Associates, LLC, ("E-Lionheart") (collectively, the "Defendants") in the above-referenced action. ▓▓▓

▓▓▓

---

[1] Defendants are filing this letter under seal because ▓▓▓ are subject to a Protective Order that requires the parties to file ▓▓▓ under seal. A copy of the Protective Order is attached at Exhibit A. Although the Defendants requested that the SEC permit them to file this letter on ECF, in particular, because ▓▓▓, the SEC refused to consent.



. For the reasons set forth below, we respectfully request that the Court schedule a conference to address this issue.

## BACKGROUND

As the Court is well aware, this case centers on whether certain penny stock transactions engaged in by E-Lionheart qualify for registration exemptions under Rule 504 and the Delaware Securities Law. The Complaint alleges, *inter alia*, that although the Defendants claimed the offerings at issue were "exempt from registration because it was being made pursuant to Rule 504(b)(1)(iii) of Regulation D and Delaware state law exemption from registration, Section 7309(b)(8) of the Delaware Securities Act," the Defendants were not entitled to rely on those exemptions. See Complaint, ¶¶ 19, 22, 23. The Complaint also makes clear that before entering into the securities transactions at issue, the Defendants obtained attorney opinion letters from Virginia Sourlis, Esq. Those letters set forth Sourlis' opinion that E-Lionheart's securities transactions were subject to the Registration Exemptions. Id., ¶¶ 20-21. The Complaint alleged that these attorney opinion letters were not valid.

On March 15, 2013, the Defendants moved to dismiss the action, arguing that they were entitled to rely on the Registration Exemptions as a matter of law. The SEC vigorously opposed the motion and argued that the securities transactions were not made exclusively according to Delaware's registration exemption. The SEC further argued that the Registration Exemptions imposed a "nexus" requirement which the allegations of the Complaint did not establish. In denying Defendants' motion to dismiss, this Court adopted the SEC's position, denied Defendants' motion to dismiss, and concluded that the facts set forth in the Complaint did not afford Defendants the right to rely on the Registration Exemptions. See Securities and Exchange Commission v. Bronson, 12 Civ. 6421, 2014 WL 1613020, at *10-12 (S.D.N.Y. March 31, 2014) (Karas, J.).

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.
Hon. Kenneth M. Karas
September 3, 2014
Page 3



See Order in Garber dated October 17, 2013 ... a copy of which is attached as Exhibit C.

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.
Hon. Kenneth M. Karas
September 3, 2014
Page 4



### REQUEST FOR CONFERENCE

We believe that the Court should schedule a conference to address this issue



While Defendants intend to answer the Complaint on September 5 (the deadline requested by the parties and endorsed by the Court), in order to afford the Defendants

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.
Hon. Kenneth M. Karas
September 3, 2014
Page 5

the opportunity to amend their answer within the 21 day period provided by Fed. R. Civ. P. 15(a)(1)(A) should ████████████████████████████
████████████████████████████

                                          Respectfully submitted,

                                          Benjamin S. Fischer

cc:    (via e-mail)
       Kevin McGrath, Esq.
       Wendy Tepperman, Esq.

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

# Exhibit A

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

Case 7:12-cv-06421-KMK   Document 34   Filed 04/15/14   Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

-against-

EDWARD BRONSON and
E-LIONHEART ASSOCIATES, LLC
d/b/a FAIRHILLS CAPITAL,

               Defendants,

and

FAIRHILLS CAPITAL, INC.,

               Relief Defendant.

12 CV 6421(KMK)

PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING DISCLOSURE OF
CONFIDENTIAL DOCUMENTS

WHEREAS, plaintiff Securities and Exchange Commission is prepared to produce certain email communications between it and the Delaware Securities Commissioner's Office (the "Delaware Documents") as part of discovery in the above-referenced proceeding on the condition that the Defendants and Relief Defendants agree to the conditions set forth in this Protective Order and further agree that the SEC's production of these documents does not in any way constitute a waiver of any attorney work product or any other privilege it possesses with respect to these or any other documents within its possession, custody or control; and

WHEREAS, the Defendants and Relief Defendants agree to these conditions; and

Case 7:12-cv-06421-KMK   Document 34   Filed 04/15/14   Page 3 of 5

WHEREAS the Delaware Documents contain references to confidential information, including the names of one more individuals, relating to an ongoing SEC investigation; and

WHEREAS the parties agree that it is in the public interest not to publically disclose the information contained in the Delaware Documents;

IT IS HEREBY STIPULATED AND AGREED, by and between the SEC and the Defendants and Relief Defendant, that the following understanding and procedures shall govern the review, use and disclosure of the Delaware Documents:

1. The Delaware Documents shall be treated as confidential and shall be designated as *Attorneys and Clients Eyes' Only*. Only attorneys of record in this matter for the Defendants and Relief Defendants, and their clients, may review the Delaware Documents.

2. If any Defendant or Relief Defendant wishes to use any portion of the Delaware Documents in a Court filing, such party must make the Court filing under seal.

3. If any Defendant or Relief Defendant wishes to use any portion of the Delaware Documents in a public court filing, such party must notify the SEC in advance of such filing. The Commission shall advise such party within three (3) business days if it consents to such use. If the SEC does not consent, the requesting Defendant and/or Relief Defendant must move the Court for relief from this Protective Order. No Defendant and/or Relief Defendant shall file any portion of the Delaware Documents so as to make them public until the Court issues a ruling.

4. If any Defendant or Relief Defendant wishes to show any portion of the Delaware Documents to a witness, whether during a witness interview or deposition, such party must notify the SEC in advance of such use. The Commission shall advise such party within three (3) business days if it consents to such use. If the SEC does not consent, the requesting

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

Case 7:12-cv-06421-KMK Document 34 Filed 04/15/14 Page 3 of 5

Defendant and/or Relief Defendant must move the Court for relief from this Protective Order. No Defendant and/or Relief Defendant shall file any portion of the Delaware Documents so as to make them public until the Court issues a ruling and the witness interview or deposition shall be adjourned, if necessary, until the Court issues a ruling.

5. The Delaware Documents shall be used by the Defendants and Relief Defendant, and their counsel, solely for purposes of this civil action.

6. Nothing in this Order shall interfere with the Commission's use of the Delaware Documents for law enforcement activities and to otherwise regulate, administer and enforce the federal securities laws.

7. Should any party seek to amend, modify, or terminate the terms of this Protective Order, it must first confer with the other parties in a good faith attempt to come to an agreement regarding such amendment, modification or termination. To the extent the parties are unable to reach an agreement, such party may only seek relief from this Protective Order with leave of Court;

8. The Defendants and Relief Defendant shall destroy all copies of the Delaware Documents at the conclusion of this litigation;

9. This Protective Order may be executed in counterparts, and shall be deemed in effect once "So Ordered" by the Court.

[SIGNATURE PAGE TO FOLLOW]

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

Case 7:12-cv-06421-KMK   Document 24   Filed 04/15/14   Page 64 of 65

**FOR THE PARTIES:**

_____                          DATED:
Kevin McGrath, Esq.
Securities and Exchange Commission

_____                          DATED: 4/10/14
Alex Lipman, Esq.
Nixon Peabody LLP
*Counsel for Defendants Edward Bronson, E-Lionheart Associates, LLC and Fairhills Capital*

**SO ORDERED:**   _____
                  Honorable Kenneth M Karas, U.S.D.J.

**DATED:**

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

Case 7:12-cv-06421-KMK  Document 34  Filed 04/15/14  Page 55 of 65

**FOR THE PARTIES:**

_____[signature]_____          DATED: 4/8/14
Kevin McGrath, Esq.
Securities and Exchange Commission


_____          DATED:
Alex Lipman, Esq.
Nixon Peabody LLP
*Counsel for Defendants Edward Bronson, E-Lionheart Associates, LLC and Fairhills Capital*


**SO ORDERED:** _____
                    Honorable Kenneth M Karas, U.S.D.J.

**DATED:**


Any filing unrelated to discovery disputes (including but not limited to summary judgment or other motions) may be filed under seal, however a redacted version of the sealed document must be publicly filed within 14 days.

So Ordered

4/14/14   [signature]

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

# Exhibit B

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

# Exhibit B
# Redacted

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

# Exhibit C

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    - against -

DANNY GARBER, et al.,

        Defendants.

------------------------------------------------------------- X

ORDER

12 Civ. 9339 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

        On August 28, 2013, the Manis Defendants served subpoenas on state securities regulators in Texas and Delaware seeking production of certain email communications with the Securities and Exchange Commission ("SEC"). In a letter dated September 27, 2013, the SEC asked the Court to quash the subpoenas,[1] arguing that the documents in question are protected by both the law enforcement privilege and the attorney work product doctrine.[2] The Court conducted an *in*

---

[1]     As the Manis Defendants point out, the subpoena served on the Delaware regulators was issued by the District Court for the District of Columbia. Thus, even if this Court had been inclined to quash the subpoena, it would have been unable to do so.

[2]     The Court notes that the SEC did not assert attorney work product in its Privilege Log dated July 11, 2013, and has raised the argument only recently in

1

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

*camera* review of the documents produced by the Delaware regulators and determined that the law enforcement privilege does not apply.[3] The emails in question do not implicate law enforcement techniques or impair the SEC's ability to conduct future investigations, nor do they endanger the confidentiality of sources, the safety of witnesses or law enforcement personnel, or the privacy of individuals involved in the investigation.[4]

Although the applicability of the work product doctrine is less clear, the SEC was offered the opportunity to fully brief the issue at the teleconference on October 9, 2013 and declined to do so. Because the SEC bears the burden of demonstrating the applicability of the doctrine and has not met its burden, the request to quash the subpoena as to the Delaware regulators is denied.

Therefore, the documents must be produced subject to a protective order to be negotiated by the parties. Any disputes regarding the specific terms of the protective order shall be submitted to Magistrate Judge James C. Francis IV.

---

letters to the Court.

[3] The Court is not aware of whether the Texas regulators have responded to the subpoena or produced any documents. This ruling, therefore, applies only to the Delaware documents.

[4] *See In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010).

2

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  October 17, 2013
New York, New York

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014

- Appearances -

For Plaintiff Securities and Exchange Commission:

Paul G. Gizzi, Esq.
Haimavathi Vardan Marlier, Esq.
Andrew Matthew Calamari, Esq.
Michael David Paley, Esq.
U.S. Securities and Exchange Commission (3 World Financial)
Three World Financial Center
New York, NY 10281
(212) 336-0077
Fax: (212) 336-1322

For Defendants Danny Garber, Kenneth Yellin, Jordan Feinstein, The OGP Group L.L.C., Rio Sterling Holdings L.L.C., Slow Train Holdings L.L.C.:

Ira Lee Sorkin, Esq.
Amit Sondhi, Esq.
Lowenstein Sandler PC
1251 Avenue of The Americas
New York, NY 11020
(212) 262-6700
Fax: (212) 262-7402

For Defendants Michael Manis, Aluma Holdings L.L.C., Azure Trading L.L.C., Coastal Group Holdings, Inc., Greyhawk Equities L.L.C., Leonidas Group Holdings L.L.C., The Leonidas Group L.L.C., Nismic Sales Corp, Perlinda Enterprises L.L.C., Spartan Group Holdings L.L.C.:

David Bradley Shanies, Esq.
Edward J. M. Little, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6457
Fax: (212) 837-6457

4

FILED AND REDACTED TO COMPLY WITH
PROTECTIVE ORDER DATED APRIL 14, 2014