

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
HAIMAVATHI V. MARLIER
(212) 336-1055
MARLIERH@SEC.GOV

July 30, 2015

**VIA ECF**

The Honorable Judith C. McCarthy
United States Magistrate Judge
United States District Court for the
    Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    <u>SEC v. Bronson et al., 12-CV-6421 (KMK-JCM)</u>

Dear Judge McCarthy:

    I represent Plaintiff Securities and Exchange Commission in the above-referenced litigation and write pursuant to your direction at the July 8, 2015 discovery conference that the parties submit, by letter, their proposed joint modifications to Your Honor's Order of July 8, 2015 (the "Order"). Counsel for Defendants and Relief Defendant has reviewed this letter and assented to its terms. The parties respectfully request that Your Honor So Order this letter to permit the parties to promptly meet the discovery obligations set forth in the Order.

    The parties respectfully propose that the Order be modified as follows:

1.    <u>Current text</u>: "Accordingly, Plaintiff SEC shall produce responsive documents of all communications between members of the SEC Penny Stock Task Force charged with investigating violations of Rule 504 ("SEC Task Force") and the individuals identified in Defendants' RFPs 13 and 14." (Order, at 5.)

    <u>Joint proposed modification (changes highlighted)</u>: "Accordingly, Plaintiff SEC shall produce responsive documents of all communications *concerning Rule 504* between *current and former* members of the SEC *Microcap Fraud Task Force and Microcap Fraud Working Group* and the individuals identified in Defendants' *RFP 13*. *Plaintiff SEC shall also produce responsive documents of all communications between current and former members of the SEC Microcap Fraud Task Force and Microcap Fraud Working Group and the individuals identified in Defendants' RFP 14.*

<u>Reasons for modification</u>: The SEC does not currently have a "Penny Stock Task Force." The SEC has a Microcap Fraud Task Force and a Microcap Fraud Working Group. The SEC will contact all current and former members of the Task Force and Working Group to produce any responsive communications generated, without time limitation.

Further, the parties have agreed to limit the SEC's response to RFP 13, seeking communications between the SEC and certain attorneys who authored attorney opinion letters for the Rule 504 transactions at issue in this litigation, to such communications regarding Rule 504 only.

2.   <u>Current text</u>: "Accordingly, Plaintiff SEC shall identify to Defendants the states in which Defendants allegedly consummated transactions in violation of the Act. Plaintiff SEC also shall produce responsive documents of all communications regarding Rule 504 and State Securities Registration Exemptions, as set forth in Defendants' RFP 17-19, between: the SEC Task Force and Delaware state regulators and the SEC Task Force and any other State Securities Regulator for those states in which Defendants committed violations of the Act." (Order, at 7.)

<u>Joint proposed modification</u>: "Accordingly, Plaintiff SEC shall identify to Defendants the states in which ***the SEC alleges that offers were made or sales took place in connection with the issuances of securities that the Defendants are alleged to have resold in violation of the Act***. Plaintiff SEC also shall produce responsive documents of all communications regarding Rule 504 and State Securities Registration Exemptions, as set forth in Defendants' RFP 17-19, between: ***current and former members of the SEC Microcap Fraud Task Force and Microcap Fraud Working Group and State Securities Regulators for those states identified by the SEC to Defendants.***

<u>Reason for modification</u>: The SEC does not currently have a "Penny Stock Task Force." The SEC has a Microcap Fraud Task Force and a Microcap Fraud Working Group. The SEC will use the same approach to collect responsive communications as outlined in "Reason for modification" #1.

The requirement that the SEC identify "the states in which Defendants allegedly consummated transactions in violation of the Act" is being changed to "the states in which the SEC alleges that offers were made or sales took place in connection with the issuances of securities that the Defendants are alleged to have resold in violation of the Act" because, pursuant to Judge Karas's Order denying Defendants' Motion to Dismiss, an exemption from registration under Rule 504(b)(1)(iii) applies where offers or sales by the issuer to Defendants qualify for an exemption under state law. *See* Dkt. No. 21 at 22 ("the language of Rule 504(b)(1)(iii) requires compliance with those state-law exemptions where the securities are offered or sold…").

3. Current text: "In order to effectuate this protective order, and with the understanding that the information is currently stored on disks, only SEC attorneys of record in this action may incidentally view the information in the course of viewing non-privileged, non-protected information on the same disks." (Order, at 11.)

Joint proposed modification: "In order to effectuate this Order, only SEC attorneys of record *and their paralegals, IT, and other support staff* may incidentally view the information in the course of viewing non-privileged, non-protected information."

Reason for modification: The SEC has loaded the 41 boxes of documents it received from the FBI into an electronic document review database. The SEC believes its resources are best spent by having its support staff, as opposed to the attorneys of record, extract the personal and private documents identified by defendants from this electronic database. The SEC proposes this modification without waiving its right to challenge the protective order as to the 41 Boxes pursuant to its Motion for Reconsideration of the July 8, 2015 Order, filed on July 24, 2015.

4. Current text: Plaintiff SEC may retain the 41 Boxes, but it may not disseminate or use, for the purposes of this litigation or any other purpose, personal and private information not related to the prosecution of this civil action. Defendants shall provide to Plaintiff SEC a list of all documents it seems personal and private in a log, no later than July 16, 2015. (Order, at 10-11.)

Joint proposed modification: Plaintiff SEC may retain the 41 Boxes, but it may not disseminate or use, for the purposes of this litigation or any other purpose, personal and private information not related to the prosecution of this civil action. Defendants shall provide to Plaintiff SEC a list of all documents it seems personal and private *not related to the prosecution of this civil action* in a log. **The log shall contain sufficient information to identify the nature of the personal and/or private information unrelated to the prosecution of this civil action**.

Reason for modification: The Order as worded permits Defendants to identify in a log all documents they deem "personal and private" (arguably even if those documents are relevant to this action), whereas in the preceding sentence the Court prohibits the dissemination or use only of "personal and private information *not related to the prosecution of this civil action*." *See* Order, at 10 (emphasis added). The SEC requests that the Order be modified to make clear that the Defendants are only permitted to log "personal and private information not related to the prosecution of this civil action." Defendants submitted to the SEC on July 16, 2015 a list of documents designated personal and private that are not related to the prosecution of this civil action. Again, this is without waiver of the SEC's right to challenge the protective order as to the 41 Boxes pursuant to its Motion for Reconsideration of the July 8, 2015 Order, filed on July 24, 2015.

The Honorable Judith C. McCarthy
July 30, 2015
Page 4 of 4

          Respectfully submitted,

          */s/ Haimavathi V. Marlier*

          Haimavathi V. Marlier

cc (by email):  Benjamin S. Fischer, Esq.
                  Devin Cain, Esq.
                  *Counsel for Defendants Edward Bronson,*
                  *E-Lionheart Assoc., LLC and Relief Defendant*
                  *Fairhills Capital, Inc.*

SO ORDERED.

_____
Hon. Judith C. McCarthy, U.S.M.J.

Date: