UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,                      **OPINION AND ORDER**

        -against-                             12 Civ. 6421 (KMK)(JCM)

EDWARD BRONSON, E-LIONHEART
ASSOCIATES, LLC d/b/a FAIRHILLS
CAPITAL,

                Defendants,
    -and-

FAIRHILLS CAPITAL, INC.,

                Relief Defendant,
-------------------------------------------------------X

      By letters dated February 25, 2015 and April 3, 2015, Defendants Edward Bronson and E-Lionhart Associates, LLC d/b/a Fairhills Capital and Relief Defendant Fairhills Capital, Inc. (collectively, "Defendants") and Plaintiff Securities and Exchange Commission ("Plaintiff SEC") presented discovery disputes pursuant to this Court's discovery dispute order dated February 5, 2015. On July 8, 2015, the Court issued rulings on the parties' applications ("Order"). (Docket No. 98). During a telephone conference on July 14, 2015, the parties requested limited clarification and modification of the Order, largely ministerial in nature. The Court also granted Plaintiff SEC leave to move for partial reconsideration of the portion of the Order prohibiting it from disseminating or using, "for the purpose of this litigation or any other purpose," private documents it obtained in an inter-agency exchange from the Federal Bureau of Investigation ("FBI"). By order dated October 13, 2015, the Court directed the parties to submit factual assertions "setting forth when Plaintiff SEC requested from the FBI a copy of the 41 Boxes ('41 Boxes') that the FBI obtained in executing a search warrant at Relief Defendant

Fairhills Capital, Inc.'s offices on November 15, 2012." (Docket No. 117). The parties dutifully responded, with Plaintiff SEC filing a Declaration of Kevin P. McGrath in Compliance with the Court's October 13, 2015 Order ("McGrath Compliance Decl."), (Docket No. 119), and Defendants filing an Affirmation of Benjamin S. Fischer ("Fischer Affirm."), (Docket No. 118).

As stated in the Memo Endorsement dated August 3, 2015, (Docket No. 113), the parties' joint request for limited clarification and modification is granted. Furthermore, for the reasons set forth below, Plaintiff SEC's motion for reconsideration is granted in part and denied in part and this Court's Order shall be modified as set forth in this Opinion and Order.

## I. BACKGROUND

Plaintiff SEC commenced this action on August 22, 2012, alleging certain violations of Section 5 of the Securities Act of 1933 (the "Act"). (Docket No. 1[1]). In lieu of answer, on March 15, 2013, Defendants filed a motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 17). The Honorable Kenneth M. Karas, United States District Judge, denied Defendants motion on March 31, 2014. (Docket No. 21). It is not clear whether the parties undertook any discovery up until the entry of Judge Karas' decision.[2] However, at least as of April 11, 2014, the parties actively participated in discovery in this action. On that date, Plaintiff SEC filed a letter pursuant to Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, seeking a "pre-motion discovery conference" in connection with the parties' request for the Court to enter a protective order in this action. (Docket No. 23). Judge Karas so-ordered the protective order on

---

[1] Refers to the Complaint filed in this action on August 22, 2012.

[2] Judge Karas' Motion Scheduling Order dated January 8, 2013 expressly granted a stay of any "pending deadlines found in the Federal Rules of Civil Procedure or in any applicable statute," but only up to the date of the filing of Defendants' motion to dismiss. (Docket No. 15 at 1).

April 14, 2014. (Docket No. 24). Defendants answered the Complaint on September 5, 2014. (Docket No. 41). A Calendar Notice for a "Rule (16) conference" before Judge Karas was entered on September 24, 2014. (Docket No. 46). Although the conference did not occur as originally scheduled, Judge Karas so-ordered a Case Management and Scheduling Order, which was entered on October 29, 2014. (Docket No. 56).

The private documents at issue in this motion for reconsideration are those seized among the 41 Boxes by the FBI pursuant to the execution of a search warrant at Relief Defendant Fairhills Capital, Inc.'s offices on November 15, 2012. (McGrath Decl.[3] at ¶ 2). Plaintiff SEC learned of the seizure and requested that the FBI share the 41 Boxes, or at least a summary of the documents seized; the FBI agreed to forward all of the contents of the 41 Boxes. (*Id.*); (McGrath Compliance Decl. at 2). The communications between Plaintiff SEC and the FBI, from which Plaintiff SEC secured a copy of the 41 Boxes, occurred on September 29-30, 2014. (McGrath Compliance Decl. at 2). Defendants' counsel recalls speaking with Plaintiff SEC's counsel about the 41 Boxes in late fall. (Fischer Affirm. at ¶ 4).

Plaintiff SEC performed a privilege review of the contents by creating a separate "filter team," after Defendants allegedly declined to perform the review. (McGrath Decl. at ¶¶ 3-4). Defendants, however, wanted to determine for themselves what documents among the 41 Boxes were privileged or not relevant to the present civil proceedings. (*See* Docket No. 93) (letter application pursuant to this Court's discovery dispute order). Thus, on April 3, 2015, Defendants sought relief from this Court, which the Court construed as a motion for a protective order

---

[3] Refers to the Declaration of Kevin P. McGrath in Support of Plaintiff Securities and Exchange Commission's Motion for Reconsideration of the Court's July 8, 2015 Order, filed in this action on July 24, 2015. (Docket No. 107).

barring Plaintiff SEC from using in this action documents within the 41 Boxes that Defendants deem privileged or not relevant to this action. (*Id.*). By Order dated July 8, 2015, the Court granted Defendants' application for a protective order in connection with the contents of the 41 Boxes. (Docket No. 98 at 9-11).

## A. Ministerial Alterations to the Order

Following a telephone conference on July 14, 2015, the parties submitted a joint letter dated July 30, 2015 identifying ministerial changes to the Order. (Docket No. 110). By memo endorsement dated August 3, 2015, the Court granted the parties' requests. (Docket No. 113). The changes to the Order did not alter the substance of the Court's direction, but rather clarified the Court's intent with respect to the parties' applications.

First, the Court modified the portion of the Order stating: "Accordingly, Plaintiff SEC shall produce responsive documents of all communications between members of the SEC Penny Stock Task Force charged with investigating violations of Rule 504 ("SEC Task Force") and the individuals identified in Defendants' RFPs 13 and 14." (Docket 98 at 5). The Order shall now be construed to read:

> Accordingly, Plaintiff SEC shall produce responsive documents of all communications concerning Rule 504 between current and former members of the SEC Microcap Fraud Task Force and Microcap Fraud Working Group and the individuals identified in Defendants' RFP 13. Plaintiff SEC shall also produce responsive documents of all communications between current and former members of the SEC Microcap Fraud Task Force and Microcap Fraud Working Group and the individuals identified in Defendants' RFP 14.

(Docket No. 113 at 1).

Second, the Court modified the portion of the Order stating, "Accordingly, Plaintiff SEC shall identify to Defendants the states in which Defendants allegedly consummated transactions in violation of the Act. Plaintiff SEC also shall produce responsive documents of all

communications regarding Rule 504 and State Securities Registration Exemptions, as set forth in Defendants' RFP 17-19, between: the SEC Task Force and Delaware state regulators and the SEC Task Force and any other State Securities Regulator for those states in which Defendants allegedly committed violations of the Act." (Docket 98 at 7). The Order shall now be construed to read:

> Accordingly, Plaintiff SEC shall identify to Defendants the states in which the SEC alleges that offers were made or sales took place in connection with the issuances of securities that the Defendants are alleged to have resold in violation of the Act. Plaintiff SEC also shall produce responsive documents of all communications regarding Rule 504 and State Securities Registration Exemptions, as set forth in Defendants' RFP 17-19, between: current and former members of the SEC Microcap Fraud Task Force and Microcap Fraud Working Group and State Securities Regulators for those states identified by the SEC to Defendants.

(Docket No. 113 at 1-2).

Third, the Court modified the portion of the Order stating, "In order to effectuate this protective order, and with the understanding that the information is currently stored on disks, only SEC attorneys of record in this action may incidentally view the information in the course of viewing non-privileged, non-protected information contained on the same disks." (Docket 98 at 11). The Order shall now be construed to read:

> In order to effectuate this Order, only SEC attorneys of record and their paralegals, IT, and other support staff may incidentally view the information in the course of viewing non-privileged, non-protected information.

(Docket No. 113 at 1, 3).

Fourth, the Court modified the portion of the Order stating, "Plaintiff SEC may retain the 41 Boxes, but it may not disseminate or use, for the purposes of this litigation or any other purpose, personal and private information not related to the prosecution of this civil action. Defendants shall provide to Plaintiff SEC a list of all documents it deems personal and private in

a log, no later than July 16, 2015." (Docket 98 at 10-11). The Order shall now be construed to read:

> Plaintiff SEC may retain the 41 Boxes, but it may not disseminate or use, for the purposes of this litigation or any other purpose, personal and private information not related to the prosecution of this civil action. Defendants shall provide to Plaintiff SEC a list of all documents it deems[4] personal and private not related to the prosecution of this civil action in a log. The log shall contain sufficient information to identify the nature of the personal and/or private information unrelated to the prosecution of this civil action.

(Docket No. 113 at 1, 3).

### B. Application for Partial Reconsideration

In addition to the aforementioned changes, Plaintiff SEC also sought leave to move for partial reconsideration of the portion of the Order preventing it from disseminating or using "for the purposes of this litigation or any other purpose, personal and private information not related to the prosecution of this civil action." (Docket No. 98 at 10). The Court granted leave for Plaintiff SEC to move for reconsideration on this ground, in part, because the parties did not submit argument or case law on this point. Plaintiff SEC timely moved for partial reconsideration, contending that the Court did not have authority to grant a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") with regard to the 41 Boxes since they were obtained "independent of the judicial process or the discovery process in this case." (Docket Nos. 105,[5] 106[6] at 8-11). Defendants contend that the Court had the authority to issue a protective order pursuant to Rule 26 and its equitable powers to protect non-relevant,

---

[4] The parties' joint submission stated, "seems." (Docket No. 110 at 3). However, the Court believes the parties intended to write "deems" and modifies its Order accordingly.

[5] Refers to Plaintiff SEC's notice of motion, filed in this action on July 24, 2015.

[6] Refers to Plaintiff SEC's memorandum of law in support if its motion for partial reconsideration, filed in this action on July 24, 2015.

personal information. (Docket No. 114[7] at 6 n.2, 6-10). In its reply, Plaintiff SEC avers, *inter alia*, that the Court's equitable powers are limited to instances of wrongdoing. (Docket No. 115[8] at 2-4).

## II. LEGAL STANDARD

Although none of the parties discussed the rule upon which this Court should reconsider its Order, the Court construes Plaintiff SEC's motion for partial reconsideration as one made pursuant to Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern District of New York ("Local Rule"). "The decision to grant or deny [such] motion is within the sound discretion of the . . . court." *Dellafave v. Access Temporaries, Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (alteration provided) (citation omitted). However, it is clear that, in the Second Circuit, granting reconsideration "is an *extraordinary remedy* to be employed *sparingly* in the interests of finality and conservation of scarce judicial resources." *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747, 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (emphasis added) (quotation marks and citation omitted). The moving party may not employ the motion "to start a new round of arguments" nor "should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Metropolitan Opera Ass'n v. Local 100*, No. 00 Civ. 3613, 2004 WL 1943099, at *2 (S.D.N.Y. Aug. 27, 2004) (quotation marks and citation omitted). Thus, the standard for granting such motion "is strict." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

---

[7] Refers to Defendants' opposition to Plaintiff SEC's motion for partial reconsideration, filed in this action on August 4, 2015.

[8] Refers to Plaintiff SEC's reply memorandum of law in further support of its motion for partial reconsideration, filed in this action on August 10, 2015.

Motions pursuant to Local Rule 6.3 will be denied "in order to preclude repetitive arguments on issues that have already been considered fully by the Court." *Park South Tenants Corp. v. 200 Cent. Park Assocs.*, 754 F. Supp. 352, 354 (S.D.N.Y. 1991), *aff'd* 941 F.2d 112 (2d Cir. 1991) (citation omitted). However, courts may grant such motions: (1) "where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision," *id.* (citation omitted), or (2) "to correct a clear error or prevent manifest injustice," *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 860 F. Supp. 2d 407, 417-18 (S.D.N.Y. 2012) (quotation marks and citation omitted). Local Rule 6.3 may not be used to reargue matters already determined by the Court, just because the party is not happy with the original decision.

## III. DISCUSSION

The basis for Plaintiff SEC's motion is properly grounded in the permissible reasons for reconsideration. Therefore, the Court grants Plaintiff SEC's motion and reconsiders the portion of its Order granting a protective order on those documents in the 41 Boxes identified by Defendants as "personal and private information not related to the prosecution of this civil action." (Docket No. 113 at 1, 3). The case law, not previously before this Court, is clear that where a party independently obtains documents before discovery in a particular action, a court may not place limitations on its use under the auspices of Rule 26. *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 942, 944-45 (2d Cir. 1983) (reversing the entry of a protective order, either under Rule 26 or courts' equitable powers, over documents obtained prior to the commencement of action); *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 323-24 (S.D.N.Y. 1997) (citations omitted) (identifying, *inter alia*, a Ninth Circuit case in which the court held that a district court could not control discovery obtained in a separate action, but between the same parties as before it); *Liyan He v. Cigna Life Ins. Co. of New York*, No. 14 Civ.

2180, 2015 WL 4114523, at *4 n.5 (S.D.N.Y. July 8, 2015) (citing *Bridge C.A.T. Scan Assocs.*, 710 F.2d at 945).

Thus, a key issue before the Court is whether Plaintiff SEC obtained the 41 Boxes prior to discovery commencing in this action, thereby remaining independent of Rule 26 protections. Rule 26 contemplates a scope of discovery limited to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Rule 26(b)(1). It does not impose any limitation on the persons or entities from whom discovery is obtained. Rather, Rule 26 anticipates that parties will seek discovery from "any source," but limits such inquiries: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[9] . . . ." Rule 26(d)(1). The Federal Rules of Civil Procedure also provide a mechanism by which a party may compel document disclosure from non-parties. Fed. R. Civ. P. 34(c); 45. There are no limits to obtaining disclosure from cooperating non-parties. *Id. passim*; *see United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 410 (S.D.N.Y. 1994) (noting that securing "cooperation of . . . non-parties" could "reduce costs and facilitate discovery").

Here, there is no dispute that Plaintiff SEC obtained the 41 Boxes over two (2) years after it commenced this action. (*See* Docket No. 1) (Complaint filed on August 22, 2012); (*See* McGrath Compliance Decl. at ¶ 2) (Plaintiff SEC initiated communications with the FBI on September 29, 2014, from which it obtained the 41 Boxes). It also appears that Plaintiff SEC obtained the 41 Boxes after the parties commenced discovery. At least by April 11, 2014, the parties had met and conferred with regard to a protective order, pursuant to Rule 26, which terms had been agreed to by the parties and submitted to Judge Karas for consideration. (Docket No. 23). Plaintiff SEC admitted to participating in discovery at this time, expressly seeking a

---

[9] Rule 26(f)(1) requires parties, unless ordered otherwise, to "confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

"discovery conference." (*Id.*). Judge Karas so-ordered the protective order on April 14, 2014. (Docket No. 24). Defendants answered the Complaint on September 5, 2014. (Docket No. 41). In addition, just days before Plaintiff SEC contacted the FBI, on September 24, 2014, Judge Karas issued a Calendar Notice for a "Rule (16) conference." (Docket No. 46). Again, five days later, Plaintiff SEC communicated with the FBI on September 29, 2014, which communications prompted the voluntary exchange of the 41 Boxes. (McGrath Compliance Decl. at ¶ 2).

Based on this record, the Court finds that Plaintiff SEC obtained the 41 Boxes during the course of discovery in this action for purposes of discovery in this action. Moreover, its ability to obtain documents from the FBI, in these circumstances, is akin to obtaining information from a cooperating non-party, who, as in the case here, voluntarily discloses information and helps streamline the discovery process in this action. *See Afram Lines (USA), Ltd.*, 159 F.R.D. at 410 ( "cooperation of . . . non-parties" could "reduce costs and facilitate discovery"). Thus, the Court finds that Rule 26 governs the 41 Boxes. *See, e.g., Bridge C.A.T. Scan Assocs.*, 710 F.2d at 942, 944-45 (2d Cir. 1983) (reversing the entry of a protective order because the documents at issue were obtained prior to the commencement of action).

In reconsidering its Order, the Court concludes that it properly entered a protective order, pursuant to Rule 26, over the private documents within the 41 Boxes.[10] Notwithstanding the same, the Court did not intend to interfere with Plaintiff SEC's ability to conduct business pursuant to its authority. Accordingly, the Court modifies its protective order as follows:

---

[10] Because the Court concludes that it properly issued a protective order under Rule 26, it need not address its authority under its equitable powers. In any event, the Court's equitable power is limited to circumstances where it must prevent a party from introducing "improperly obtained evidence; otherwise the court, by allowing the wrongdoer to utilize the information in litigation before it, becomes complicit in the misconduct." *Fayemi*, 174 F.R.D. at 324 (citations omitted). In its Order, the Court concluded that Plaintiff "SEC properly obtained the 41 [B]oxes from the FBI." (Docket No. 98 at 10) (alteration provided). Accordingly, there is no wrong to remedy.

Plaintiff SEC may retain the 41 Boxes, but it may not disseminate or use, for the purposes of this litigation or any other purpose, personal and private information not related to the prosecution of this civil action. **However, this limitation shall not be construed to interfere and shall not interfere with Plaintiff SEC's use of information for law enforcement activities and to otherwise regulate, administer and enforce the federal securities laws.**[11]  Defendants shall provide to Plaintiff SEC a list of all documents it deems personal and private not related to the prosecution of this civil action in a log. The log shall contain sufficient information to identify the nature of the personal and/or private information unrelated to the prosecution of this civil action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff SEC's motion for reconsideration is granted in part and denied in part. The Court modifies its Order, (Docket No. 98), and amends the protective order, issued pursuant to Rule 26, in accordance with this Opinion and Order.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 105).


Dated:   October 23, 2015
         White Plains, New York

                                                    **SO ORDERED:**

                                                    _____
                                                    JUDITH C. McCARTHY
                                                    United States Magistrate Judge

---

[11] *Compare* Amended Confidentiality Order at ¶ 15. (Docket No. 96).