

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

KEVIN P. MCGRATH
(212) 336-0533
mcgrathk@sec.gov

February 10, 2016

**FILED VIA ECF AND OVERNIGHT MAIL**

The Honorable Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601-4150

      Re:    SEC v. Edward Bronson et al.
                12-CV-6421 (KMK) (JCM) (S.D.N.Y.)

Dear Judge McCarthy:

      Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this letter motion, pursuant to Fed. R. Civ. Proc. 26, for a protective order to quash Defendants' November 23, 2015 Notice of Deposition issued to Commission staff attorney Anthony Barone ("Deposition Notice"). The parties have met and conferred several times but could not resolve this issue.[1]

      The Commission moves to quash the Deposition Notice for Mr. Barone because his testimony will not be relevant to any party's claim or defense in this case and it may also improperly involve privileged communications. Mr. Barone is an attorney employed in the Commission's Office of Small Business Policy ("OSBP") within the Division of Corporation Finance. Mr. Barone's job responsibilities include providing certain information in response to inquiries from the public regarding the federal securities laws and the SEC's rules and regulations. Mr. Barone, however, was not a percipient witness to any of the facts relating to the securities transactions at issue in this litigation; and there is no evidence that he communicated with any of the defendants in this case or that they relied upon any statements that he made.

      Moreover, although the Commission has already produced thousands of emails sent to or by OSBP staff, including Mr. Barone, to third parties concerning Rule 504, Defendants have not indicated that they relied on *any* statements that Mr. Barone made before undertaking the transactions at issue, far less that any such statements are relevant to any claim or defense. Thus, his testimony is not relevant to any claim or defense in this case.

---

[1] Due to trials that counsel for both parties were preparing for, it was agreed that Mr. Barone's testimony, if taken, would be rescheduled.

Defendants Bronson and E-Lionheart LLC have been charged with violations of Section 5 of the Securities Act of 1933 for selling millions of shares of unregistered penny stocks based on an unwarranted reliance upon an exemption from registration under Rule 504(b)(1)(iii) of Reg. D. It is undisputed that the defendants purchased and resold unregistered securities. The primary issues in dispute are whether Delaware law provides an exemption from registration pursuant to the provisions of Rule 504(b)(1)(iii) and whether the Defendants were entitled to rely upon Delaware law even if it provides such an exemption.[2] The Commission alleges that the Delaware law provision defendants relied upon did not permit general solicitation and general advertising as required by Rule 504(b)(1)(iii) and that the offers and sales of the securities took place outside of Delaware, such that Delaware law is irrelevant.

When we questioned Bronson's attorney as to why he sought to depose Mr. Barone, he offered only vague generalities, stating, in summary, that he wanted to question him about communications with the public about Rule 504; what it meant, how it worked, how he formed his understanding of Rule 504. When asked why any of this was relevant to the issues in the case, defense counsel replied, in substance, that it is important to learn the SEC's understanding of the law during the relevant period.

These general topics are of no relevance to the specific claims and defenses in this case. Moreover, Mr. Barone entirely lacks knowledge of facts relevant to liability in this case; he is not a designated expert so he should not be asked hypothetical questions; he is not authorized to represent the Commission's views;[3] and his personal views on any of these issues are irrelevant.

Finally, any proposed questions along the lines defense counsel suggests as to the basis for any statements in Mr. Barone's communications with the public or as to Mr. Barone's views or understanding, if any, regarding Rule 504(b)(1)(iii), would improperly intrude on the Commission's deliberative process privilege. *See, e.g., NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150-51 (1975). Thus, there has been no showing that Mr. Barone's testimony would have any relevance to the specific facts or any specific claims or defenses in this case, and the Deposition Notice should, accordingly, be quashed.

The Commission seeks leave to file a reply letter if defense counsel identifies specific areas of proposed inquiry beyond the generalities offered to date.

---

[2] Rule 504(b)(1)(iii) provides, in relevant part, for an exemption from registration where the offers and sales in question take place "exclusively according to state law exemptions from registration that permit general solicitation and general advertising …".

[3] Barone has not been authorized to iterate official statements of Commission policy or decisions pursuant to 15 U.S.C. §78d-1. Only when the Commission so designates such a person can that person officially speak on behalf of the Commission. Moreover, Barone's non-public communications with the public do not even rise to the level of SEC No-Action Letters, which are informal communications between members of the public and the SEC's staff (but not the Commission itself), and which are publicly available. *See, New York City Employee's Retirement System v. SEC*, 45 F.3d 7, 13 (2d Cir. 1995) ("[N]o-action letters are nonbinding statements of the SEC's intent not to prosecute a potential rule violations; they do no oblige or prevent action by the SEC, the parties, or the courts. [citations omitted]").

Honorable Judith C. McCarthy
February 10, 2016
Page 3

                                        Respectfully submitted,

                                        Kevin P. McGrath
                                        Senior Trial Counsel

cc. (via email and ECF):      Benjamin S. Fischer, Esq.
                              Devin Cain, Esq.