

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
KEVIN P. MCGRATH
(212) 336-0533
Mcgrathk@sec.gov

August 23, 2017

<u>BY ECF and UPS OVERNIGHT</u>

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, N.Y. 10601-4150

    Re:    <u>SEC v. Edward Bronson et al.
                12-CV-6421 (KMK) (S.D.N.Y.)</u>

Dear Judge Karas:

      Plaintiff Securities and Exchange Commission respectfully submits this letter motion, pursuant to Federal Rule of Civil Procedure 54(b), to revise the Court's Order entered on June 8, 2017 (Dkt. No. 186) ("June 8 Order") to include the relief against Relief Defendant Fairhills Capital, Inc. ("FCI") that the SEC requested in its motion for summary judgment, namely the disgorgement of $610,000, plus $35,000 reflecting the value of a Mercedes Benz, that Defendants Edward Bronson and E-Lionheart Associates (collectively, "the Defendants") transferred to FCI without consideration in connection with their violations of Section 5 of the Securities Act of 1933 ("Section 5"), plus prejudgment interest thereon.

      As set forth in more detail in the SEC's Memorandum of Law in Support of its Motion for Summary Judgment, Bronson transferred $10,000 from E-Lionheart to FCI on December 20, 2010, and transferred $600,000 from E-Lionheart to FCI on February 10, 2011.  He also transferred title to a Mercedes Benz from E-Lionheart to FCI in December 2010.  Bronson testified that "there was no rhyme or reason" or "quid pro quo" for his decision to make these transfers other than his desire to move money from one entity to another. *See* SEC's Memorandum of Law in Support of its Motion for Summary Judgment (Dkt. No. 147) at 11-12; 22 (requesting disgorgement and prejudgment interest on these amounts); and SEC's Local Rule 56.1 Statement of Undisputed Facts ("SOF") (Dkt. No. 148) at ¶¶ 6; 225-227.

      In their Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, (Dkt. No. 156), Defendants advanced various arguments in opposition to the SEC's summary judgment motion.  However, their only response to the SEC's request for the above-relief as to FCI was the following footnote: "Should the Court find that the exemption applied and denies summary judgment as to ELA, clearly there is no grounds for finding unjust enrichment against Fairhills on Count II of the Complaint." *Id.* at 25, fn. 22.   Significantly,

however, Defendants and FCI did not dispute the facts set forth in the SEC's SOF regarding the transfer of monies and the Mercedes Benz to FCI. SEC's SOF at ¶¶ 6; 225-227; *see also* Defendants' Response to the SEC Local Rule 56.1 Statement (Dkt. No.154) at ¶¶ 6, 225-227. [1]

In its March 27, 2017 Opinion and Order ("March 27 Order") granting the SEC's motion for summary judgment, the Court rejected Defendants' arguments as to why they should be found not liable for violations of Section 5 and stated that it "grants the SEC's Motion for Summary Judgment." (Dkt. No. 178). The Court enjoined the Defendants from committing further violations of Section 5, barred them from trading in penny stocks, imposed civil penalties totaling $875,000 and ordered disgorgement and prejudgment interest in amounts to be subsequently determined after Defendants identified their transaction costs, which would be subtracted from Defendants' gross trading proceeds. *Id.* at 26-36. However, while the Court noted that the SEC was also seeking $610,000 and the value of automobiles from FCI because E-Lionheart transferred those amounts without consideration, *id.* at 29, and appeared to have granted the SEC's motion in its entirety, *id.* at 36, it did not specifically order any relief as to FCI in its March 27 Order.

In a letter dated May 17, 2017 (Dkt. No. 182), the SEC advised the Court that Defendants had failed to comply with the Court's Order to submit their transaction costs in the manner intended by the Court. The SEC submitted its evidence regarding Defendants' transaction costs, and also submitted a proposed Final Judgment based on the relief the Court had explicitly ordered in its March 27 Order and the guidance contained therein regarding the proper calculation of Defendants' disgorgement and prejudgment interest liability (Dkt. 182-1).

The Court ordered the Defendants to respond to this submission by June 5, 2017. Dkt. No. 184). On June 8, 2017, the SEC submitted a letter informing the Court that the Defendants had failed to respond to the submission and asking the Court to enter the proposed Final Judgment. Dkt. No. 185. The SEC noted in a footnote that the Court, in its March 27 Order, had referenced but not explicitly ruled on the SEC's requested relief as to FCI and requested clarification on "whether the Court has ordered the requested disgorgement as to the Relief Defendant, in which case the Commission will promptly provide the Court with a proposed Final Judgment as to that entity." *Id.* at 1, fn. 1

The Court's June 8 Order imposed the requested relief as to the Defendants but was silent as to the Relief Defendant.

---

[1] Although the Complaint contained a typographical error and referred to the vehicle as a 2011 Mercedes Benz SUV, the insurance documents from which the $35,000 value was derived, see Rodriquez Declaration at Exhibit A, refer to it as a 2010 Mercedes Benz SUV. There should be no dispute, however, that it is the same vehicle, given that Bronson admitted in his deposition and in his Response to the SEC's Local Rule 56.1 Statement that the Complaint's allegations that he transferred a Mercedes Benz SUV to FCI without consideration were correct.

Defendants and FCI subsequently filed a Notice of Appeal from the June 8 Order. However, because the claims as to FCI are still pending, the SEC believes that that judgment is not final and therefore not appealable.

Accordingly, the SEC respectfully requests that the Court enter a Final Judgment in the form attached hereto as Exhibit A which incorporates all of the relief the Court has already ordered as to the Defendants and imposes the requested relief as to FCI. That relief consists of the $610,000 in monies that it is undisputed the Defendants transferred to FCI, plus the reported $35,000 insurance value of the Mercedes Benz that Bronson transferred to FCI in December 2010, plus prejudgment interest thereon in the amount of $151,031.37, calculated as set forth in the accompanying Declaration of Doreen Rodriguez, for a total of $796,031.37. A Word version of the proposed Final Judgment has also been submitted to wpclerk@nysd.uscourts.gov.

The Court has jurisdiction to revise its June 8, 2017 Order to make the requested changes, notwithstanding the pending appeal, because, pursuant to Rule 54(b): "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Any claim by Defendants or Relief Defendants that the Court is deprived of jurisdiction because they have filed a notice of appeal is unavailing. That notice of appeal is defective because it was based on a non-final judgment, in that the Court's June 8 Order, "however designated, [ ] adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties," and the Court did not "expressly determine[] that there is no just reason for delay" as required by Rule 54(b) to make such order or judgment otherwise final. Any claim that this motion is untimely under FRCP Rule 59(e) is likewise unavailing because the SEC is not requesting that the Court "alter or amend" the June 8 Order against Defendants. The SEC is requesting the entry of judgment against FCI and, because the Court retains jurisdiction under Rule 54(b), is requesting that the Court issue a single final judgment that includes the relief imposed by the June 8 Order and a judgment against FCI. In any event, nothing prevents the Court from entering a separate judgment at this time as to the still open claims against FCI, if it determines that that would be more efficient or appropriate.

The SEC respectfully requests that the Court enter the proposed Final Judgment.

Respectfully submitted,

/s/ Kevin P. McGrath
Kevin P. McGrath
Senior Trial Counsel

Cc. (via email): Ahmed Massoud, Esq,

Honorable Kenneth M. Karas
August 23, 2017
Page 4

                                              Appellate Counsel for Edward Bronson
                                              E-Lionheart Associates, LLC and
                                              Fairhills Capital, Inc.
                                              Paul Rachmuth, Esq. via email

Case 7:12-cv-06421-KMK   Document 190   Filed 08/23/17   Page 5 of 5