**MASSOUD & PASHKOFF, LLP**
Attorneys At Law

1700 Broadway, 41st Floor
New York, NY 10019
Tel. (212) 207-6771

Ahmed A. Massoud, Esq.
E-Mail: amassoud@maspaslaw.com

August 24, 2017

Honorable Kenneth M. Karas
United States District Judge
 Southern District of New York
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601-4150

      Re:    SEC v. Edward Bronson et al.
                Case No.: 12-cv-6421 (KMK)

Honorable Judge Karas:

      We are the attorneys for defendants Edward Bronson and E-Lionheart Associates LLC, and relief defendant Fairhills Capital Inc., and respectfully submit this letter in opposition to the letter motion dated August 23, 2017 by Securities and Exchange Commission seeking a modification of the Final Judgment entered in this action on June 8, 2017. The basis for opposition to the plaintiff's motion are: (1) the motion is untimely; and (2) this Court has no jurisdiction to modify, amend or alter the Final Judgment.

      The dispositive facts are quite simple. On June 8, 2017, this Court entered a Final Judgment in the above referenced action. *See* Docket No. 186. On July 5, 2017, defendants filed a Notice of Appeal from this Court's Final Judgment. *See* Docket No. 189. Seventy-six (76) days *after* entry of the Final Judgment, and forty-six (46) days following the filing of the Notice of Appeal, plaintiff filed its motion seeking modification of the Final Judgment. *See* Docket No. 190 - 191.

      Fed. R. Civ. Proc. 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Therefore, plaintiff's motion is untimely, having been filed some seventy-six days *after* entry of the Final Judgment.

Honorable Kenneth M. Karas
August 24, 2017
Page 2

     Regarding this Court's jurisdiction to grant the relief sought by plaintiff, the United States Supreme Court has stated, in clear and unequivocal language, that the "filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See*, <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982).

     Inasmuch as the defendants filed a timely Notice of Appeal from the Final Judgment and the plaintiff failed to file its motion to modify said judgment within the time allowed therefor, this Court no longer has jurisdiction to amend, alter or modify the Final Judgment.

     Based on the foregoing, it is respectfully submitted that plaintiff's motion must be denied as a matter of law.

Respectfully yours,

Ahmed A. Massoud

AAM:oi
cc:    All counsel via e-filing

**MASSOUD & PASHKOFF, LLP**
Attorneys At Law