UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-v-

EDWARD BRONSON and
E-LIONHEART ASSOCIATES, LLC,
d/b/a FAIRHILLS CAPITAL,

Defendants,

-and-

FAIRHILLS CAPITAL, INC.,

Relief Defendant.

No. 12-CV-6421 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

In an Opinion & Order ("Opinion") dated March 27, 2017, the Court granted summary

judgment in favor of the United States Securities and Exchange Commission ("SEC"). (*See* Op.

& Order 36 (Dkt. No. 178).)

On May 17, 2017, the SEC filed a letter informing the Court that it "intend[ed] to file a

proposed final judgment on or before May 17, 2017 based on [the SEC's] disgorgement

calculations." (Letter from Kevin P. McGrath, Esq. to Court (May 17, 2017) 1 (Dkt. No. 182).)

The SEC's letter further stated

> Although the Court's March 27 [Opinion] noted that the SEC was also
> seeking disgorgement of $610,000 and the value of automobiles from the Relief
> Defendant, and the Court appeared to have granted the SEC's summary judgment
> motion in its entirety, the Court did not specifically reference the requested
> disgorgement from the Relief Defendant in its holdings or conclusion.
> Accordingly, the SEC respectfully requests clarification whether the Court has
> ordered the requested disgorgement as to the Relief Defendant, in which case the
> SEC will promptly provide the Court with a proposed Final Judgment as to that
> entity.

(*Id.* at 3 n.2.) In a memo endorsement dated May 17, 2017, the Court ordered "Defendant[s] to respond to [the SEC's] submission by June 5, 2017." (Dkt. No. 184.) Defendants did not respond.

In a letter dated June 8, 2017, the SEC requested that, in light of Defendants' failure to respond, "the Court enter the [SEC's] proposed Final Judgment." (Letter from Kevin P. McGrath, Esq. to Court (June 8, 2017) 1 (Dkt. No. 185.) The SEC again noted that "the Court did not specifically reference the requested disgorgement from the Relief Defendant in [the Opinion's] holdings or conclusion" and "request[ed] clarification whether the Court has ordered the requested disgorgement as to the Relief Defendant, in which case the SEC [would] promptly provide the Court with a proposed Final Judgment as to that entity." (*Id.* at 1–2 n.1.) The Court entered the Final Judgment on June 8, 2017, but it was silent as to the obligations of Relief Defendant. (*See* Dkt. No. 186.)

In a letter dated August 23, 2017, the SEC requested that "the Court enter a Final Judgment . . . which incorporates all of the relief the Court has already ordered as to . . . Defendants and imposes the requested relief as to [Relief Defendant]." (Letter from Kevin P. McGrath, Esq. to Court (Aug. 23, 2017) 2 (Dkt. No. 190).) In a letter response dated August 24, 2017, Defendants opposed the SEC's request, contending was "untimely" and that "this Court has no jurisdiction to modify, amend or alter the Final Judgment." (Letter from Ahmed A. Massoud, Esq. to Court (Aug. 24, 2017) 1 (Dkt. No. 192).) Defendants contend that pursuant to Federal Rule of Civil Procedure 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." (*Id.* (internal quotation marks omitted).) As to jurisdiction, Defendants argue that Defendants' timely filing of a Notice of Appeal from the Final Judgment, "'confers jurisdiction on the court of appeals and divests the district court of its

2

control over those aspects of the case involved in the appeal.'" (*Id.* at 2 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).)

As to the timeliness of the SEC's request to amend the Judgment, the Court notes that the SEC raised the issue regarding "whether the Court has ordered the requested disgorgement as to the Relief Defendant" on both May 17 and June 8, 2017, and offered to provide a proposed Final Judgment at that time. (*See* Dkt. Nos. 182, 185.) Thus, to the extent the SEC raised the request for a *third* time on August 23, 2017, any delay in addressing what was otherwise a timely request to amend the Judgment was no fault of the SEC.

With regard to jurisdiction, the Court agrees that generally, the "filing of [a] notice of appeal from [a] first judgment would terminate the district court's power to amend the judgment without leave of the Court of Appeals." *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990). However, where a "district court's purpose in amending its judgment [is] simply to clarify the court's intended disposition of the case," the "district court clearly has power to make this type of clerical correction." *Id.* Here, the initial judgment entered was not final because it was unclear as to the liability of Relief Defendant. "Consequently, [the] notice of appeal from this judgment was premature, and did not divest the district court of jurisdiction to amend the judgment." *Id.*; *see also Leonhard v. United States*, 633 F.2d 599, 609–10 (2d Cir. 1980) ("Once a proper appeal is taken, the district court may generally take action only in aid of the appeal or to correct clerical errors as allowed by the Federal Rules of Civil (or Criminal) Procedure."); *Arrowhead Capital Fin., Ltd. v. Seven Arts Entm't, Inc.*, No. 14-CV-6512, 2017 WL 3394604, at *6 (S.D.N.Y. Aug. 8, 2017) ("[I]t is well recognized that a district court retains power to perform certain functions in aid of an appellate court's jurisdiction notwithstanding the existence of an appeal. Here, determining the amount of reasonable expenses that were awarded

3

pursuant to the May 2 [o]pinion clarifies the [o]pinion's scope 'in aid of' [the] [d]efendant's

appeal therefrom." (internal quotation marks and citations omitted)).

Accordingly, for the reasons stated in the Court's Opinion & Order dated March 27,

2017, the Clerk of Court is respectfully directed to enter an Amended Final Judgment as follows:

It is hereby ORDERED AND ADJUDGED THAT

1. Defendants are permanently enjoined from violating § 5 of the Securities Act of 1933, 15 U.S.C. § 77e;

2. Defendants are permanently barred from participating in any offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock;

3. Defendants are jointly and severally liable for disgorgement of $9,355,271.79 and prejudgment interest thereon in the amount of $2,177,100.59;

4. Relief Defendant is liable for disgorgement of $645,000.00 and prejudgment interest thereon in the amount of $151,031.37, the obligation of which is joint and several with that of Defendants Bronson and E-Lionheart; and

5. Bronson is liable for a civil penalty in the amount of $150,000.00 and E-Lionheart is liable for a civil penalty in the amount of $725,000.00, pursuant to 15 U.S.C. § 77t(d).[1]

---

[1] As detailed in the Affidavit of Doreen Rodriguez, the SEC "identified three categories of transaction expenses": (1) brokerage fees in the amount of $127,257.74; (2) transfer agent fees in the amount of $10,696.50; and (3) monthly custodial fees charged to E-Lionheart by UMB Investment Services Group in the amount of $139,421.09. (Aff. of Doreen Rodriguez ("Rodriguez Aff.") ¶¶ 4–6 (Dkt. No. 183).) The sum of these amounts, $277,375.33, was then divided by 63—to represent the 63 securities issuers—to determine the pro rata transaction expense of $4,402.78. (*See id.* ¶¶ 7–8.) This pro rata figure was subtracted from the disgorgement amount. (*See id.* ¶ 8.) For four of the securities, Defendants experienced a net loss; that amount was thus subtracted from the disgorgement figure. (*See id.*) For the 59 securities for which Defendants netted a profit, the SEC calculated the prejudgment interest "starting at the month after the last sale of the security and ending on May 31, 2017." (*Id.* ¶ 9.)

Charts identifying the brokerage fees, transfer agent fees, and monthly custody fees are attached to the Affidavit of Doreen Rodriguez as Exhibits A–C. (*See* Rodriguez Aff. Exs. A–C.) Charts identifying the net profits and prejudgment interest calculations for each issuer are attached as Exhibits D and E. (*See* Rodriguez Aff. Exs. D–E.)

Defendants shall pay these amounts to the SEC within 14 days of the date of this Amended Final Judgment.[2]

It is further ORDERED AND ADJUDGED THAT, pursuant to Title 11, § 523 of the United States Bankruptcy Code, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Bronson, and any entity that is deemed his alter ego, under this Amended Final Judgment, is a debt for the violation by Bronson of the federal securities laws or any regulation or order issued under such laws, as set forth in Title 11, § 523(a)(19) of the United States Bankruptcy Code.

This Court shall retain jurisdiction of this Action for the purposes of enforcing the terms of this Amended Final Judgment.

SO ORDERED.

DATED:     August 25, 2017
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[2] Defendants are to contact the SEC for instructions on transmitting payment electronically or directly from a bank account, or paying by certified check, cashier's check, or United States postal money order.

5