

**NEW YORK
REGIONAL OFFICE**

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

# MEMO ENDORSED

February 5, 2021

**Via ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
              12-CV-6421 (KMK)

Dear Judge Karas:

      Plaintiff Securities and Exchange Commission (the "Commission") respectfully requests that the Court impose additional coercive sanctions on Defendant Edward Bronson ("Defendant") because he has again violated the Court's January 19, 2021 Contempt Order ("January 19 Order"). In particular, Defendant has not produced to the Commission complete financial records, documents and an accounting within two weeks as ordered by the Court. DE 223.

      As background, the Court's January 19, 2021 Order held Defendant in contempt and ordered him, among other things, to make a good-faith payment within a week from entry of the January 19 Order and "produce all financial records and other documents requested by the SEC-including records and documents for Dawn Bronson and V2IP-no later than two weeks from entry of this Order, along with a full accounting of all assets and income." DE 223. When Defendant failed to make the good-faith payment in a timely manner, the Court ordered Defendant to pay by January 29 and to file an affidavit explaining the delay (the "Affidavit"). DE 225, 227. Defendant filed the Affidavit on February 2nd. DE 228. Concerning the ordered document requests, the Affidavit states that: "[t]o the best of [Defendant's] knowledge, there are currently no unsatisfied document requests from the SEC." *Id.* ¶11.

      Defendant's claim, essentially that the productions for Defendant, Dawn Bronson and V2IP are complete, is inaccurate. First, Defendant has not produced documents "through the present" as the document request to Defendant and subpoenas to Dawn Bronson and V2IP, attached here as Exhibits A, B and C, respectively, required. Defendant last produced documents to the Commission around May 2020. Thus, at the very least, Defendant has not produced financial account statements for recent periods. Such current information is essential to the Commission's collection efforts.[1]

---

[1] Indeed, V2IP's current bank statement will reveal whether Defendant in fact needed to "work…diligently…to gather the funds" for the good-faith payment or whether they were

After entry of the January 19 Order, in emails attached here as Exhibit D, Commission counsel reminded Mr. Rachmuth that "the subpoenas and document request require production of documents through the present. Thus, current statements for financial institutions should be included in the production." Mr. Rachmuth did not dispute – or even address the Commission's statement. In addition, Defendant made *no* proactive effort to confirm that the Commission shared his understanding that there are no outstanding document requests before making this representation to the Court.

Second, the Bronsons' January 2020 document request and subpoena responses acknowledge that they did not produce all the documents the Commission sought.[2] Dawn Bronson declined to produce any documents pertaining to her sources of income, gifts received, loans received, certain transfers to her bank account, certain financial arrangements and her employment history. In his document request response, Defendant claimed that he had responsive documents for only one of the categories of documents the Commission sought. *See* Exhibit F. Although Defendant's second attorney produced more records, he did not complete the productions by any stretch, and has not produced documents since around May 2020.

Finally, Defendant has neither provided the accounting ordered by the Court nor explained his failure to do so. Thus, the Defendant has repeatedly violated the Court's January 19 Order. To quote the Court's January 28 Order, "Enough is enough." DE 225.

"The purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires of him." *Badgley v. Santacroce,* 800 F.2d 33, 36 (2d Cir.1986). Because Defendant has twice violated the January 19 Order, the Commission asks the Court to impose more coercive sanctions. The Court has suggested that it may incarcerate Bronson if he "violates *any* provisions of this Order." DE 223. While incarceration "is not an insignificant measure," it "is within the Court's authority and is a well-recognized method of coercing compliance with court orders." *Adams v. New York State Educ. Dept.*, 959 F. Supp. 2d 517, 520 (S.D.N.Y. Aug. 1, 2013); *SEC v. Bremont*, 2003 WL 21398932, *6 (S.D.N.Y. June 18, 2003).

---

readily available when due. DE 228 ¶4. Effectively deposing the Bronsons requires current information. If Commission counsel does not receive the documents well in advance these depositions, currently scheduled for February 24 and 25, the Commission may seek the Court's permission to delay them.

[2] Though it is not clear how Defendant can truthfully assert there are no outstanding document requests, Commission counsel respectfully asks the Court to order Defendant to identify the bates references for each category of documents Defendant claims he has provided for Defendant, Dawn Bronson and V2IP. As the Defendant changed law firms and produced some new documents by May 2020, they were not designated by person or entity and request. So even if the productions were complete, this exercise would be useful.

2

The Court has given Defendant every chance to comply with the January 19 Order – and warned of the potential consequences if he did not. Yet, he has not. Rather than comply, Defendant has now *twice* violated the Court's January 19 Order. Nothing short of incarceration may "produce compliance." DEs 223, 225; *SEC v. Durante*, 2013 WL 6800226, *14 (S.D.N.Y. December 19, 2013) ("No lesser coercive sanction [than incarceration] will produce compliance. Imposing fines on a defendant…who has failed to pay a multi-million dollar judgment is an exercise in futility."); *SEC v. Solow*, 682 F. Supp. 2d 1312, 1336 (S.D. FL. 2010) (ordering defendant incarcerated until he complies with the Court's order when the defendant "has had ample time to make efforts to (1) simply pay the disgorgement; (2) avoid taking steps that tie up his assets, or (3) take steps to unwind his assets and make a payment to the Registry of the Court.")

Besides coercion, "imprisonment has also an incidental effect….there is…a vindication of the court's authority." *Id.* at 443. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 443, 31 S. Ct. 492, 498 (1911). Thus, incarceration ensures the "integrity of the Court's orders." *Adams v. New York State Educ. Dept.*, 959 F. Supp. 2d 517, 520 (S.D.N.Y. Aug. 1, 2013) (finding incarceration necessary because of Defendant's "repeated and intransigent failures to make any payment on the Sanction and in the interests of protecting the integrity of the Court's orders.") If imprisoned, Defendant controls his release as he "'carries the keys to his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442, 31 S. Ct. 492, 498 (1911) (internal citation omitted).

For these reasons, the Commission asks the Court to impose additional coercive sanctions up to imprisonment on Defendant until he proves compliance with the Court's orders by providing a full accounting of assets and income and all financial records and documents sought by the Commission.

Respectfully submitted,
s/*Maureen Peyton King*

Mr. Bronson is to respond to this letter by 2/10/21.

So Ordered.

2/5/21

3