

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

New York
Regional Office

February 11, 2021

<u>Via ECF</u>
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

  Re: *U.S. Securities and Exchange Commission v. Bronson et al.,*
    12-CV-6421 (KMK)

Dear Judge Karas:

  Plaintiff Securities and Exchange Commission ("Commission") writes to seek the Court's permission to extend Edward Bronson and Dawn Bronson's deposition dates. As background, the Court held Defendant Edward Bronson ("Defendant") in contempt on January 19, 2021 ("Jan 19 Order"). The Jan 19 Order required that Defendant "produce all financial records and other documents requested by the SEC-including records and documents for Dawn Bronson and V2IP-no later than two weeks from entry of this Order, along with a full accounting of all assets and income." DE 223. The Court also ordered Defendant and Dawn Bronson to sit for depositions by February 26 unless the Commission sought to extend the deposition dates. *Id*.

  Defendant's deadline to provide an accounting expired over one week ago and he has failed to provide the Court-ordered accounting, nor any explanation for his failure to do so. Thus, Defendant continues to be in violation of the Court's order to provide the Commission with an accounting.

  Despite Defendant's assertions to the contrary, the document productions also remain overdue. Defendant's attorney affirmation does not try to explain what documents Defendant has provided. Instead, Defendant claims he did not know documents were outstanding. But the Commission requested Defendant's documents a year and a half ago. DE 229-1. The Commission subpoenaed Dawn Bronson's documents in August 2019, due in September 2019, and V2IP's documents in December 2019, due in January 2020. DE 229-2, 229-3. Yet many categories of documents were not produced. For example, Dawn Bronson's former counsel refused to produce several categories of her documents. The Commission noted this refusal in an exhibit to the Commission's request for sanctions filed on February 5. DE 229-5.

  Defendant knew that the Commission did not consider the productions complete – as the Commission so stated in its application for contempt: "It is clear from documents obtained by Commission counsel that Bronson has not been truthful in his responses to

the Commission's discovery. Furthermore, Commission counsel has not received document productions from V2IP or a complete production from D. Bronson." DE 203. In any event, the Jan 19 Order required Defendant to complete these productions within two weeks. DE 223. Between January 19 and today, Defendant produced some bank statements and mortgage and utility bills, which in no way fulfills his discovery obligations as set out in the document request, subpoenas or the Court's Jan 19 Order.

The Court afforded Defendant an opportunity to provide an accounting and to complete his document productions "to develop a more comprehensive picture of Bronson's financial condition…." The Court also ordered depositions of the Bronsons to help determine what Defendant can pay toward the Judgment. Without the accounting and required documents ordered by the Court, counsel for the Commission cannot adequately inquire into the true state of the Bronsons' financial condition at the depositions. As a direct result of Defendant's failure to provide critical documentary information, the Commission seeks the Court's permission to extend the deposition dates until Defendant produces the documents and accounting as required by the Court and the Commission has adequate time to review them.

        Respectfully submitted,
        s/*Maureen Peyton King*