

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

February 22, 2021

**Via ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
              12-CV-6421 (KMK)

Dear Judge Karas:

      Despite Defendant's claims to the contrary, Defendant continues to violate the Court's Order ("Jan 19 Order") by failing to produce documents and a *full* accounting. As background, the Jan 19 Order required Defendant to "produce all financial records and other documents requested by the SEC-including records and documents for Dawn Bronson and V2IP-no later than two weeks from entry of this Order, along with a full accounting of all assets and income." DE 223. The Commission filed its document request and the subpoenas on ECF. DE 229-1, 229-2, 229-3.

      Commission counsel has provided Defendant with *examples* of categories of missing documents including a request to V2IP for "[a]ll documents and communications between Edward Bronson and Voice2IP, Inc., its officer(s), agents or representatives." DE 229-3, request 2. Defendant claims that "[t]he only officer, agent or representatives of v2ip [sic] are and were Dawn Bronson and Edward Bronson" but insists that none of the 12,900 V2IP emails between them relate to V2IP's business. DE 236-2, 236-3. As the Bronsons' 2017 tax return reflects over $932,000 in income from V2IP, Defendant's claim that the owner and sole employee *never* emailed about business in 12,900 emails seems incredible. DE 205 Ex. 15.

      As to the Court ordered full accounting of assets and income, Defendant merely provided an unsupported statement of financial condition to the Commission. The accounting is as of February 12, 2021 but Defendant has not produced statements supporting numbers as of that date. This is particularly necessary where Defendant's accounts fluctuate significantly in a given month. And it is not clear whether the accounting considers personal expenses paid for by V2IP. Finally, the accounting raises questions. For example, it reflects a monthly income of around $6,500 including from

V2IP and an entity that the same accounting describes as "inactive" with an around $36 account balance. It is not clear from what accounts Dawn Bronson's income flows.[1]

To move forward, Commission counsel respectfully requests that for each category of documents sought at 229-1, 229-2 and 229-3 the Court order Defendant to state what documents he has produced (or that none exist) and that the production is complete or will be completed when he produces enumerated documents. If Defendant withheld any documents for privilege, Defendant should so state. Further, Commission counsel requests an *in camera* review of the V2IP emails that Defendant claims do not relate to V2IP's business. Finally, the Commission requests that Defendant produce a full accounting of all assets and income with documentary support for each computation and each amount as of the date of the accounting promptly.

Respectfully submitted,
s/*Maureen Peyton King*

---

[1] Commission counsel notes that a V2IP Wells Fargo statement Defendant produced references another V2IP account at Wells Fargo, -7131, for which it does not appear Defendant has produced at least current statements.