

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 19, 2020

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:   *U.S. Securities and Exchange Commission v. Bronson et al.,*
            12-CV-6421 (KMK)

Dear Judge Karas:

      I write to provide the names of four individuals (in addition to Defendant Edward Bronson ("Bronson") and Dawn Bronson) that the Commission wishes to question at the June 3 hearing in *SEC v. Bronson.*

      As background, the Court entered a Judgment against Bronson on June 8, 2017. The Judgment imposed a joint and several obligation on Bronson and his firm to pay: (i) disgorgement of $9,355,271.79 and prejudgment interest of $2,177,100.59 and (ii) on Bronson, his firm and a relief defendant to pay disgorgement of $645,000.00 and prejudgment interest of $151,031.37 ("Disgorgement Obligation").[1] DE 193. When Bronson failed to pay despite his ability to do so, the Court held Bronson in contempt. DE 223. As described more fully in the Commission's recent filing, Bronson has blocked the Commission's ability to learn about his assets and income by failing to produce all documents sought, providing an incomplete accounting, and raising questionable attorney-client assertions in response to Commission counsel's deposition questions. DE 240.

      On May 14, 2021, the Court scheduled a June 3, 2021 hearing to resolve the ongoing disputes about Bronson's production of documents and the status of his compliance with the Court's January 19, 2021 Order. DE 241. Among other things, the Court ordered the Commission to notify the Court of any witnesses the Commission wishes to call so that the Court may order them to appear. *Id*. Based on the foregoing, the Commission respectfully requests that the Court order these 4 individuals to appear at the June 3 Hearing: John Kellas, Stuart Krost, Chelsea Krost and Allen Tucci. A brief description of each proposed witness follows:

---

[1] Nearly all of the Disgorgement Obligation remains unpaid as Bronson has paid only $25,000 and post-judgment interest continues to accrue. Declaration of Maureen Peyton King ("King Decl.") DE 240-1 ¶4.

1. John Kellas.[2] In his deposition, Bronson identified Mr. Kellas (Dawn Bronson's father-in-law) as the individual who controls Top Knot, Inc. and Top Knot Inc. USA. As noted in the Commission's May 11 letter, DE 240, Bronson declined to answer questions in his deposition about the Top Knot entities, claiming attorney-client privilege. As Kellas purportedly controls these entities and is not an attorney, the Court and Commission can ask him about their operation and purpose.

2. Stuart Krost.[3] We believe Dr. Krost will be able to inform the Court and Commission about the nature of Bronson's V2IP business, Bronson's relationship to V2IP, and how Bronson profits from this entity. As detailed in the Commission's contempt application (DE 201), Dr. Krost transferred to Bronson's attorney and V2IP significant funds. He should be able to testify about the purpose(s) of these transfers and work Bronson performed. Additional documents obtained by Commission counsel suggest that Dr. Krost transferred another $2.5 million toward a Bronson Turks and Caicos project in mid-June 2019. *See,* Exhibits A, B. Dr. Krost should also be able to speak to other V2IP transactions including penny-stock transactions and at least one offering. *See,* Exhibits C, D.

3. Chelsea Krost. Dr. Stuart Krost's daughter also appears to have invested with Bronson through V2IP and may have information about these investments and in particular a distribution made to Bronson related to a transaction in London. *See,* Exhibit E, F.

4. Allen Tucci. Mr. Tucci served or serves as Bronson's long time attorney and should be able to explain the structure of control over the Top Knot entities, the nature of its work, and whether Bronson profits from these entities.[4] Among other things, Tucci authored an email identifying Bronson ("Ed") as having a company named "Top Knot Limited." Tucci explained that Bronson will fund a new account for Top Knot, Inc. USA "with proceeds from a line of credit that was extended to Ed's company (Top Knot Limited (Nevis))."[5] *See,* Exhibit B. Also, Mr. Tucci's law firm billing records reflect substantive work performed for Top Knot; entities formed for Bronson; and a knowledge of Bronson's business deals and interactions with third parties. *See,* Exhibits G, H.

---

[2] Commission counsel unsuccessfully sought deposition dates from counsel for Mr. Kellas on several occasions. *See,* Exhibit I (compilation of email requests).

[3] Commission counsel also unsuccessfully sought deposition dates from counsel for Dr. Krost and Chelsea Krost on several occasions. *See,* Exhibit J (compilation of email requests).

[4] The Commission will be prepared to show that the information it seeks from Mr. Tucci at the hearing is not protected by the attorney-client privilege.

[5] Top Knot Limited represents another category of documents that Bronson has failed to produce in response to the Commission's document request.

For these reasons, the Commission expects that these individuals have meaningful information about Bronson's ability to pay the Commission the over $11 million dollars in disgorgement and prejudgment interest he owes. Thus, the Commission respectfully requests that the Court order them to appear as witnesses for the June 3 Hearing.

Very truly yours,

s/ *Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel