PAUL A. RACHMUTH
ATTORNEY AT LAW
265 SUNRISE HIGHWAY, STE. 1515
ROCKVILLE CENTRE, NEW YORK 11570
TELEPHONE: (516) 330-0170     PAUL@PARESQ.COM     FACSIMILE: (516) 543-0516

May 27, 2021

VIA ECF FILING

Hon. Kenneth M. Karas,
United States District Court Judge
District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:   Securities and Exchange Commission v. Bronson *et al.* 12-cv-6421 (KMK)
      Response to SEC Letter Dated May 25, 2021 and Request for Additional Witness

Dear Hon. Karas,

I write the Court to point out the serious misstatements contained in the Securities and Exchange Commission's (the "SEC") letter dated May 25, 2021 (the "SEC Reply Letter") and request the Court direct additional witnesses to appear to provide evidence that will refute certain of the SEC's statements.

Response to the SEC Reply Letter

First, the SEC Reply Letter suggests that Mr. Bronson controls two previously undisclosed companies, North Caicos Resort Company, LTD and TVED, Ltd. their statements are far more than merely misleading. On March 7, 2021, Mr. Bronson produced documents detailing his (as yet unsuccessful) efforts to develop land in the Turks and Cacaos Islands ("TCI") on behalf of Voice2IP, LLC ("V2IP"). These documents included power point presentations for the North Cacaos Resort Company Ltd. and TVED Ltd. (the "TCI Companies") development projects.[1]

During both Mr. and Mrs. Bronson's depositions, the SEC asked about the TCI Companies. Both testified that Mrs. Bronson, along with two other parties, Tom Chu and Vanis Chung, owned the entities, which were established for the purpose of pursuing the North Caicos Resort development project and that the entities held no assets except maybe $500 in a bank account. Copies of the relevant pages from the Bronsons' depositions are annexed hereto as Exhibit 1.

---

[1] It should be noted, the "third party" who produced the documents cited by the SEC appears to be TVED, Ltd.'s counsel, who's information was disclosed in the Power Point presentations.

SEC v. Bronson *et al.* 12-cv-6421 (KMK)
Response to SEC Letter Dated May 25, 2021
May 27, 2021
Page 2 of 3

No financial information for the TCI Companies had been produced because none exists. As explained to the SEC during the depositions and at other times, those companies are not active. Even the documents cited by the SEC demonstrate that they were cashless entities that were attempting to assemble a land deal in TCI. The SEC's contention, therefore, that these companies point to Mr. Bronson's ability to pay $6 million in 90 days is just ludicrous. Rather, they demonstrate that Mr. Bronson has been trying to create land development companies that will, in the future, generate income that will pay the judgment.

The SEC Reply Letter further alleges that the Bronsons (and me through my affirmation) "fails to offer any evidence that [Mr.] Bronson cannot comply with the payment plan proposed by the Commission – essentially that Bronson pay half the judgment within 90 days and the balance including accruing interest in a year." This statement is also incorrect. The Bronsons have submitted thousands of pages of bank statements from every bank account they own. They have provided financial disclosure statements detailing their income and expenses. And while the SEC alleges that they failed to include contributions to household expense, the Bronsons testified that Mr. Kellas provide such support. (And the SEC has demonstrated they already have Top Knot, Inc. USA's bank account statements showing those contributions to household expenses.) Accordingly, the SEC has all the financial documents to <u>know</u> that Mr. Bronson cannot make the payments they are suggesting.[2]

Mr. Bronson firmly contends that none of the documents in his possession pertaining to Top Knot are responsive to the SEC's subpoena. Notwithstanding his contention, Mr. Kellas has waived privilege and has directed Mr. Bronson to produce all of Top Knot's financial records, including its bank and brokerage account statements. These documents have been provided to the SEC today. The documents support Mr. Bronson's prior statements that Top Knot does not now have cash to satisfy, or even make a material payment towards, the judgement amount. However, Top Knot has interests in companies that Mr. Bronson believes will be able to be used to make significant payments in the near future.

<u>Requests for Witnesses</u>

Mr. Bronson will need to call witnesses of his own to refute the inaccurate allegations made by the SEC, as follows.

1. <u>William Conway, Securities and Exchange Commission</u>
The SEC continues to allege that Top Knot is the owner of two bonds sold to it by Titan Securities. It makes this allegation despite knowing that the bonds are forgeries. The Bronsnons alerted Mr. Conway and the Federal Bureau of Investigations to the situation. Mr. Conway is a lead counsel on the Rivex litigation (SEC v. Gomes, *et al.* D.Ma 20-cv-11092), which is directly connected to individuals who issued the forged bonds. Mr. Conway can, therefore, testify as to the true status of the bonds.

---

[2] It should also be noted that the SEC somehow misconstrues Mr. Bronson's statement that he expects to begin earning money from his work for Top Knot to mean he owns Top Knot.

SEC v. Bronson *et al.* 12-cv-6421 (KMK)
Response to SEC Letter Dated May 25, 2021
May 27, 2021
Page 3 of 3

    2.    <u>Zoya Faessler, RBC Royal Bank (Bahamas)</u>

The SEC alleges that the Bronsons and TVED hold assets in TCI and have transacted business there.

Zoya Faessler is the RBC Royal Bank specialist who handled TVED LLC's account. She will be used to demonstrate that TVED never had more than $500 in its bank account and has never closed a transaction in TCI.

    3.    <u>James Bursey, Invest TCI</u>

James Bursey was the Chief Executive Officer of Invest TCI, the entity that is the TCI Government's gatekeeper for all investments in TCI. Mr. will be used to demonstrate that (a) Mr. Bronson never held himself out to be an owner of, or having control over, the TCI Companies. Rather, Mr. Bronson always acted as the TCI Companies' counsel. Mr. Bursey will also be used to demonstrate that the Bronsons and Top Knot never transacted business in TCI.

    4.    <u>Rex Messam, Engel & Voelkers</u>

The SEC is alleging that certain transactions occurred in the Turks and Caicos Islands. It uses Rex Messam's correspondences to bolster its position that the Brosons have assets in the Turks and Caicos Islands. Mr. Messam will be used to demonstrate that the Bronsons have no assets in TCI and have not closed any transactions relating to asset purchases there.

Respectfully Submitted,

Paul Rachmuth

Enc.