

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 28, 2021

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:    *SEC v. Bronson et al.,* 12-CV-6421 (KMK)

Dear Judge Karas:

    Plaintiff Securities and Exchange Commission respectfully opposes Defendant Edward Bronson's ("Bronson") request, in his sur-reply letter dated May 27, 2021 (D.E. 249, "Letter"), to call William Conway, a Commission attorney, to testify at the hearing scheduled for June 3, 2021. The Commission takes no position on Bronson's request that the Court direct three other witnesses to appear, as long as their appearance does not delay the hearing. The Commission also briefly addresses the other arguments in Bronson's submission, to the extent the Court considers them in the context of his sur-reply Letter.

**I.    The Court Should Not Order Mr. Conway to Appear at the Hearing, Because He Has No Personal Knowledge of Any Relevant Information.**

    Bronson asserts that Mr. Conway can testify to "the true status of" certain bonds—issued by Titan Securities ("Titan")—which Bronson claims are "forgeries." (Letter at 2.) Mr. Conway has no knowledge of that issue. Moreover, any such information he might possess would derive solely from his investigation as a Commission attorney, not from any personal knowledge of the underlying facts.

    Mr. Conway is an enforcement attorney in the Commission's New York Regional Office. In that role, he investigates potential violations of the securities laws and helps litigate Commission enforcement actions. While Bronson inaccurately alleges that Mr. Conway is a lead counsel on *SEC v. Gomes,* 20-cv-11092 (D. Mass.), he is not involved in that litigation and is not a counsel of record on the case.

    Even if Mr. Conway were counsel on that matter, he would have no personal knowledge regarding whether or not the bonds were "forgeries" (Letter at 2). *See* Fed. R. Evid. 602. As a Commission attorney, Mr. Conway could have obtained such information only from investigative sources — including subpoenaed documents and witness statements. *Cf. SEC v. McGinnis,* No. 5:14-cv-6, 2015 WL 13505396, at *6 (D. Vt. Jan. 13, 2015) ("Because in this case the SEC has no independent knowledge of the facts and the acts and omissions of its agents

Hon. Kenneth M. Karas
May 28, 2021
Page 2

are not at issue, the SEC has no obligation [to produce a Rule 30(b)(6) witness for a deposition].").

Furthermore, any conclusions an SEC investigative attorney may have reached about whether a set of bonds were "forgeries" would be protected by at least the attorney work product doctrine. *See SEC v. NIR Grp., LLC*, No. CV 11-4723 (JFB) (GRB), 2013 WL 5288962, at *5 (E.D.N.Y. Mar. 24, 2013) (denying motion to depose SEC litigation counsel and finding that, "[e]ven assuming that the SEC's analyses of the investigation and impending litigation…were relevant, such documents and determinations would be subject to protections under, *inter alia,* the attorney work-product privilege") (internal citations omitted); *cf. SEC v. Contrarian Press, LLC,* No. 16-cv-6964 (VSB), 2020 WL 7079484, at *3 (S.D.N.Y. Dec. 2, 2020) (overruling defendants' objections to the magistrate judge's decision granting the SEC a protective order where defendants had noticed a Rule 30(b)(6) deposition of the SEC and the deposition topics were "so closely tied to the specific evidence at issue in this litigation, the deposition risk[ed] revealing attorney work product or infringing on attorney-client privilege").

Finally, the issue Bronson raises regarding the Titan bonds is an ancillary one to the primary issues before the Court: Bronson's ability to pay and whether Bronson should escape sanctions now the Court has found Bronson in contempt and, in the Commission's view, Bronson has failed to comply with the Contempt Order.

The SEC therefore respectfully requests that the Court deny Bronson's request for an order directing Mr. Conway to appear and provide testimony at the June 3 hearing.

## II. The SEC Takes No Position on the Other Witnesses, If Their Appearance Will Not Delay the Hearing.

Bronson further seeks an order "direct[ing]" three other witnesses—at least two of whom appear to reside outside the United States and, therefore, outside the Court's jurisdiction—to appear at the July 3 hearing. (Letter at 1, 3.) Assuming the witnesses are in the United States, the Commission does not oppose an order directing them to appear and testify, as long as that would not delay the hearing.

## III. Bronson's Sur-Reply Makes Meritless Arguments.

First, Bronson misreads the Commission's reply letter (D.E. 244) regarding his failure to produce all requested documents. Bronson has produced no documents concerning the foreign bank account that he apparently controls. If he or his wife, Dawn Bronson, possess statements for this account, they should produce them. Regarding the two entities addressed in the Commission's reply letter and Bronson's Letter (Letter at D.E. 249), while the Bronsons have produced some documents, the Commission cannot determine whether they have produced all responsive documents, particularly if, as it appears, Bronson controls those entities.

Hon. Kenneth M. Karas
May 28, 2021
Page 3

    Next, Bronson claims he has demonstrated an inability to pay. As we explain in our reply letter, D.E. 244, he has not. Indeed, Bronson's failure to comply with the Commission's discovery requests further undermines the credibility of his position.

    As to the recent Top Knot production, it appears incomplete and does not support Bronson's claim that he cannot pay what the Commission proposes. To the contrary, Top Knot Inc. USA produced financial account statements showing that, as of April 2021, the company holds over $26 million in securities. Ex. 1 (excerpted). Top Knot Inc. also produced account statements showing its receipt of $2.3 million in deposits over the last 4 months. Ex. 2-5.[1]

    Respectfully submitted,

    s/ *Maureen Peyton King*

    Maureen Peyton King
    Senior Trial Counsel

cc:    All counsel of record (by ECF)

---

[1] These statements also show payments to the Provident Loan Society, where the Bronsons claim they pawned Dawn Bronson's jewelry, and vendors the Bronsons paid through V2IP, Inc., as described in the Commission's contempt application. D.E. 203.