UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
www.nysd.uscourts.gov

SECURITIES AND EXCHANGE
COMMISSION,
      Plaintiff,

  -v-                                             CASE NO. 7:12-cv-06421-KMK

EDWARD BRONSON and
E-LIONHEART ASSOCIATES, LLC,
d/b/a FAIRHILLS CAPITAL,
      Defendants,

  -and-

FAIRHILLS CAPITAL, INC.,
      Relief Defendants.

                                       X

## MOTION TO STRIKE AND/OR MODIFY COURT ORDER DATED MAY 28, 2021

      Dr. Stuart Krost and Ms. Chelsea Krost (individually by name and collectively as the "Krost Non-Party Witnesses"), by and through undersigned counsel, files this Motion to Strike and/or Modify (this "Motion") the Court Order dated May 25, 2021 (the "Revised Scheduling Order" at Document 251), and in support thereof, states as follows:

**INTRODUCTION**

      1.      On May 25, 2021, the Court entered an order (the "Scheduling Order" at Document 245) scheduling a Hearing for June 3, 2021 (the "June Hearing") pursuant to which the Krost Non-Party Witnesses as well as others (namely, John Kellas and Allen Tucci, the "Other Non-Parties") were directed to appear to deliver testimony.

      2.      Following various Letter Motions filed by the undersigned and counsel for the Plaintiff, Defendants the Krost Non-Party Witnesses and the Other Non-Parties, the Court entered

the aforementioned Revised Scheduling Order cancelling the June Hearing and resetting it for July 7, 2021 (the "July Hearing") and providing for Dr. Stuart Krost to appear Live and In-Person and for Ms. Chelsea Krost to testify remotely via phone or video.

3. The Krost Non-Party Witnesses now seek to Strike and/or Modify that Revised Scheduling Order.

**ARGUMENT**

**THE COURT LACKS PERSONAL JURISDICTION OVER THE KROST NON-PARTY WITNESSES**

4. The pending lawsuit involves a long-standing and on-going dispute between the Securities and Exchange Commission (the "SEC") and Edward Bronson (the "SEC/Bronson Litigation").

5. The Krost Non-Party Witnesses are uninvolved in the SEC/Bronson Litigation.

6. The Krost Non-Party Witnesses reside full-time in the State of Florida and are not located within or near the jurisdictional limits of the United States District Court for the Southern District of New York.

7. Notwithstanding the foregoing, the SEC has identified them as potential witnesses for pending hearings in this matter and has involved the Court in directing their appearance at the aforementioned July Hearing.

8. It is respectfully asserted that as such, the Court lacks personal jurisdiction over the Krost Non-Party Witnesses and therefore, under the present circumstances, cannot direct or order their appearance for Live or Remote Testimony in this proceeding.

9. State and federal courts have asserted broadly varied positions and tests regarding personal jurisdiction over non-party witnesses generally. Several state courts, for example, consider that due process limitations on personal jurisdiction applicable to a defendant do not apply

at all with respect to the court's subpoena power over a non-party. The majority of federal courts that have considered the issue, however, have sought to formulate some sort of minimum contacts due process test for personal jurisdiction over a non-party for subpoena enforcement purposes.

10. The Fifth and Fourteenth Amendments of the U.S. Constitution guarantee due process to "persons," not "parties," and so non-party witnesses are not apparently excluded from those thus protected. Moreover, the Due Process Clause "is the only source of the personal jurisdiction requirement…." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 n.10 (1982). It gives a "degree of predictability to the legal system" so as to enable persons to anticipate where their conduct will render them subject to legal process. *Cf. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). There is no obvious reason why the same foreseeability/fairness consideration should not apply with respect to personal jurisdiction over a non-party concerning discovery.

11. Based on the foregoing, the Krost Non-Party Witnesses ask the Court to Strike the Revised Scheduling Order and cancel the July Hearing insofar as it seeks testimony from the Krost Non-Party Witnesses.

**IF THE COURT DOES HAVE PERSONAL JURISDICTION OVER THE KROST NON-PARTY WITNESSES, THEY (AND THEIR ATTORNEY) SHOULD BE PERMITTED TO APPEAR REMOTELY BY PHONE OR VIDEO**

12. Notwithstanding the foregoing, should the Court decline to grant the Motion to Strike, it is respectfully requested that the Court reconsider the requirement that Dr. Krost (and his counsel) be required to appear Live and In Person for the July Hearing and that they instead be permitted to appear Remotely By Phone or Video alongside Ms. Krost (whose remote participation has already been approved).

13. Dr. Krost and his counsel request this accommodation for the following reasons:

      a. **Covid Concerns:** While COVID infection numbers continue to decline, there remain serious health-related concerns involving travel, particularly here, where air travel and overnight hotel accommodations would be required. The situation is more serious because Ms. Krost is pregnant, and therefore, any travel by Dr. Krost would potentially limit any time he would be able to spend with his daughter, her family and his soon-to-be born grandchild following any travel to and from New York. The undersigned as counsel for the Krost Non-Party Witnesses has similar, but unrelated concerns about airplane and hotel travel to the New York metropolitan area.

      b. **Convenience, Scheduling and Cost:** This is one composite rationale for allowing Dr. Krost and undersigned counsel to appear Remotely by Phone or Video alongside Ms. Krost. Both Krost Non-Party Witnesses and their undersigned counsel are located here in Florida, and Ms. Krost is already being permitted to participate Remotely by Phone or Video. Based on this, it would be far more convenient for all involved to participate Remotely by Phone or Video from one (1) location here in Florida. It would likewise be helpful in scheduling and reducing costs for all involved.

14. Based on the foregoing, it is respectfully requested that if the Hearing is to go forward with participation by the Krost Non-Party Witnesses, that Dr. Krost and the undersigned as counsel to both Krost Non-Party Witnesses be permitted to appear Remotely by Phone or Video alongside Ms. Krost.

**WHEREFORE,** it is respectfully requested that the Court Strike the Revised Scheduling Order to cancel the required appearance and participation of the Krost Non-Party Witnesses

outright based on lack of personal jurisdiction, or, in the alternative, to Modify the Revised Scheduling Order to permit Dr. Krost and counsel for the Krost Non-Party Witnesses to participate alongside Ms. Krost via Phone or Video rather than Live and In Person at the July Hearing, along with such other, further, and different relief as the Court deems just, proper, and equitable under the circumstances.

Dated: June 25, 2021

                              **KANIUK LAW OFFICE, P.A.**

BY: */s/Ronald Scott Kaniuk*
        Ronald Scott Kaniuk (FBN 0112240)
        1615 S. Congress Avenue, Suite 103
        Delray Beach, FL 33445
        Phone 561-292-2127
        **ron@kaniuklawoffice.com**