PAUL A. RACHMUTH
ATTORNEY AT LAW
265 SUNRISE HIGHWAY, STE. 1515
ROCKVILLE CENTRE, NEW YORK  11570
TELEPHONE: (516) 330-0170     PAUL@PARESQ.COM     FACSIMILE: (516) 543-0516

---

June 28, 2021

VIA ECF FILING

Hon. Kenneth M. Karas,
United States District Court Judge
District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:   Securities and Exchange Commission v. Bronson *et al.* 12-cv-6421 (KMK)
      Request for Reconsideration of Court's Order Dated May 28, 2021, or in the
      Alternative, Permission to Seek Interlocutory Appeal

Dear Hon. Karas,

Mr. Bronson respectfully requests that this Court reconsider its Order dated May 28, 2021, and direct key defense witnesses to appear at the July 7th Contempt Hearing. Failure to do so would violate Mr. Bronson's Constitutional right to due process as the Securities and Exchange Commission ("SEC") asks this Court to hold him in criminal contempt. Alternatively, if the Court does not direct the requested witnesses to appear, Mr. Bronson respectfully requests this Court grant him permission to seek an interlocutory appeal of its May 28, 2021, Order.

The SEC claims Mr. Bronson has failed to comply with this Court's Order on April 7, 2021, by failing to produce documents. In an effort to portray him as non-compliant, the SEC alleges Mr. Bronson is conducting business in the Cayman Islands and—through a company owned by his father-in-law—controls a $10 million note. See Docket Entries 240, 242. The July 7th Contempt Hearing will address the SEC's unfounded allegations.

The Court granted the SEC's request to call four witnesses to testify at the July 7th Contempt Hearing in its Order dated May 25, 2021. In contrast, the Court denied Mr. Bronson's request to call witnesses for his defense. In a letter dated May 27, 2021, Mr. Bronson requested the Court to direct four witnesses to appear at the Contempt Hearing to rebut the SEC's assertions and witnesses ("Witness Request"). The requested witnesses were: (1) William Conway, SEC Counsel; (2) Zoya Faessler, RBC Royal Bank (Bahamas); (3) James Bursey, Invest TCI; and (4) Rex Messam, Engel & Voelkers. As set forth in the Witness Request, Mr. Bronson has good and valid reasons to call the witnesses. In fact, the SEC's opposition to the Witness Request [Docket No. 252] reinforces Mr. Bronson's argument in that it concedes Mr. Conway has information directly relevant to the issue upon which he would be called.

Still, on May 28, 2021, the Court refused Mr. Bronson's request to call witnesses, writing: "Given the number of witnesses currently scheduled to testify at the July 7 hearing, the Court will decide

SEC v. Bronson *et al.* 12-cv-6421 (KMK)
Request for Reconsideration of Court's Order Dated May 28, 2021,
or in the Alternative, Permission to Seek Interlocutory Appeal
June 28, 2021
Page 2 of 2

whether to call additional witnesses following that hearing." This leaves Mr. Bronson unable to present witnesses to defend himself against the SEC's witnesses and accusations.

The SEC has repeatedly stated it wishes this Court to hold Mr. Bronson in criminal contempt. In a February 5th letter to the Court, the SEC wrote: "Nothing short of incarceration may 'produce compliance.'"

Accordingly, Mr. Bronson has the Constitutional right to present his case. *Int'l Union v. Bagwell*, 512 U.S. 821, 826 (1994) ("Criminal contempt is a crime in the ordinary sense…criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings.") The United States Supreme Court has repeatedly held that in a prosecution for contempt, due process requires "that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation." *Cooke v. United States*, 267 U.S. 517, 537 (1925). That includes the right to present witnesses. *In re Oliver*, 333 U.S. 257, 273 (1948).

Based on the clear Supreme Court precedent, Mr. Bronson respectfully requests this Court reconsider its ruling denying Mr. Bronson's request to direct the appearance of the witnesses set forth in the Witness Request. In the alternative, if the Court does not direct the requested witnesses to appear, Mr. Bronson respectfully requests this Court grant him permission to take an interlocutory appeal of its May 26, 2021 Order.

Respectfully Submitted,

Paul Rachmuth

CC: Securities and Exchange Commission (via ECF Filing)

Mr. Bronson's letter mischaracterizes the Court's ruling with regard to the July 7 hearing. The Court has NOT ruled that Mr. Bronson may not call any witnesses at the hearing, only that there will not be enough time to hear from these witnesses given the witnesses who already are scheduled to testify on July 7. That is why the Court indicated that it would take up the question of what additional witnesses would be testifying in this case. The Court knows full well that all parties are entitled to due process and it may be the case that the hearing will last multiple days. In the meantime, the Court reminds Mr. Bronson and his counsel of the obligation to follow the Court's orders, including those governing the production of certain materials.

So Ordered.

6/28/21