

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

June 28, 2021          **MEMO ENDORSED**

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
            12-CV-6421 (KMK)

Dear Judge Karas:

    I write to respond to the requests of Dr. Stuart Krost and Ms. Chelsea Krost (collectively "Krosts") to strike or modify the Court's Order for their testimony on July 7 ("July 7 Hearing"). DEs 254, 255. The Krosts argue that the Court lacks personal jurisdiction over them. Alternatively, the Krosts first argued that even if the Court has personal jurisdiction, Dr. Krost should be able to appear via phone or video alongside Ms. Krost. DE 254. The Krosts now ask that Ms. Krost be excused entirely from the hearing for a medical reason. DE 255. The Court should reject the Krosts' argument that it lacks jurisdiction; reject the request for witnesses to appear alongside each other; and substitute Ms. Krost's husband, Jordan Weinstein, for her appearance at the hearing.

    As background, the Court issued an order for Dr. Krost to appear in person at the July 7 Hearing and for Ms. Krost to appear remotely. The Krosts now seek to revisit the Court's decision.

    First, 15 U.S. Code § 77v(a), Jurisdiction of offenses and suit, conveys to the Court personal jurisdiction over the Krosts. It provides:

> The district courts of the United States…shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the <u>Commission</u> in respect thereto, and, concurrent with State and Territorial courts, except as provided in <u>section 77p of this title</u> with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter….In any action or proceeding instituted by the <u>Commission</u> under this subchapter in a United States district court for any judicial district, *a subpoena issued to compel the attendance of a witness or the production of documents or tangible things (or both) at a hearing or trial may be served at any place within the United States.* Rule

1

> 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure shall not apply to a subpoena issued under the preceding sentence....

(Emphasis added.) The Court is well within its rights to order the Krosts to testify at the July 7 Hearing. Thus, the Court should not excuse the Krosts' testimony, which the Commission expects will provide critical information about Mr. Bronson's income and assets.

The Krosts alternatively request that Dr. Krost be permitted to appear by phone or video "alongside" Chelsea Krost. The Commission defers to the Court on the in-person appearance of Dr. Krost based on the concerns he now claims. But the Commission strenuously objects to the request that the witnesses be able to appear alongside each other during their testimony. The witnesses should not be privy to each other's live testimony.

Finally, Ms. Krost now asserts she should not attend for a medical reason. The Commission respectfully suggests that if Ms. Krost is unable to appear that her spouse, Mr. Weinstein, who also appears to have knowledge about the transaction(s) in which they engaged appear instead of her. If there is concern about his being available in Florida, the Commission has no objection to his appearance remotely.

Respectfully submitted,
s/*Maureen Peyton King*

In view of the authority cited by the SEC, it is clear the Court has jurisdiction over the non-party witnesses ordered to testify on July 7.

Although the Court will excuse Chelsea Krost from testifying, her spouse, Jordan Weinstein, is ordered to testify instead.

Dr. Krost and Mr. Weinstein may testify remotely from Florida. They may **NOT**, however, testify alongside each other. All witnesses must be sequestered.

The Court will distribute teleconference information for the remote witnesses on Tuesday, July 6.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

July 1, 2021