**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,                    12 Civ. 6421 (KMK)

                    v.

EDWARD BRONSON, E-LIONHEART
ASSOCIATES, LLC, d/b/a FAIRHILLS CAPITAL,

                                        Defendants,

                    and

FAIRHILLS CAPITAL, INC.

                                        Relief Defendant.

<u>**NOTICE OF COMPLIANCE**</u>

1.      I, Edward Bronson, am a defendant in the above caption action and am fully familiar with the facts and circumstances set forth herein.

2.      I am in full and complete compliance with all outstanding discovery requests of the Securities and Exchange Commission (the "<u>SEC</u>") as directed by this Court's order dated April 7, 2021, to wit: Docket Nos. 229-1 (subpoena of me to produce documents), 229-2 (subpoena of Ms. Bronson to produce documents) and 220-3 (subpoena of Voice2IP, Inc. ("<u>V2IP</u>") to produce documents, collectively the "<u>Discovery Requests</u>")

**A.  <u>Documents Produced:</u>**

3.      In response to the Discovery Requests, I have made the following productions:

(a) The December 11, 2019 production (produced by Archer & Greiner, P.C.), which, while raising objections to the scope of certain requests, produced all responsive documents

to all requests with exception only to questions regarding Mrs. Bronson's income, financial transactions and education (229-2: #7-11) but did produce tax returns and bank records for Mrs. Bronson, V2IP and myself.

(b) Responses of Paul Rachmuth dated February 11, 2020 to the subpoena to him for non-privileged documents relating to Mrs. Bronson, V2IP and me and our business relationships and transactions, in which he produced all responsive documents in his possession.

(c) The April 13, 2020 document production, which produced a full financial statement for Mrs. Bronson and myself on the SEC's financial disclosure form, complete with bank account information showing all income received and all payments made, along with mortgage and school statements and outstanding loans.

(d) The May 6, 2020 document production, which produced documents in response to follow-up requests of the SEC, including bank account statements for Top Knot, Inc. ("Top Knot"), an entity originally formed by Mrs. Bronson and owned by John Kellas, Mrs. Bronson's father.

(e) The February 8, 2021 document production, which produced bank records for V2IP, Mrs. Bronson and her company, Baby China Products, LLC, along with a current mortgage statement and utility bill.

(f) The February 12, 2021 document production, which produced an updated financial statement for Mrs. Bronson and myself on the SEC's financial disclosure form.

(g) The March 7, 2021 document production, which included updated discovery responses to 229-1, 229-2 and 229-3 that indicated the specific documents in response to each request.  The only request to which an objection was raised and was not answered related to Mrs. Bronson's prior employment history, to which the information was subsequently provided.

(h) The April 11, 2021 document production, which provided certain bank account statements that had been unintentionally omitted from previous productions.

(i) The April 27, 2021 document production, which provided certain historical bank account statements that had been unintentionally omitted from previous productions.

(j) The May 27, 2021 document production, which provided all financial documents, including all bank and brokerage statements in my possession, custody or control relating to Top Knot.[1]

---

[1] The documents relating to Top Knot had initially been withheld under an asserted attorney-client privilege, which privilege was waived by Mr. Kellas on May 27, 2021,

B. **The Discovery Demands**

4.      The following sets forth the Discovery Demands along with the documents produced by Mrs. Bronson, V2IP and myself in response:

**229-1; Subpoena to Edward Bronson:**

5.      **REQUEST:**   Documents sufficient to show the ownership of, control over, or investment in, any entity or business by Bronson during the relevant period and the nature of the interest.

   **ANSWER:**
   (a)     December 11, 2019 production, which included tax returns for V2IP, Inc., Ardbeg LLC, Macallan Partners LLC and E-Lionheart Associates LLC.

   (b)     The schedules to Mrs. Bronson and my 2017 list all entities owned or controlled by either of us.  The only entity whose tax return was not provided, Deer Valley Management LLC, had no business activity during 2017 or since.  Other than V2IP, there has been no business no business activity in any of our companies since 2017.

   (c)     Though I maintain that documents relating to Top Knot are not responsive to this discovery demand, the May 27, 2021 production produced all financial documents relating to Top Knot in my possession, custody or control.

6.      **REQUEST:**  For each entity identified in request (1), documents sufficient to show the nature of its business activities and its revenues, expenses, assets, and liabilities during the relevant period.

   **ANSWER:**
   Same as above.

7.      **REQUEST**: Documents sufficient to show parties who owe Bronson more than $100.

   **ANSWER:** None.  No party owes me more than $100.

8.      **REQUEST**: Documents sufficient to show the identify of any person or entity holdings funds in excess of $100 to which Bronson has any right, ownership interest or claim.

   **ANSWER:** None.  No party holds funds in excess of $100 to which I have any right, ownership interest or claim.

9.      **REQUEST:** Documents sufficient to show an interest of any kind in any and all real property, whether foreign or domestic – held by Bronson at any point during the relevant period, including property which has been leased or rented, and all documents concerning

expenditure made during the relevant period pursuant to ownership of such real property, including any improvements made.

> **ANSWER:** None.  I do not and did not hold any interest in real property.

10.    **REQUEST:**  Documents sufficient to show Bronson's ownership interest of any kind in any and all personal property valued at more than $5,000, including property which has been leased or rented, including but not limited to automobiles, boats, airplanes, firearms, art, jewelry, clothing, watches, or other personal accessories.

> **ANSWER:** The April 13, 2020 and February 12, 2021 document productions, which contained detailed financial statements for Mrs. Bronson and myself, which included all of our assets and liabilities.

11.    **REQUEST:**  Documents sufficient to show ownership interest in, or control over, any bank account, brokerage account, or other financial account held by Bronson during the relevant period whether foreign or domestic.

> **ANSWER:** I do not and did not hold any interest in any bank account, brokerage account, or other financial account.  To the extent I am deemed to control the financial accounts of Mrs. Bronson or V2IP, such documents are produced in response to their subpoenas.  To the extent I am deemed to control the financial accounts of Top Knot, its financial accounts were produced on May 27, 2021.

12.    **REQUEST:**  Documents sufficient to show all income, expenditures, or transfers of cash or other assets of any kind exceeding $2,500 during the relevant period to or from any bank, credit card, brokerage, or other financial account controlled directly or indirectly by Bronson.

> **ANSWER:** I do not and did not hold any interest in any bank account, brokerage account, or other financial account.  To the extent I am deemed to control the financial accounts of Mrs. Bronson or V2IP, such documents are produced in response to their subpoenas.  To the extent I am deemed to control the financial accounts of Top Knot, its financial accounts were produced on May 27, 2021.

13.    **REQUEST:** All documents concerning any wire transfers of any amount during the relevant period to or from accounts held or controlled, directly or indirectly, by Bronson, to or from any account inside or outside of the United States controlled by any entity or individual, including Bronson.

> **ANSWER:** I do does not and did not hold any interest in any bank account, brokerage account, or other financial account.  To the extent I am deemed to control the financial accounts of Mrs. Bronson or V2IP, such documents are produced in response to their subpoenas.  To the extent I am deemed to control the financial accounts of Top Knot, its financial accounts were produced on May 27, 2021.

14.     **REQUEST:**  Documents sufficient to show all hours worked at Voice2IP, Inc. by Dawn Bronson.

**ANSWER:** None. No such documents exist.

15.     **REQUEST:**  All documents concerning any withdrawal of cash of more than $1,000 by Edward Bronson during the relevant period.

**ANSWER:** None.  I do not and did not hold any interest in any bank account, brokerage account, or other financial account.  To the extent I am deemed to control the financial accounts of Mrs. Bronson or V2IP, such documents are produced in response to their subpoenas.  To the extent I am deemed to control the financial accounts of Top Knot, its financial accounts were produced on May 27, 2021.

16.     **REQUEST:**  All Federal, State, and foreign tax returns filed by or on behalf of Edward Bronson for the relevant period.

**ANSWER:** Mrs. Bronson and my 2017 tax return was produced December 11, 2019.  The we have filed extensions for all years since 2017.

17.     **REQUEST:**  Documents sufficient to show all payments to any educational institution including the method of payment and the account from where the payment was made.

**ANSWER:**  Bank statements produced April 13, 2020 and February 8, 2021.  Our children are no longer attending private school and, therefore, no additional educational expense payments exist.

## 229-2; Subpoena to Dawn Bronson:

18.     **REQUEST:**  Documents sufficient to show all of your federal and state tax returns for the years 2011 through the present.

**ANSWER:**  Mrs. Bronson and my 2017 tax return was produced December 11, 2019.  We have filed extensions for all years since 2017.

19.     **REQUEST:**  Documents sufficient to show all of your financial account including bank and investment accounts held at any financial institution in the United States or abroad.

**ANSWER:**  The productions on April 13, 2020, May 6, 2020, February 8, 2021, April 11, 2021, and April 27, 2021 produced all bank statements for all accounts during the requested period.

20.     **REQUEST**: Documents sufficient to show all account statement for each of the accounts identified at (2).

**ANSWER:** Same as above.

21.   **REQUEST**: Produce all credit card statement in your name or held with another party for the period from January 2017 through the present.

**ANSWER:** None.  The Mrs. Bronson and I do not have any credit cards; the only charge cards they possess are bank debit cards, whose transactions appear on their bank statements.

22.   **REQUEST:**  Produce all documents concerning your interest(s) in real property including:

(i)   When acquired;
(ii)   All payments made toward the property;
(iii)  The sources(s) of funds used for the property: and
(iv)   Any property disposition and the consideration received.

**ANSWER:** The family residence at 1275 Fairhills Drive, Ossining, New York is the only real property owned by Ms. Bronson at any time during the relevant period.  All payments relating to the property (i.e. mortgage payments) are reflected in the bank statements.

23.   **REQUEST:**  Documents sufficient to identify all entities in which you held an interest.

**ANSWER:** December 11, 2019 production included tax returns of all entities.

24.   **REQUEST:**  Documents sufficient to show all:

(v)   Of your sources of income;
(vi)   Gifts you have received and from whom; and
(vii)  Loans you have received.

**ANSWER:**

(a)   Bank statements produced include all income, gifts and loans from all sources.
(b)   Included in the April 13, 2020 production was documents evidencing "pawn loans" from the Provident Loan Society against Mrs. Bronson's jewelry.

25.   **REQUEST:**  Documents sufficient to show the source of all fund transfers over $10,000 to your bank accounts.

**ANSWER:** Bank statements produced include all fund transfers.

26.   **REQUEST:**  All documents and communication concerning financial arrangements resulting in funds being transferred to you directly or indirectly.

6

**ANSWER:** Bank statements produced include all financial arrangements and transfers.

27.   **REQUEST:** All documents and communication concerning all assets transferred to you, the identity of the transferor, and the consideration paid for the transfer (if any).

**ANSWER:** Other than the bank statements produced, none exist.

28.   **REQUEST:**  Documents sufficient to show your employment history including:

    (i)     Employers;
    (ii)    Titles held;
    (iii)   Resume;
    (iv)    Hours worked and general work schedule;
    (v)     Compensation received; and
    (vi)    Employment contracts.

**ANSWER:** Information was provided in the March 7, 2021 production.

## 229-3; Subpoena to V2IP:

29.   **REQUEST:**   Documents sufficient to show the nature of services performed by Voice2IP, Inc. ("V2IP").

**ANSWER:**
(a)     December 11, 2019 production included V2IP's tax returns, bank statements, general ledger, cash disbursements, account analysis, cash receipts and general analysis.

(b)     The February 11, 2020 production included V2IP business transactional documents.

(c)     The April 13, 2020, February 8, 2021, April 11, 2021 and April 27, 2021 productions provided all of V2IP's bank statements.

(d)     The March 7, 2021 production included additional documents sufficient to show V2IP's recent business transactions, including documents relating to its (as yet unsuccessful) attempt to broker the building of an airport in the Turks & Caicos Islands.

30.   **REQUEST:**  All documents and communications between Edward Bronson and Voice2IP, Inc., its officer(s), agents or representatives.

**ANSWER:** No documents in my possession, custody or control responsive to this request.  On April 30, 2021 I provided the Court for *in camera* review all correspondences between myself and Mrs. Bronson.

31.     **REQUEST:** Documents sufficient to show all amounts Voice2IP, Inc. has paid to or on behalf of Edward Bronson.

> **ANSWER:** The April 13, 2020, February 8, 2021, April 11, 2021 and April 27, 2021 productions provided all of V2IP's bank statements, which show the payments by V2IP for household expenses, which directly or indirectly benefitted me.

32.     **REQUEST:** Document sufficient to show identity and address of all persons and entities who have paid Voice2IP, Inc. for any service.

> **ANSWER:** All bank statements have been provided.

33.     **REQUEST:**  Documents sufficient to show all services Edward Bronson has rendered on behalf of Voice2IP, Inc.

> **ANSWER:** February 11, 2020 and March 7, 2021 productions included business transactional documents for V2IP.

34.     **REQUEST:**  Documents sufficient to show all connections between Macallan Partners and Voice2IP, Inc.

> **ANSWER:** None.

35.     **REQUEST:**  Documents sufficient to show all personal expenses Voice2IP, Inc. paid for Edward Bronson, his wife and/or children including, but not limited to the nature and amount of the expense.

> **ANSWER:** All payments made by V2IP are included in its bank statements, which have been produced.

36.     **REQUEST:** Documents sufficient to show all hours worked at Voice2IP, Inc. by Edward Bronson.

> **ANSWER:** None.

37.     **REQUEST:**  Documents sufficient to show all hours worked at Voice2IP, Inc. by Dawn Bronson.

> **ANSWER:** None.

38.     **REQUEST:**  Documents sufficient to show services rendered for Voice2IP, Inc. by Dawn Bronson.

> **ANSWER:** None.

39.     **REQUEST:**  Documents sufficient to show all employees of Voice2IP, Inc.

**ANSWER:** None.

The foregoing statements are true and accurate to the best of my knowledge after due inquiry.

Respectfully Submitted,

Edward Bronson