

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

July 2, 2021

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:   *U.S. Securities and Exchange Commission v. Bronson et al.,*
            12-CV-6421 (KMK)

Dear Judge Karas:

      I write in response to Defendant Edward Bronson's ("Bronson") claim that he is in "full and complete compliance with all outstanding discovery requests." DE 262. Bronson is not, in fact, in complete compliance with all outstanding discovery requests. Bronson has repeatedly claimed he has produced all relevant documents when he has not. DE 238. Moreover, Bronson's accounting remains inaccurate. For these reasons, the Court ordered a hearing for July 7, 2021 ("July 7 Hearing"). The July 7 Hearing remains necessary to address these issues. The Commission addresses below some of the inaccuracies in Bronson's Notice of Compliance, DE 262 ("Notice").

      First, Bronson addresses "Top Knot, Inc." ("TKI"), which he states was formed by Dawn Bronson but owned by her father, John Kellas ("Kellas") in the Notice. DE 262, A.3(d). Bronson misleadingly "maintain[s] that [although] documents relating to Top Knot are not related to this discovery demand, the May 27, 2021 production produced all financial documents relating to Top Knot in my possession, custody or control." DE 262 B.5(c). Top Knot documents are responsive to the discovery demand because Bronson effectively controls or owns at least 3 Top Knot entities.

      The Notice ignores all but TKI – though Bronson has belatedly produced some documents related to Top Knot Inc. USA ("TKU"). DE 262, A.3(d). The Commission understands that (i) Top Knot Inc. (Nevis) ("TKI") is owned by Bronson's wife, Dawn Bronson; (ii) TKU was owned by Dawn Bronson first, and then her father, Kellas; and (iii) Top Knot Limited ("TKL") is owned by Bronson. Exs. 1, 2 (TKI); Exs. 3, 4 (TKU); Ex. 5 (TKL). [1] Commission counsel also identified more Top Knot, Inc. and Top Knot,

---

[1] Commission counsel separately issued document subpoenas to TKI and TKU but has not received a response from either entity. Exs. 11-12. While Bronson recently produced some documents for TKI and TKU, Commission counsel does not believe such production to be complete because documents such as financial statements, documents relating to sources of income, and communications have not been provided.

Inc. USA entities in Delaware. Exs. 6, 7. It is yet unclear whether these entities are tied to the Bronsons.

In their depositions, the Bronsons essentially admitted that Bronson performs work for Top Knot entities. For example, Dawn Bronson testified that "Ed does the work and I'm not involved with the daily." Ex. 8, Tr. 38. Bronson acknowledged that for TKI he was "reviewing investments and trying to structure transactions" based on "opportunities which utilized [his] unique ability to structure transactions on a credit basis." Ex. 9, Tr. 45-47. Bronson stated that TKU had "a target investment thesis, and a U.S.A. specific thesis." *Id*. at 117. Bronson went as far as admitting:

> we are not denying that I work for Top Knot or I've worked for Top Knot, Inc. or Top Knot, Inc. USA and assisted them. We're not denying that I work for V2IP or I've worked for them in the past and helped them. That's my only source of income, is when I get paid when I assist them. We live in a house together. All right? We work together. *You want to address some of that income to me? Go ahead.*

Ex. 9, Tr. 53 (emphasis added).

> If you want to address income that my father-in-law earns to me, we're happy to discuss that. All right?

Ex. 9, Tr. 54-55.

It appears that Bronson controls TKI and TKU but holds them in his family members' names. Bronson points to no substantive transactional work performed by anyone but himself for TKI or TKU– nor anyone with – in his view - his unique capability. Ex. 9, E.g. Tr. 45-47. TKU's May 31, 2021 securities account statement reflects holdings of $45 million. Ex. 10 (excerpt).[2] Dawn Bronson testified that she has not traded securities since 2016. Ex. 8, Tr. 46. Thus, through TKU, Bronson holds – and has held - more than enough assets to satisfy his disgorgement and prejudgment interest obligation to the Commission. As Bronson effectively controls TKI and TKU, he should make complete productions for them pursuant to the Commission's document request. What's more, given Bronson's role in TKU, the Court should – as Bronson suggests – "address" income to him – as well as assets - to satisfy the outstanding disgorgement and prejudgment interest.

Bronson has also not provided documents for TKL including details of TKL's credit line. In an email dated June 19, 2021, Bronson's own attorney, Tucci, wrote to a third party that Bronson "will be funding a new account in the US for

---

[2] The statement shows that most of TKU's assets are penny stocks. Bronson has a bar from participating in any offering of penny stock pursuant to the Judgment. DE 186.

2

Top Knot, Inc. USA, a company that is wholly-owned by Dawn Bronson, with proceeds from a line of credit that was extended to Ed's company (Top Knot Limited (Nevis))." Ex. 5. Thus, Bronson should provide complete documents about TKL including its line of credit.

Commission counsel also notes that over the past several months, Bronson did not produce some documents until Commission counsel discovered and requested them. For example, Commission counsel specifically requested account statements related to a V2IP Wells Fargo savings account after noting a reference to it in another V2IP account statement. Commission counsel has also identified other entities for which it lacks information sufficient to say whether it has received all responsive documents. For example, TKI received transfers from Three Brothers Trading LLC and Seven Mile Securities. DE 252-2, 252-3. Such transfers suggest still more accounts about which the Commission may not have received information. Thus, it is not at all clear that Bronson has identified all responsive accounts.

Finally, the Notice does not address Bronson's failure to provide a complete accounting as the Court ordered. DE 238. TKI's Wells Fargo account statements include purchases for: pets, hair, nails, high-end retail, groceries and alcohol. *See e.g.* DE 252-2 through 252-5. It appears that Dawn Bronson admitted that TKI pays some of the Bronsons' household expenses. Ex. 8, Tr. 28-9. In addition, Bronson admitted TKU may pay some of the household bills directly. Ex. 9, Trs. 57-58, 81. Amounts entities pay for the Bronsons' expenses should be reflected in the Bronsons' accounting as income. They are not. DE 240-1, Ex. 4, p.5-6. In fact, the accounting discloses no income for Bronson. *Id*. And neither TKI nor TKU is listed as a source of income. *Id*. Thus, Bronson continues to violate the Court's Contempt Order. DE 223. Commission counsel is prepared to further address these issues through witness testimony at the hearing.

                                      Respectfully submitted,
                                      s/*Maureen Peyton King*