## ESCROW AGREEMENT

**THIS ESCROW AGREEMENT** (this "Agreement"), made as of November 16, 2016, by and among Stuart Krost, MD an individual residing at Delray Beach, FL ("Investor"), V2IP, Inc, a Delaware Corporation ("Company").

("V2IP") and Paul A. Rachmuth, as Escrow Agent (the "Escrow Agent").

WHEREAS, Investor is desirous of participating in investment opportunities that the Company has and will present to the investor, and as such Investor has agreed to place investment funds in into an escrow so as to participate in said opportunities (the "Agreement"). It is agreed that the Investor shall receive 30% of the "net" investment return for each opportunity that the Investor participates in.

When the Company is desirous of utilizing capital from the escrow account, it will notify Investor with a capital request and investor will inform the escrow agent to release the appropriate funds. All requests will be supported by the appropriate deal documentation. Investor shall receive a weekly reporting of investment performance which shall include a "screen shot" from the Companies trading account. The investor shall receive a monthly profit participation payment which shall occur on the last Friday of each Month.

WHEREAS, pursuant to the Agreement, Investor shall deposit in the escrow agents account for V2IP the initial sum of $100,000, (the "Investment"), which shall be held in escrow until all conditions precedent in the Agreement are satisfied or waived by the party to whom the benefit of such condition precedent runs; and

WHEREAS, notwithstanding that Paul A. Rachmuth acts as counsel to V2IP in this and other transactions, the parties wish him to act as Escrow Agent with respect to the Investment to be held pursuant to the Agreement.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements herein contained, and intending to be legally bound hereby, the parties hereto agree as follows:

1. **Escrow of Investment.** Simultaneously herewith, Investor shall deposit the Investment with the Escrow Agent.

2. **Disbursement of Capital.**

   (a) Upon joint written demand executed by both Investor and V2IP, Escrow Agent shall disburse the Consideration to the person or entity so designated.

   (b) Upon written demand by only one party, served on the Escrow Agent and the other party, Escrow Agent shall hold the Consideration for 10 business days (the "Holding Period"). If during the Holding Period, the non-demanding party commences

an action or otherwise seeks a determination of the disposition of the Consideration in a court having jurisdiction over the Agreement, Escrow Agent shall either retain the Consideration or deposit the Consideration with the Court. If no such action is commenced, Escrow Agent shall follow the instruction in the written demand.

3. **Escrow Agent.** Paul Rachmuth hereby accepts its designation as Escrow Agent hereunder and agrees to hold and disburse the Investment as herein provided. Escrow Agent shall not be liable for any acts taken in good faith, shall only be liable for its willful default or gross negligence, and may, in its sole discretion, rely upon the written notice, communications, orders or instructions given by the parties hereto. Escrow Agent's responsibility with respect to the Investment shall be to use its reasonable and diligent efforts to hold and to disburse the same in accordance with this Agreement. In the event of a dispute sufficient in the discretion of Escrow Agent to justify its doing so, Escrow Agent shall be entitled to tender the Investment into the court having jurisdiction over the Agreement, and thereupon to be discharged from all further duties under this Agreement. The Investor and V2IP hereby agree to indemnify and hold harmless Escrow Agent against any and all losses, claims, damages, liabilities and expenses, including, without limitation, reasonable costs of investigation and counsel fees and disbursements which may be imposed upon Escrow Agent or incurred by him in connection with its acceptance of this appointment as Escrow Agent hereunder or the performance of its duties hereunder including, without limitation, any litigation arising from this Agreement or involving the subject matter hereof; provided, however, that if Escrow Agent shall be found guilty of willful default or gross negligence under this Agreement, then, in such event, Escrow Agent shall bear all such losses, claims, damages and expenses. Escrow Agent shall be discharged from all further duties under this Agreement upon the disbursement of the Collateral as provided herein.

4. **Notices.** All notices required or permitted hereunder shall be in writing and shall be deemed effectively given: (a) upon personal delivery to the party to be notified, (b) when sent by confirmed facsimile if sent during normal business hours of the recipient, if not, then on the next business day, or (c) one (1) business day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All communications shall be sent to the addresses set forth in the signature blocks below.

5. **Miscellaneous.** This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and subject to the terms hereof, their respective successors, successors-in-title, legal representatives, heirs and assigns. All titles or captions of the paragraphs set forth in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof. This Agreement may not be assigned by any party hereto without the prior written consent of the other parties hereto. In the event of any litigation, dispute, or controversy between the parties under this Agreement, each party

SEC-RachmuthP-E-0005031

hereby agrees that the prevailing party shall have the right to collect and shall be awarded (i) its reasonable attorneys' fees, costs, and expenses incurred in connection with any such litigation, dispute, or controversy and (ii) interest, at the rate of 10% per annum, on any amounts not paid when due, from the other party. Time is of the essence of each and every provision of this Agreement. This Agreement is made and shall be performable in New York, New York, and shall be construed in accordance with the laws of the State of New York.

6.  **Counterparts**. This Agreement may be executed in as many counterparts as may be convenient or required and may be delivered by facsimile or electronic mail. All counterparts shall collectively constitute a single instrument.

[Signature Page Follows]

8

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the day and year first above written.

[INVESTOR NAME]:

By: _____

Stuart Krost, MD

Address: [REDACTED] ray Beach FL 33446

Telephone:

Facsimile:

Email:

V2IP Inc.

By: _____

Dawn Bronson

CEO

1275 Fairhills Dr.

Ossining, NY 10562

Telephone:

Facsimile:

Email:

9

SEC-RachmuthP-E-0005033

Escrow Agent

_____

Paul A. Rachmuth

265 Sunrise Highway, Ste. 62

Rockville Centre, NY 11570

Telephone: (516) 330-0170

Facsimile: (516) 543-0516

paul@paresq.com

SEC-RachmuthP-E-0005034