UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,     12 Civ. 6421 (KMK)

v.

EDWARD BRONSON, E-LIONHEART
ASSOCIATES, LLC, d/b/a FAIRHILLS CAPITAL

                                    Defendants

and

FAIRHILLS CAPITAL, INC.

                                    Relief Defendant.

## PROPOSED ORDER APPOINTING LIQUIDATOR

**WHEREAS** the Court entered a Judgment against Defendant Edward Bronson ("Bronson") and E-Lionheart Associates, LLC ("ELionheart");

**WHEREAS** the Court entered an Order requiring Bronson to make periodic payments toward satisfaction of that monetary relief;

**WHEREAS** Top Knot, Inc. USA ("Top Knot"), which holds UMB Bank N.A. account –168.1 ("UMB Account") agreed to contribute to those periodic payments, as necessary to ensure timely payment by Bronson;

**WHEREAS** the Court ordered the parties to propose jointly a liquidating trustee for the benefit of Top Knot ("Liquidating Trustee") to assist with the orderly sales of marketable securities in the UMB Account to timely fund those contributions (the "Designated Securities");

**WHEREAS** the Court entered an order concerning the liquidation, DE 272;

**WHEREAS** the parties jointly propose that the Court appoint Ryan Stumphauzer to serve as Liquidating Trustee;

**IT IS ORDERED** that **Ryan Stumphauzer** shall serve as Liquidating Trustee for the purpose of causing the sale of the Designated Securities in amounts and quantities sufficient to generate the proceeds necessary to timely satisfy the periodic payments ordered by this Court and the fees and costs associated with his appointment.

**IT IS ORDERED** that the Liquidating Trustee shall be authorized to and is hereby directed to liquidate the Designated Securities, subject to a daily trading limit for each issuer equal to 10% of the trading volume for the security on the last day on which OTCmarkets.com reported trading volume.

**IT IS ORDERED** that Top Knot and Bronson are hereby ordered and directed to take all reasonable efforts to cooperate with the Liquidating Trustee to facilitate his performance of all duties and obligations under this Order.

**IT IS ORDERED** that the Liquidating Trustee satisfy the amounts Bronson and ELionheart owe in the following order: (i) penalties and postjudgment interest thereon that Bronson owes; (ii) penalties and postjudgment interest thereon that ELionheart owes; (iii) all disgorgement, prejudgment interest and postjudgment interest thereon. The Liquidating Trustee shall contact counsel of record for the Commission for the amount of penalties and post-judgment interest due and owing. The Liquidating Trustee will pay these penalties to the Securities and Exchange Commission ("Commission") by any of the following means: Payment may be made electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://www.sec.gov/paymentoptions. The

Liquidating Trustee may also pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. The funds may be hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments must be accompanied by a cover letter identifying Bronson or ELionheart as the Defendant in this action, and the name of this Court and the docket number of this action and shall be credited on the date received by the Commission.

**IT IS ORDERED** that payment of all disgorgement, prejudgment and postjudgment interest thereon will be deposited into a Court's Registry Investment System account designated by the Clerk of the Court.

**IT IS ORDERED** that within ten (10) days of any liquidation, the Liquidating Trustee shall file a letter with this Court stating the amount of proceeds from the liquidation and the fees and expenses incurred in the liquidation. Such compensation and expense reimbursement shall be made from additional liquidated securities upon order of the Court.

**IT IS ORDERED** that Top Knot shall not liquidate, transfer, sell, convey or otherwise transfer the Designated Securities, except upon instructions from the Liquidating Trustee;

**IT IS ORDERED** that the Liquidating Trustee shall submit a final report of the securities liquidated and the proceeds generated, in a format to be provided by SEC staff, as well as an application for compensation and expense reimbursement. Such compensation and expense reimbursement shall be made from additional liquidated securities upon order of the

Court.

**IT IS ORDERED** that in the event the Liquidating Trustee decides to resign, the Liquidating Trustee shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Liquidating Trustee shall then follow such instructions as the Court may provide.

Dated: White Plains, New York

           , 2021

           _____
           UNITED STATES DISTRICT JUDGE