

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 15, 2021

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:   *U.S. Securities and Exchange Commission v. Bronson et al.,*
            12-CV-6421 (KMK)

Dear Judge Karas:

    I write to ask that the Court impose further sanctions on Defendant Edward Bronson for violating the Court-ordered payment schedule to satisfy the Commission's Judgment against him.

    As background, the Court entered Judgment against Bronson and ordered him to pay about $12 million. When Bronson failed to pay, the Court entered an Order holding Bronson in contempt for failing to pay the Judgment. DE 223. On July 9th, the Court held a hearing to address Bronson's compliance with the Court's Contempt Order. At the hearing, Bronson reached a payment plan agreement with the Securities and Exchange Commission ("Commission") which essentially requires Bronson to pay $1.1 million per month toward the Judgment. DE 272.

    The Court ordered Bronson to make his first $1.1 million dollar payment by August 13. DE 272. Bronson failed to make the payment timely. Bronson's counsel filed three proofs of payment on ECF: $200,000 dated August 13; $300,000 dated August 20; and $600,000 dated August 27. DE 276, 278 and 279. U.S. Treasury was unable to negotiate the August 27 check because of a lack of sufficient funds. Despite being required to *immediately* notify the Court and the Commission if he fails to make any payment in full by the due date, Bronson did not correct his proof of payment filing until around two weeks later and only after the Commission notified his counsel of the issue. What's more, Bronson has failed to file proof of payment for the $1.1 million dollars due on September 13. Bronson did not respond to Commission counsel's question concerning whether this payment would be made timely.

    As the Court is aware, a liquidation agent was appointed to facilitate making payments from a securities portfolio. Bronson, however, remained responsible for the payments regardless of any issue with liquidation. The liquidation agent has encountered delays in facilitating the liquidation. Since Bronson made the payment due in August, albeit untimely, he clearly has another source of income.

2

The Commission respectfully requests that the Court: (i) require Bronson to describe in detail the sources of funds for the $200,000 and $300,000 payments; (ii) require Bronson to submit all future payments by wire transfer to avoid any lag time in learning of delinquencies; and (iii) impose any appropriate additional sanctions for Bronson's failure to submit timely payments.

Respectfully submitted,
s/*Maureen Peyton King*

Mr. Bronson is to respond to this letter by 9/20/21 and should know that the Court is inclined to impose serious sanctions for Mr. Bronson's failure to follow the Court's Orders and his own agreement with the SEC. All options are being considered.

So Ordered.

9/16/21