Case 7:12-cv-06421-KMK Document 285 Filed 09/20/21 Page 1 of 3



MEMO ENDORSED

**DLA Piper** LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Ryan O'Quinn
Ryan.OQuinn@dlapiper.com
T 305.423.8553
F 305.675.0807

September 20, 2021

***Via CM/ECF***

Hon. Kenneth M. Karas
United States District Court
United State Courthouse
300 Quarropas Street, Chambers 533
White Plains, NT 10601-4150

**Re:** ***U.S. Securities and Exchange Commission v. Edward Bronson, et al.***
**Case No. 12-cv-6421-KMK**

Dear Judge Karas:

By letter motion dated September 15, 2021 [D.E. 282] (the "Motion to Compel"), the U.S. Securities and Exchange Commission's enforcement staff (the "SEC") requested serious new sanctions against Defendant Edward Bronson and moved to compel disclosure of the source of the funds paid to the SEC on Mr. Bronson's behalf pursuant to this Court's order [D.E. 272] (the "Order"). In response to the SEC's allegations and in compliance with this Court's Memo Endorsement entered on September 16, 2021 [D.E. 283], Mr. Bronson sets forth the following:

1. On August 17, 2021, the District Court ordered Mr. Bronson to make monthly $1.1 million payments toward satisfaction of a judgment that imposes almost $20 million dollars in sanctions, penalties and interests against the Defendants in this action.

2. A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir.1995).

3. Mr. Bronson has diligently attempted to comply in a reasonable manner. Since August 17, 2021, Mr. Bronson has worked diligently to source funds necessary to pay the court ordered periodic payments in a timely fashion. To that end, Mr. Bronson has paid $1.1 million dollars in penalties to the SEC, satisfying the penalty obligations of both Defendants. Mr. Bronson continues his diligent efforts with the goal of achieving compliance within the next 30 days.

Case 7:12-cv-06421-KMK Document 285 Filed 09/20/21 Page 2 of 3





4. Pursuant to this Court's Order, a liquidating trustee was appointed to assist with the sale of certain equity securities (the "Designated Securities") held by a third-party corporation ("Top Knot"). Mr. Bronson sought appointment of a liquidating trustee, in part, to prevent the "whip saw" effect of an SEC assertion that the existence of the Designated Securities constituted evidence of Bronson's ability to pay, while also asserting that their sale could be deemed a violation the Court's injunction against penny stock sales by Bronson. Mr. Bronson has cooperated with the Liquidating Trustee's appointment and initial efforts to liquidate the Designated Securities. However, to date the Liquidating Trustee has not been able to generate proceeds from the sale of the Designated Securities. Mr. Bronson remains hopeful that the Liquidating Trustee will be able to engage in sales, and any net proceeds will be used to further satisfy the payments due and owing.

5. "A contemnor may be excused from the burden of a civil contempt sanction if it lacks the financial capacity to comply; but the contemnor bears the burden of production in raising such a defense." *See Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004). To that end, the SEC seeks Court intervention to compel identification of the source of the $1.1 million paid to the SEC since the July 2021 hearing. However, Court intervention is not necessary, as the payments facially reflect that the funds were paid by Top Knot. As the SEC well-knows, separate and apart from the portfolio of Designated Securities, Top Knot (who is not a party to this litigation) engages in independent business activities, which do not involve the trading of penny stocks. Furthermore, the fact that a non-party entity contributed to the partial satisfaction of a judgment does not alter Mr. Bronson's personal "financial capacity to comply."

6. The SEC's letter further alleges that Mr. Bronson should be severely sanctioned for a purported failure to notify the SEC (and this Court) that the third payment was rejected by the U.S. Treasury. This assertion is misplaced, as Mr. Bronson was not aware that the U.S. Treasury rejected Top Knot's bank check until the SEC brought it to Mr. Bronson's attention through counsel. On that very same day, Top Knot re-transmitted the rejected payment by ACH transfer and Mr. Bronson filed an ECF notice that the payment was replaced by alternate form of payment. See [D.E. 281].

7. Mr. Bronson remains committed to compliance with this Court's Order, including compliance with the payment schedule established by this Court. Mr. Bronson is working diligently to achieve compliance as soon as possible, with a reasonable expectation that he will do so in the next 30 days. As with prior payments, Mr. Bronson will timely file a Notice of Payment to apprise the parties of the payment amount and method. As future payments will be made to the Court Registry, Mr. Bronson will work to avoid similar payment issues by seeking the use an ACH method of payment, if available.

Case 7:12-cv-06421-KMK Document 285 Filed 09/20/21 Page 3 of 3




Response Letter
September 20, 2021
Page Three

Due to the foregoing, Mr. Bronson respectfully requests that the Court deny the Motion to Compel. If the Court is inclined to hold a hearing, Mr. Bronson respectfully requests that this Court delay the hearing on this subject until after October 15, 2021 to allow Mr. Bronson to meet his obligations.

The SEC is to respond to this letter by 9/27/21.

So Ordered.

9/20/21

Very truly yours,

**DLA Piper LLP (US)**

Ryan O'Quinn
Chair, Miami Litigation Practice