Case 7:12-cv-06421-KMK Document 291 Filed 10/27/21 Page 1 of 2



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

**MEMO ENDORSED**

October 27, 2021

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:    *U.S. Securities and Exchange Commission v. Bronson et al.*,
            12-CV-6421 (KMK)

Dear Judge Karas:

    I write in regard to the Court's Order for the parties to appear on November 22 for a hearing concerning Defendant Edward Bronson's ("Bronson") claim that he lacks the financial capacity to comply with the Court's Order to pay make monthly $1.1 million payments. DEs 272, 290.

    Bronson's notice acknowledges that the burden of demonstrating a lack of financial capacity is his. *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004). Yet the notice provides no detail. The defendant's substantiation of his inability to comply with the Court's order must be made "categorically and in detail." *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000) (internal citations omitted). A defendant must demonstrate that compliance is "factually impossible." *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). And a court is not required to credit an alleged contemnor's "incredible" denials of an ability to pay. *Huber* at 10 (internal citations omitted). As the Court has ordered Bronson to provide proof of his lack of capacity, the Commission respectfully requests that Bronson provide all such proof by November 10th so that Commission counsel may review it and consider Bronson's claims before the hearing.

    At a minimum, the Commission respectfully requests that the Court also order Bronson to produce the documents requested in the motion to compel, DE 282, including the sources of funds for the $200,000 and $300,000 payments Bronson made. Commission counsel also requests that for the period from July 1 to the present, Bronson produce: (i) proof of all sources of income and the amount of that income; (ii) for all other funds received directly or indirectly the amount and source of those funds; (iii) proof of all expenses he claims for himself and his family; (iv) all amounts he has transferred to third parties; (v) documents reflecting all financial accounts for the Bronson family and every Top Knot entity and any other entity or person that pays

expenses for the Bronsons; and (vii) a current mortgage statement for the Bronsons' residence.

In addition, Commission counsel respectfully requests that witnesses ordered to appear last time, John Kellas, Dawn Kellas Bronson, Dr. Stuart Weinstein and Jordan Weinstein be again ordered to appear along with the liquidating trustee, Ryan Stumphauzer.

Respectfully submitted,
s/*Maureen Peyton King*

The discovery requests in this letter are entirely reasonable. Mr. Bronson is to produce all the materials and information listed herein by 11/17/21. No extensions will be granted. Failure to produce these materials could result in Mr. Bronson being found in contempt. The Court will conduct a hearing on 11/22, at 10:00. At a minimum, the witnesses listed herein must be prepared to testify.

So Ordered.

10/27/21

2