

DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Ryan O'Quinn
ryan.oquinn@dlapiper.com
T 305.423.8553
F 305.675.0807

**MEMO ENDORSED**

November 18, 2021

*VIA ECF*

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601

      Re:   ***Sec. & Exch. Comm'n v. Edward Bronson, et al.***
              **Case No. 7:12-cv-06421-KMK – Pre-Motion Letter**

Dear Judge Karas:

      In accordance with your Honor's Individual Practice Rule II(A), Defendant Edward Bronson respectfully requests permission to file an expedited Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60, subsections (b)(4), (5), and (6). Said motion was expressly discussed during the July 7, 2021 hearing in this matter. Undersigned counsel submits this letter to confirm permission to file as contemplated.

      Mr. Bronson intends to move for relief from the March 27, 2017 Final Order requiring him to pay disgorgement and enjoining him from violating Section 5 of the Securities Exchange Act of 1933 and barring him from trading in penny stocks. Recent binding Court precedent directly contradicts this Courts' Final Order. *See Kokesh v. Sec. & Exch. Comm'n*, 137 S. Ct. 1635 (2017) (holding that disgorgement as ordered by the SEC was punitive and not equitable); *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1940-41 (2020) (holding that district courts must analyze each purportedly equitable claim for relief to determine whether they are actually equitable in nature); *AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021) (holding that, in an analogous FTC statute, the court did not have broad equitable powers to order monetary relief based upon an equitable injunction statute). As a result of these recent decisions, the judgment against Mr. Bronson is void, subject to amendment based on extraordinary circumstances, and the remaining proper judgment against Mr. Bronson for civil money penalties has been satisfied in full.

      Mr. Bronson requests that he be able to file his Motion for Relief from Judgment on Friday, November 19, 2021 because this motion may be relevant to the contempt hearing scheduled for Monday, November 22, 2021.



November 18, 2021
Page Two

We appreciate your consideration in this matter and remain available to discuss at your convenience.

Respectfully submitted,

*/s/ Ryan D. O'Quinn*
Ryan D. O'Quinn

CC: All Counsel of Record by ECF

On October 27, 2021, the Court set a discovery deadline of 11/17/21 and a contempt hearing on 11/22/21, after Mr. Bronson repeatedly failed to comply with the Court's Final Order and with his own agreement with the SEC to make payments that have been due for over four years.  The discovery deadline has passed and apparently Mr. Bronson has failed (once again) to follow an order of this Court.  Today, which is the day after the discovery deadline, and just two business days before the hearing, the Court received a letter from counsel for two witnesses who were expected to testify at the hearing (Stuart Krost and Jordan Weinstein).  In this letter, counsel for these witnesses lodged several complaints about having to testify at the 11/22 hearing, including the unfounded claim that airline ticket prices were prohibitively expensive, and requested to adjourn the hearing.  The Court denied the request as untimely and on the merits.  The SEC subsequently filed a letter requiring Mr. Bronson to produce certain discovery at the hearing that he failed to produce by the 11/17 deadline.  The Court granted that request.  Then, after these two letters were filed and ruled on, and after business hours today, counsel for Mr. Bronson filed this letter seeking to file a Rule 60(b) motion to challenge the Court's 2017 Order by tomorrow (11/19).

The timing and sequence of the letters from Mr. Bronson's counsel and surrogates is troubling and transparent.  Both applications could have been made soon after the Court issued the scheduling order, but the lawyers who filed them waited until two business days before the hearing to file them.  If the Court's 2017 Final Order is void, as this letter asserts, then Mr. Bronson should have filed this letter weeks ago.   If Krost and Weinstein thought their testimony was irrelevant or unduly burdensome, then their lawyer also could have sought an adjournment weeks ago.  Instead, there has been a coordinated, last-minute effort to adjourn the contempt hearing.  So, the Court will make this clear:  The hearing is going forward on 11/22.  Dr. Krost should be prepared to to testify.  Mr. Weinstein should be prepared to testify.  Mr. Bronson is going to testify.  Mr. Bronson will produce the discovery materials he has been ordered to produce.  Once the hearing is over, there can be a discussion about a Rule 60(b) motion.

So Ordered.

11/18/21