

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

**NEW YORK
REGIONAL OFFICE**

November 19, 2021

BY ECF

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, N.Y. 10601-4150

  Re: SEC v. Edward Bronson et al.
    12-CV-6421 (KMK) (S.D.N.Y.)

Dear Judge Karas:

In light of the Court's Order this morning (DE 297), Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter opposing Defendant Edward Bronson's ("Bronson") letter request yesterday (DE 295, the "Letter") to file a motion for relief from the judgment pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(5) and 60(b)(6). When the Court addresses this issue after Monday's hearing, it should deny Bronson's request because any such Rule 60(b) motion would be meritless and untimely. If the Court nevertheless grants Bronson's request, the SEC respectfully requests that the Court allow the SEC three weeks to file its opposition to Bronson's motion.

## I. Relevant Background

In its Opinion and Order dated March 27, 2017, the Court granted summary judgment in favor of the SEC. (DE 178, "March 2017 Opinion"). The Final Judgment, entered on June 8, 2015 (DE 186), held Bronson and his co-defendant E-Lionheart Associates, LLC ("E-Lionheart") jointly and severally liable for disgorgement of $9,355,271.79 and prejudgment interest of $2,177,100.59 and imposed civil penalties of $150,000 on Bronson and $725,000 on E-Lionheart. The Final Judgment based the disgorgement amount on the net proceeds, deducting expenses, that Bronson received from his unregistered sales of stocks in violation of Section 5 of the Securities Act of 1933 ("Securities Act"). The Final Judgment further permanently enjoined Defendants from violating Section 5 and barred them from participating in any offering of penny stocks. On August 28, 2017, the Court entered an Order amending the Final Judgment (DE 193), ordering Relief Defendant Fairhills Capital, Inc. to disgorge $645,000 (the portion of the $9,355,271.19 in ill-gotten gains that Bronson diverted to Fairhills Capital) and pay prejudgment interest of $151,031.37, jointly and severally with Bronson and E-Lionheart. Bronson was the sole managing member of E-Lionheart (DE 178 at 2) and the President and owner of Fairhills Capital Inc. (*id.* at 4).

## II. The Final Judgment Is Consistent with Recent Supreme Court Precedent.

In his Letter, Bronson incorrectly claims that "[r]ecent binding Court precedent directly contradicts this Court's Final Order," and that as a result of three recent Supreme Court decisions—*Kokesh v. SEC,* 137 S. Ct. 1635 (2017); *Liu v. SEC,* 140 S. Ct. 1936, 1940-41

Hon. Kenneth M. Karas
November 19, 2021
Page 2

(2020); and *AMG Capital Mgmt., LLC v. FTC,* 141 S. Ct. 1341 (2021)—"the judgment against Mr. Bronson is void, subject to amendment based on extraordinary circumstances, and the remaining proper judgment against Mr. Bronson for civil money penalties has been satisfied in full." Ltr. at 1. In fact, the amended Final Judgment is consistent with all three Supreme Court decisions, as explained below.

In *Kokesh,* the Court held that a five-year statute of limitations applies to SEC claims for disgorgement. 137 S. Ct. at 1639. Here, the Court's March 2017 Opinion ordered Bronson to pay disgorgement only for unlawful proceeds obtained during the approximately three-year period before the SEC filed its Complaint—well within the five-year statute of limitations. *See* March 2017 Opinion (DE 178) at 29-32; Complaint (DE 1) (filed on August 22, 2012); Ex. 1 to Decl. of Doreen Rodriguez (DE 150) (calculating disgorgement based on stocks sold between August 2009 and September 2011). Thus, *Kokesh* provides no basis for a Rule 60(b) motion.

Next, in *Liu,* the Supreme Court reaffirmed a district court's authority to order disgorgement "that does not exceed a wrongdoer's net profits and is awarded for victims" under 15 U.S.C. § 78u(d)(5), which permits courts to award equitable relief in SEC enforcement actions, and held that courts have "flexibility to impose collective liability" in cases involving "concerted wrongdoing." 140 S. Ct. at 1940-41, 1945, 1949. The amended Final Judgment satisfies this standard. First, the Court's March 2017 Opinion required Bronson to pay only the profits from unregistered sales of stock and deducted Bronson's expenses. (DE 178 at 31-32; *see also* Final Judgment (DE 186 at 3)). Second, *Liu* "does not foreclose disgorgement" even if distribution to investors is infeasible. *See, e.g., SEC v. Westport Capital Mkts., LLC,* 2021 WL 2801626, at *9 (D. Conn. July 6, 2021); *SEC v. Laura,* 2020 WL 8772252, at *4 (E.D.N.Y. Dec. 30, 2020). Third, the Court's March 2017 Opinion made clear that Bronson and Lionheart engaged in concerted wrongdoing given that Bronson was the sole managing partner in E-Lionheart and engaged in his illegal scheme through it. (March 2017 Opinion (DE 178 at 2-8, 23)*; see, e.g., SEC v. Penn,* No. 14-CV-581 (VEC), 2021 WL 1226978, at *12-13 (S.D.N.Y. May 26, 2021) (denying Rule 60(b) motion and finding that the court's prior order holding an individual defendant, whose conduct and scienter had been imputed to entity defendants he controlled, jointly and severally liable with the entity defendants was "not in any way inconsistent with *Liu*"). Thus, *Liu* provides no basis for a 60(b) motion.

Finally, *AMG Capital Mgmt., LLC v. FTC,* 141 S. Ct. 1341 (2021)'s holding that the FTC statute authorizing injunctive relief did not authorize equitable monetary relief has no relevance to SEC claims brought under the Securities Act, particularly since *Liu* affirmed courts' authority to award disgorgement in SEC cases under 15 U.S.C. § 78u(d)(5).

### III.    A Change in Law Does Not Serve as a Basis to Vacate a Judgment.

Even if Bronson could articulate a valid argument why the judgment entered against him is not consistent with the recent Supreme Court precedent, it is well-settled that a change of law is not a basis to vacate a judgment under Rule 60(b)(4), (5) or (6).

"[F]inal judgments should not be lightly reopened," and Rule 60(b) relief from judgments is "extraordinary" and appropriate only in "exceptional circumstances." *Central Vt. Pub. Serv. Corp. v. Herbert,* 341 F.3d 186, 190 (2d Cir. 2003).

Rule 60(b)(4) provides that "on motion and just terms, the court may relieve a party… from a final judgment [or] order…[if] the judgment is void." A judgment is not void under Rule

Hon. Kenneth M. Karas
November 19, 2021
Page 3

60(b)(4), however, "simply because it is or may have been erroneous," but is void only where it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). This occurs "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Indeed, in an analogous case, the Second Circuit summarily affirmed the denial of a Rule 60(b)(4) motion where the defendants argued that the judgment was void in light of a change in law based on *Kokesh. SEC v. Boock*, 750 F. App'x. 61 (2d Cir. 2019).

Rule 60(b)(5) provides, in relevant part, for relief where the judgment has been satisfied, released, or discharged. The provision cannot apply here, as Bronson has not satisfied the disgorgement or prejudgment interest portion of the Judgment.

Rule 60(b)(6) is also unavailing. Rule 60(b)(6) provides for relief other than on the grounds specified in Rule 60(b)(1) through (5) based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is well-settled in the Second Circuit that a subsequent change in law is not a basis to vacate a final judgment under Rule 60(b)(6). *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016). The principle applies even where the intervening change in law is a Supreme Court decision. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005); *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir. 1986). For example, after the Supreme Court's decision in *Kokesh*, defendants in other SEC cases sought to vacate their judgments by arguing that courts had improperly included disgorgement for periods that predated the statute of limitations. Courts have declined to grant these Rule 60(b)(6) motions. *See, e.g., SEC v. Amerindo Investment Advisors Inc.*, 2017 WL 3017504, at *8 (S.D.N.Y. July 14, 2017) (finding no extraordinary circumstances where disgorgement included periods outside the statute of limitations); *SEC v. Radius Capital Corp.*, No. 11-cv-116 (JES), 2017 WL 3446912, at *3 (S.D. Fla. Aug. 11, 2017) (same). Courts have also properly declined to grant Rule 60(b) relief based on *Liu. See, e.g., SEC v. Penn*, 2021 WL 1226978 (S.D.N.Y. Mar. 31, 2021); *SEC v. Ahmed*, 2021 WL 916266 (D. Mass. Mar. 10, 2021).

## IV.    Bronson's Rule 60(b) Motion Would Be Untimely.

Motions for relief under Rule 60(b)(4), (5) and (6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c); *see also SEC v. Durante*, 641 F. App'x 73, 78 (2d Cir. 2016) (summary order denying motion for relief from disgorgement under Rules 60(b)(5) and (6) on timeliness grounds). Previous delays and bad-faith behavior by the movant are relevant to this analysis. *See Amica Mutual Ins. Co. v. Noel*, No. 16-cv-469, 2017 WL 2311857, at *1 (D. Conn. May 26, 2017). Here, there is no justification for Bronson's delay in raising these claims months or years after the relevant Supreme Court decisions were issued.

Accordingly, Bronson will not be able to establish a basis to vacate the final judgment in this case under Rule 60(b), and his request to file such a motion should be denied. If the Court nevertheless permits Bronson to file a Rule 60(b) motion, the SEC respectfully requests that the Court allow it three weeks to file an opposition brief.

Hon. Kenneth M. Karas
November 19, 2021
Page 4

Respectfully submitted,

/s/ Kevin P. McGrath
Kevin P. McGrath
Senior Trial Counsel
Securities and Exchange Commission

Cc. All Counsel of Record by ECF