

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

November 29, 2021

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:   *U.S. Securities and Exchange Commission v. Bronson et al.,*
            12-CV-6421 (KMK)

Dear Judge Karas:

    I write on behalf of the United States Securities and Exchange Commission ("Commission" or "SEC") regarding Dr. Stuart Krost ("Krost") and Jordan Weinstein ("Weinstein"), the witnesses who failed to appear at the Bronson contempt hearing on November 22. As the Court noted, Krost and Weinstein sought to be excused from the hearing in a letter filed on ECF on November 19, 2021. DE 298. The Court denied the witnesses' requests not to appear. Yet, the witnesses failed to attend the hearing. Thus, Krost and Weinstein violated the Court's Order to appear. Commission counsel informed the Court that the witnesses did not appear and the Court asked Commission counsel what sanction the Commission seeks. The Commission initially sought writs of body attachment. After Bronson testified, it became clear that Bronson had failed to meet his burden of showing a complete inability to pay the Court's Judgment. Therefore, Commission counsel informed the Court that it was withdrawing its request for writs of body attachment and instead requested a fine.

    At this point in the proceedings, however, since the hearing has now concluded, a coercive, civil remedy no longer appears to be appropriate as the witnesses cannot remedy their contempt. *See Int'l Union, United Marine Workers of Am. Bagwell*, 512 U.S. 821, 829 (1994) (holding that a fine announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance). Civil contempt sanctions are remedial and designed "to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). "The paradigmatic coercive, civil contempt sanction…involves confining a contemnor indefinitely until he complies with an affirmative command." *Int'l Union* at 828. *See also, Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc.* 369 F.3d 645, 657 (2d Cir. 2004) (noting that the "court has broad discretion to design a remedy that will bring about compliance") (internal citations omitted).

As the Court is aware, it can *sua sponte* use its inherent authority to find Krost and Weinstein in criminal contempt and impose sanctions. Contempt proceedings are sui generis and constitute an exercise of the power inherent in all courts to enforce obedience, "something they must possess in order properly to perform their functions." *Meyers v. United States*, 264 U.S. 95, 97 (1924) (citing *Bessette v. W.B. Conkey, Co.*, 194 U.S. 324 (1904)). Indeed, "[i]f a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911) (internal citation omitted).

18 U.S.C. § 401(3) authorizes a court to punish by fine or imprisonment, at its discretion, such contempt of its authority as, disobedience or resistance to its lawful writ, process, order, rule, decree or command. The elements of 18 U.S.C. § 401(3), are: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order. *United States v. Landerman et al.,* 109 F.3d 1053, 1068(5th Cir. 1992) (citing *Cooper v. Texaco,* 961 F.2d 71, 72 n. 3 (5th Cir. 1992)). As described above, each element may well be present here. The Court issued an order to appear, Krost and Weinstein sought relief from the Order and when the Court denied the relief, the witnesses still did not appear.

If a witness's conduct constitutes direct contempt, a court may find the witness in contempt and impose an appropriate sanction. "[D]irect contempts", i.e., those occurring in the court's presence, "may be immediately adjudged and sanctioned summarily." *Int'l Union,* 512 U.S. 821, 827 n.2. Federal Rule of Criminal Procedure 42(b) permits a court to "summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies….The contempt order must recite the facts, be signed by the judge, and be filed with the clerk."

Because the testimony of these witnesses is no longer necessary to the Commission, the Commission defers to the Court as to whether to find the witnesses in criminal contempt, and as to the appropriate sanction.

Respectfully submitted,
s/ *Maureen Peyton King*
*Judith Weinstock*
*Marsha Massey*