

**DLA Piper LLP (US)**
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Ryan O'Quinn
ryan.oquinn@dlapiper.com
T   305.423.8553
F   305.675.0807

February 18, 2022

*VIA ECF*

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601

      Re:    *Sec. & Exch. Comm'n v. Edward Bronson, et al.*
               Case No. 7:12-cv-06421-KMK – Pre-Motion Letter

Dear Judge Karas:

      In accordance with your Honor's Individual Practice Rule II.A, Defendant Edward Bronson respectfully requests permission to file an expedited, consolidated Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (b)(6) and Motion for Reconsideration of the Court's recent contempt orders.

      Mr. Bronson intends to move for relief from: the January 19, 2021 Contempt Order, which required a proposed payment plan (ECF No. 223); the November 24, 2021 Contempt Order delineating a payment plan for late 2021 and early 2022 (ECF No. 302); and the January 27, 2022 and January 28, 2022 Contempt Orders regarding failure to meet the payment requirements and directing that Mr. Bronson be taken into custody (ECF Nos. 318 and 321).

      As explained in Mr. Bronson's Rule 60 motion that challenges the underlying 2017 judgment, the judgment that Mr. Bronson owes is a money judgment because it imposes joint and several liability, it is punitive, and the money is not being returned to harmed investors. *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1948-49 (2020). Under Rule 69, "money judgment[s are] enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). The phrase "unless the court directs otherwise" is narrowly interpreted, *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 695-96 (S.D.N.Y. 2016) (citing *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997)), and generally limited to exceptional circumstances that are not present here. *Kerr v. Thomas*, No. 14-CV-9168, 2017 WL 485041, at *3 (S.D.N.Y. Feb. 3, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 1609224 (S.D.N.Y. May 1, 2017).



February 18, 2022
Page Two

Rule 69 does not expand the Court's jurisdiction to allow plaintiffs to attempt to collect money judgments using a district court's inherent equitable jurisdiction. *Aetna Cas. & Sur. Co.*, 114 F.3d at 349 n.4 ("[T]he size of the award and the difficulties in enforcing the judgment due to the location of the assets and the uncooperativeness of the judgment debtor are not the types of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution rather than by resort to the contempt power of the courts."); *see also* 13 J. Moore, *Moore's Federal Practice* ¶ 69.02 (3d ed. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996).

Accordingly, under Rule 69, district courts do not have the authority to enforce money judgments through the use of their civil contempt powers. *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1244-45, 1252-53 (11th Cir. 2020). As in *Escobio*, the disgorgement to be paid in this case is a "classic money judgment" because it "provides for a sum certain, non-contingent payment of money that the court found to be due and owing" and "does not provide the victims . . . with relief via the right to claim particular assets." *Id.* at 1253-54 (internal quotation marks and ellipses omitted). The disgorgement award against Mr. Bronson is a money judgment that falls beyond the Court's equitable contempt powers.[1]

Although *Escobio* is an Eleventh Circuit case, this well-reasoned opinion is persuasive authority that aligns well-established judgment-enforcement principles with the Supreme Court's recent binding opinions limiting the SEC's and FTC's authority to seek specific court-ordered relief. The Second Circuit has never been squarely presented with the arguments Mr. Bronson seeks to proffer here. In addition, the Second Circuit has expressed deep concerns about incarcerating civil defendants in efforts to collect money judgments. *Close-Up Int'l, Inc. v. Berov*, 411 F. App'x 349, 354 (2d Cir. 2010) (explaining that the United States has abolished debtors' prison in case where the appellant did not even challenge the permissibility of civil contempt sanctions to enforce a money judgment). Allowing full briefing will permit Mr. Bronson to challenge the SEC's repeated requests for contempt sanctions.

Mr. Bronson's challenge to the Court's ability to order and enforce contempt sanctions against him for a money judgment aligns with the arguments made in his Rule 60(b) Motion for Relief from Judgment of the Court's August 28, 2017 Final Judgment in this case. (*See* ECF 300.)

---

[1] On the other hand, civil contempt proceedings may be appropriate when the judgment is equitable and requires the defendant to engage in a "specific act," examples of which include conveying land or delivering a deed. *See* Fed. R. Civ. P. 70.



February 18, 2022
Page Three

The disgorgement order against Mr. Bronson is void and subject to amendment under Rule 60(b) because it is ultimately a legal, not equitable, judgment beyond the SEC's power to demand.[2]

Since Mr. Bronson is currently incarcerated, he requests the following expedited briefing schedule: Mr. Bronson shall file his motion within 7 days after the Court permits him to file it, the SEC shall file a response brief within 7 days of service of the motion, and Mr. Bronson shall file a reply brief within 3 days of service of the response.

We appreciate your consideration in this matter and remain available to discuss at your convenience.

Respectfully submitted,

*/s/ Ryan D. O'Quinn*
Ryan D. O'Quinn

CC: All Counsel of Record by ECF

---

[2] *See Kokesh v. Sec. & Exch. Comm'n*, 137 S. Ct. 1635 (2017) (holding that disgorgement as ordered by the SEC was punitive and not equitable); *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1940-41 (2020) (holding that district courts must analyze each purportedly equitable claim for relief to determine whether they are actually equitable in nature); *AMG Capital Mgmt., LLC v. F.T.C.*, 141 S. Ct. 1341 (2021) (holding that, under an analogous FTC statute, the court did not have broad equitable powers to order monetary relief based upon an equitable injunction statute).