

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

February 24, 2022

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:    *SEC v. Bronson et al.,* 12-CV-6421-KMK

Dear Judge Karas:

    The Securities and Exchange Commission ("SEC") respectfully requests that the Court deny Defendant Edward Bronson's ("Bronson") request for permission to file an expedited, consolidated Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(4) and (b)(6) and Motion for Reconsideration of the Court's recent contempt orders ("Motions"). DE 329.

    As background, this Court entered a Final Amended Judgment on August 28, 2017 ("Judgment") (DE 193) that required Bronson to pay disgorgement and prejudgment interest totaling $12.3 million. Bronson paid nothing for 4 years until the Court held him in contempt and imposed a payment plan. In January 2022, after Bronson had violated the payment plan order repeatedly, the Court incarcerated Bronson until he paid the January 2022 payment. DE 320. The Court released Bronson after he made the required payment, but re-incarcerated him two weeks later when he failed, without explanation, to make the February 13, 2022 payment. DE 326.

    Bronson's first 60(b) motion, filed on November 22, 2021, is fully briefed and before the Court. DEs 300, 305, 307. His request to file yet another 60(b) motion is duplicative and should be denied. In any event, for the reasons set forth in the SEC's opposition to his pending 60(b) motion, Bronson's request for 60(b) relief should be denied. DE 305. If Bronson seeks an expedited ruling on the pending 60(b) motion, the SEC takes no position on the Court's timing.[1]

    Bronson's request that he be permitted to file a motion for the Court to reconsider its recent contempt orders should also be denied. Bronson's arguments fail to distinguish between disgorgement and private debts, seek to impermissibly narrow the Court's

---

[1] For the reasons set forth in the Commission's opposition to Bronson's 60(b) motion, neither *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), nor *Liu v. SEC*, 140 S. Ct. 1936 (2020), foreclose the disgorgement award here; nor is the disgorgement award inequitable or beyond the Court's power to award.

equitable authority, and ignore or misconstrue relevant statutes, cases and well-established precedent. The Court's decisions are fully supported and reconsideration of the contempt orders is unwarranted.

Bronson incorrectly claims that the Court lacks authority to enforce the SEC's disgorgement judgment through contempt. As support, Bronson posits a narrow construction of FRCP 69(a)(1), which provides: "money judgment[s are] enforced by a writ of execution, unless the court directs otherwise." But Bronson relies only on inapt non-SEC cases and ignores the difference between adjudications of private debt and disgorgement as an equitable remedy in the public interest.

A key case Bronson cites explains the very difference between adjudications of private debt and disgorgement that he ignores. In *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC,* 172 F. Supp. 3d 691, 695-96 (S.D.N.Y. 2016), the court found that: "the otherwise clause [in FRCP 69(a)] should be read narrowly and limited to situations *where well established principles warrant such use.*" *Id.* at 695 (emphasis added). The *Ecopetrol* court then cites an SEC disgorgement case as an example of when contempt is appropriate. The Court observed that when "contempt is appropriately imposed for the violation of courts' orders to render payment, the reliefs are usually the kinds that are traditionally available in equity, *see e.g.,* … *S.E.C. v. Zubkis,* No. 97–CV–8086 (JGK), 2003 WL 22118978, at *7 (S.D.N.Y. Sept. 11, 2003) (disgorgement)." *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 697 (S.D.N.Y. 2016). Thus, the equitable remedy of disgorgement may be enforced through contempt.

Bronson's reliance on *CFTC v. Escobio*, 946 F.3d 1242 (11th Cir. 2020) also fails. The *Escobio* court found that a CFTC restitution order was akin to a private debt because the restitution was legal and not equitable. *Id*. at 1244-45. That is, the restitution was not "limited to the amount that the defendant wrongfully gained, rather than the amount the customers lost." *Id*. at 1254-55. Here, in contrast, the Court calculated Bronson's disgorgement based on the equitable principle of wrongful gain: E-Lionheart's net profits derived from its illegal resale of 353 tranches of securities it acquired from 63 issuers. *SEC v. Bronson,* 246 F. Supp. 3d 956, 975-76 (S.D.N.Y. 2017). Moreover, the 11th Circuit has separately upheld a court's finding of contempt for failing to pay disgorgement, noting that: "many months or perhaps even several years may pass before it becomes necessary to conclude that incarceration will no longer serve the purpose of the civil contempt order." *CFTC v. Wellington Precious Metals Inc., et al.*, 950 F.2d 1525, 1531 (1992).

Further, Bronson fails to fully address why FRCP 70(e) is not a further source of authority for the Court's authority to impose contempt as a remedy for failing to pay SEC disgorgement. Instead, Bronson relegates to a footnote FRCP 70(e), which permits a court to hold a party in contempt when a party fails to perform "any ... specific act … within the time specified." Fed. R. Civ. P. 70. Holding Bronson in contempt for failing to perform an act of complying with the Court's Order by paying timely pursuant to a payment plan, fits squarely within this provision.

"Once the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an *appropriate remedy." SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1103 (2d Cir.1972). The court has "broad discretion to fashion an appropriate coercive remedy." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). Incarcerating defendants who fail to pay fines and similar public debts is a well-established contempt remedy in the Second Circuit. *Id.; see SEC v. Bremont*, No. 96 Civ.8771, 2003 WL 21398932, at *7 (S.D.N.Y. 2003) (collecting cases and finding that "[i]ncarceration is appropriate and reasonable in these circumstances and has been ordered where defendants in securities fraud cases have failed to pay court-ordered disgorgement or civil penalties"). And in cases such as Bronson's, incarceration is "not merely for failing to pay the judgment but for disregarding clear and unambiguous orders of the court with which he is financially able to comply." *Close-Up Intern, Inc. v. Berov*, 411 F. App'x 349, 354 (2d Cir. 2010). [2] Thus, Bronson is not, as he suggests (at 2), in a "debtors' prison." He "carr[ies] 'the keys of [his] prison in [his] own pocket[ ]'": compliance with the Court's Orders. *Shillitani v. United States*, 384 U.S. 364, 368 (1986) (internal cite omitted).

Finally, Bronson could have—and did—challenge the disgorgement award on appeal, including by relying on *Kokesh*. The Second Circuit rejected that challenge and he is precluded from relitigating it now. *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (citations omitted) ("[T]he doctrine of res judicata, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action.")

For these reasons, the Commission respectfully requests that the Court deny Bronson's request to file the Motions.

Respectfully submitted,

*Maureen Peyton King*

---

[2] Bronson has not alleged a total inability to pay, which is the only defense to contempt. *SEC v. Musella,* 818 F. Supp. 600, 602 (S.D.N.Y. 1993). And this Court found "at the November 22nd hearing … that Bronson failed to meet the burden of demonstrating a complete inability to pay." DE 302 at 2.