

DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Ryan O'Quinn
ryan.oquinn@dlapiper.com
T 305.423.8553
F 305.675.0807

April 22, 2022

*VIA ECF*

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601

      Re:    *Sec. & Exch. Comm'n v. Edward Bronson, et al.*
                 Case No. 7:12-cv-06421-KMK – Letter Motion

Dear Judge Karas:

In accordance with your Honor's Individual Practice Rule I.A, Defendant Edward Bronson respectfully files this Letter Motion for Order Directing the Liquidating Trustee to Execute the Sale of Securities. By this letter motion, Mr. Bronson respectfully seeks an order directing the Liquidating Trustee for Top Knot, Inc. ("Top Knot") to execute the documents necessary to consummate the sale of securities pursuant to the terms of four stock purchase agreements attached hereto as Exhibit 1 through 4.

On August 28, 2017, the Court entered an Amended Final Judgment against Mr. Bronson and in favor of the Securities and Exchange Commission ("SEC"). The Judgment ordered, among other things, that Mr. Bronson and E-Lionheart are "barred from participating in any offering of penny stock, including engaging in activities with a broker, dealer or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchaser or sale of any penny stock." ("Penny Stock Bar") (Am. Final J., ECF No. 193.) The Court also ordered Mr. Bronson to pay joint and several money damages.[1] (*Id*.)

---

[1] Edward Bronson has objected to and is currently seeking relief from the punitive remedies improperly imposed in the respective Judgments and final orders issued in this case, including the award of monetary damages and "injunctive" relief that exceed the traditional bounds of equity. Mr. Bronson's good faith attempt to comply with this Court's orders is not intended to waive any rights or the objections he has raised in various motions that are fully briefed and awaiting a ruling by this Court.



Top Knot, which is owned by Mr. Bronson's father-in-law, agreed to liquidate marketable securities held in Top Knot's UMB Account in order to contribute to periodic payments towards the Judgment against Mr. Bronson. Those marketable securities include penny stocks that could implicate this Court's Penny Stock Bar order.

Previously in this litigation, the SEC alleged that Top Knot is controlled by Mr. Bronson, exposing Mr. Bronson to the potential future allegation that Top Knot's voluntary sale of penny stocks could violate this Court's Penny Stock Bar order. (Status Conference Tr., ECF No. 274 at 6:24-7:12.) The SEC's assertion that Mr. Bronson was in contempt for failure sell Top Knot's penny stock holdings, while simultaneously arguing that a sale of those securities would be contemptuous of this Court's injunction created an untenable "whipsaw".

To ensure Top Knot's assets could be sold in a manner that would not violate the Penny Stock Bar, the Court appointed a liquidating trustee *for the benefit of Top Knot* to assist with the orderly sales of marketable securities in Top Knot's UMB Account, with the proceeds of those sales being applied toward Mr. Bronson's Judgment obligations. (Order, ECF No. 272 at 2.) The parties mutually agreed to appoint Ryan Stumphauzer to serve as Liquidating Trustee for Top Knot. (Order, ECF No. 278 at 2.) To date, the Liquidating Trustee has been diligent in his efforts and has incurred $26,220.00 in fees and $950.78 in costs. Undersigned counsel has conferred with Top Knot's President, John Kellas, and Top Knot consented that the amount of fees and costs is reasonable. Top Knot further agreed that, if the Court grants the relief sought in this Motion, the Court should direct the Liquidating Trustee to satisfy the outstanding fees and costs from the proceeds of the sales, and make direct payment of the net proceeds remaining directly to the SEC for the benefit of Edward Bronson.

The Liquidating Trustee is not an agent of the SEC, nor does the Liquidating Trustee have an investigative function. The Liquidating Trustee's role is limited "to cause the sale of penny stock in quantities sufficient to generate the proceeds necessary to satisfy the Judgment against Bronson." (*Id*.) Nevertheless, the SEC refused to consent to the proposed sale, arguing that the purchaser should be the subject of enhanced investigation. This position, which if adopted by this Court, would unnecessarily depress the value of the securities at issue. Further, the SEC's objections ignore the fact that the Liquidating Trustee's good faith efforts have not identified another willing purchaser interested in buying these securities at a price higher that that offered in the proposed transactions.

Mr. Bronson is currently incarcerated for failure to make payments towards the Judgment against him. The SEC has taken the position that Mr. Bronson "carries the keys of his prison in his own pocket." (Resp. in Opp'n to Mot. from Relief of Contempt J., ECF No. 338 at 12.) In other words, the SEC argues that Mr. Bronson may readily free himself by making payments towards the Judgment against him. Yet, the SEC objects to the sale of Top Knot's assets and seeks to impose out-of-market obligations that would diminish the value of the subject securities.

Mr. Bronson respectfully requests an Order directing the Liquidating Trustee to execute the stock purchase agreements because the sale proceeds will aid in the satisfaction of the Judgment against Mr. Bronson. Notably, the securities to be sold are freely tradable shares. The purchaser has



offered to purchase a large block of shares *in a private transaction* at a discount to the publicly quoted price, which is customary in this type of transaction. The private sale of large blocks of shares will not adversely affect the public market for the transaction because it is not effected through an exchange or reported through a broker dealer.

We appreciate your consideration in this matter and remain available to discuss at your convenience.

The SEC is to respond to this letter by 4/26/22.

So Ordered.

4/22/22

Respectfully submitted,

*/s/ Ryan D.O'Quinn*
Ryan D. O'Quinn

CC: All Counsel of Record via ECF