

DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Ryan O'Quinn
ryan.oquinn@dlapiper.com
T  305.423.8553
F  305.675.0807

April 27, 2022

*VIA ECF*

Hon. Kenneth M. Karas
United States District Judge
South District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601

Re:   *Sec. & Exch. Comm'n v. Edward Bronson, et al.*
      Case No. 7:12-cv-06421-KMK – Reply Letter

Dear Judge Karas:

Defendant Edward Bronson respectfully files this Reply Letter in response to the Securities and Exchange Commission's ("SEC") Response (ECF No. 344) to Mr. Bronson's *Letter Motion for Order Directing the Liquidating Trustee to Execute the Sale of Securities*, dated April 26, 2022 (ECF No. 342). Again, the SEC exceeds its statutory mandate to expand this post-judgment proceeding to mete out additional punishment against a person the administrative agency has publicly labeled a wrongdoer. Acting as if Mr. Bronson were tarred and feathered and tied to the maypole in 17th Century England, the SEC seeks to cast its imposing enforcement shadow to influence a simple buy-sell transaction between non-parties to this case. This, solely to elongate Mr. Bronson's incarceration in a debtor's prison.

The proposed transaction presents a third-party buyer that is willing to acquire freely-tradable securities in a private buy-sell transaction. The would-be seller, who is not a client of the undersigned firm, has agreed to the terms of the sale and has offered to convey the net proceeds of the sale to reduce the joint and several monetary relief ordered by this Court. The only reason this Court is involved in this sale is as a precautionary measure—to have an independent fiduciary affect the sale transaction to avoid the SEC's predictable follow-on claim that the sale, which the SEC already asserted is compulsory, violates the punitive Penny Stock Bar.[1] If these assets were

---

[1] Notably, the SEC's paradoxical position argued in its Response highlights the reality that the Penny Stock Bar imposed by this Court is not "a properly issued and framed" injunctive order under § 78u(d)(1) and (6) because it's not narrowly tailored to prohibit only future violations that would result in a demonstrable and imminent harm. *Sec. & Exch. Comm'n v. Gentile*, 939 F.3d 549, 565 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2669 (Apr. 20, 2020) "If the District Court, after weighing the facts and circumstances of this case as alleged or otherwise, concludes that the obey-the-law injunction sought here … is not ***carefully tailored to enjoin only that conduct necessary to prevent a future harm, then it should, and must, reject the Commission's request***.") (emphasis added). Therefore, its imposition was an abuse of discretion.  *Id.*



Ed Bronson
April 27, 2022
Page Two

not "Penny Stocks," the asset sale would have been consummated without Court participation and the proceeds would have been tendered to the SEC. Other than bluster, conjecture, and personal disparagement, the SEC offers no real legal or equitable basis to subject a third-party buyer to heightened scrutiny and intimidation.

Over and above the SEC's inappropriate attempt to turn a post-judgment asset liquidation proceeding into an administrative investigation conducted within a District Court, the SEC unfairly asks the Liquidating Trustee, a limited-appointment fiduciary for Top Knot, to conduct an (ill-defined) investigation of a third-party purchaser that would never be required in a market transaction. To do so would unfairly subject the third-party purchaser to regulatory scrutiny in a manner that clearly would dampen any purchaser's willingness to pay fair value for these and other assets that could be liquidated in satisfaction of the compulsory incarceration order.

Rather than engage in the SEC's unbounded "due diligence" exercise, the Court should employ a more practical—and less-invasive—two question inquiry: Is the price offered for the securities the highest price available in the market today? Will the block sale improperly affect the publicly quoted market for the securities?

The price offered is the highest price (and only price) available for a sale of the securities now, **and the shares must be sold now given the Court's compulsory incarceration order**. No other potential purchasers have been identified by the Seller, Mr. Bronson, the Liquidating Trustee,[2] or the SEC. Without offering an alternative transaction, the SEC objects to the sale, seeking to prolong the incarceration of Mr. Bronson. True to its familiar pattern of "whipsawing" arguments, the SEC asserts that the publicly quoted share price establishes a higher "value" than this sale achieves, while simultaneously claiming that the sale of a large block into the publicly quoted market would depress the publicly quoted share price. Notably, the SEC does not explain why it thinks a private, unreported sale would affect the publicly quoted share price, or why the movement of the share price (if the transaction were a reported sale) would not be the exact type of market movement that the SEC, as an institution, purports to support. Clearly, the price offered here is the highest available, and the unreported private sale of stock will not improperly affect the publicly

---

[2] The SEC claims that Mr. Bronson approached the SEC about the sale of the securities without including the Liquidating Trustee. ECF No. 344, at 2. This assertion is false. Undersigned counsel has had multiple conversations with the Liquidating Trustee (and his counsel) to discuss the potential sale of the shares. Further, Seller shares Mr. Bronson's interest in maximizing the price paid for the shares. After diligent efforts, the Liquidating Trustee stated he was unable to identify another willing buyer at terms that made commercial sense. Following conference with the Liquidating Trustee, the proposed sale documents were provided to the SEC to obtain its position. Additional conversations with the SEC were not necessary, given its unreasonable demands and the fact that the SEC is not a party to the proposed sale transaction.



Ed Bronson
April 27, 2022
Page Three

quoted prices for that security. Further, if the price were effected, that effect would be tied to an actual sale, and therefore would not be *improper*.

The Court should not try (nor should the SEC attempt) to value a private Penny Stock transaction. Instead, the Court should order the Liquidating Trustee to execute the sale to the sole (and therefore the highest) offeror. If the SEC insists that the sale is undervalued, the Seller is also willing to transfer the subject securities to the SEC at the "value" they have asserted in their Response. In any event, the SEC should not be permitted to maintain the compulsory incarceration of Mr. Bronson, while simultaneously blocking the sale of securities to make the compelled payments.

We appreciate your consideration in this matter and remain available to discuss at your convenience.

Respectfully submitted,

*/s/ Ryan D. O'Quinn*
Ryan O'Quinn

cc: All Counsel of Record via ECF