

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

May 27, 2022

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:    *SEC v. Bronson et al.,* 12-cv-6421 (KMK)

Dear Judge Karas:

    I write on behalf of Plaintiff Securities and Exchange Commission ("SEC") to respectfully request that the Court deny Defendant Edward Bronson's ("Bronson") *Letter Motion to Stay Incarceration Pending Appeal* ("Motion") (DE-351). Even if the "stay" Bronson seeks were procedurally appropriate, which it is not, releasing Bronson from incarceration would only reward his continued contumacy.

    As brief background, after Bronson repeatedly violated the Court's orders to pay the disgorgement that the Court imposed pursuant to the Final Judgment, which the Second Circuit affirmed on appeal, the Court found Bronson in contempt and ordered him incarcerated. DE 199, 223, 302, 318, 321, 325-29. Bronson sought and the Court denied relief from the Court's Judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and from the contempt orders. DE 330, 336, 338, 347. In its April 29, 2022 decision, the Court enumerated the many reasons for denying Bronson's motions for relief. DE 347. In sum, the Court found that Bronson's Rule 60(b) Motion was untimely and that both motions failed on the merits. *Id.* On May 6, 2022, Bronson filed a notice of appeal. On May 20, 2022—three weeks after the Court's denial of 60(b) relief and two weeks after Bronson filed his notice of appeal—Bronson sought to "stay" the contempt orders and his imprisonment for the pendency of the appeal. DE 351. The SEC opposes these requests.

    Bronson's motion for a "stay" is procedurally and substantively flawed. First, Bronson wrongly contends that the Court's orders finding Bronson in contempt and ordering him imprisoned are on appeal. They are not. The Court found Bronson in contempt on January 19, 2021, DE 223, and again on November 24, 2021, DE 302. Following a "hearing concerning Bronson's continued contempt and ability to pay what he owes," the Court "found that Bronson failed to meet the burden of demonstrating a complete inability to pay," ordered a payment schedule, and ordered that "if Bronson

fails to pay… the U.S. Marshals … shall take Bronson into custody for his civil contempt." DE 302 at 2. Bronson did not include these orders in his May 6 notice of appeal, DE 350 – nor could he have. "'[T]he order disposing of the contempt proceedings'" instituted after the conclusion of the principal action "'is appealable' as a final decision of a district court under 28 U.S.C. § 1291." *Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y.*, 558 F.3d 159, 163 (2d Cir. 2009). The time to appeal those orders accordingly ran "60 days after [their] entry." Fed. R. App. 4(a)(1)(B). Likewise, although Bronson identified the January 27 and 28 and February 14, 2022 orders incarcerating him for violating the previous contempt orders in his notice of appeal, the time to appeal those orders has also passed. Bronson's appeal of the denial of relief from these orders will not reopen the orders themselves. "Appeal from the denial of a motion to vacate pursuant to Rule 60(b) brings up for review only the validity of that denial, not the merits of the underlying judgment itself." *SEC v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998). And "[i]n no circumstances … may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

It is also unclear what Bronson's Motion seeks to "stay." Bronson cannot stay the Final Judgment, which the Second Circuit affirmed in 2019. DE 199. Denial of the Rule 60(b) Motion preserved the status quo and imposes no burden on Bronson, so there is nothing to "stay." *See Nken v. Holder*, 556 U.S. 418, 429 (2009) ("A stay simply suspends judicial alteration of the status quo, while injunctive relief grants judicial intervention that has been withheld by lower courts."). Bronson is asking this Court to act as if it had granted his Rule 60(b) motion, which would be altering – not preserving – the status quo. And if Bronson seeks to "stay" the contempt orders, he is really trying to reverse now unappealable orders.

Even if a "stay" were otherwise an appropriate form of relief here, "'[a] party seeking a stay of a lower court's order bears a difficult burden'" that Bronson cannot meet. *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1992) (collecting cases). The factors that govern the consideration of stays are: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

Bronson cannot make a strong showing that his appeal is likely to succeed on the merits. To the contrary, the Second Circuit will likely affirm the Court's well-reasoned decision finding the Rule 60(b) motion untimely and finding that both requests for relief fail on the merits. DE 347. Despite Bronson's claims, he raises neither novel nor complex issues. In fact, he cites no case awarding Rule 60(b) relief based on *Liu*.[1] DE 347.

---

[1] The SEC addressed each of Bronson's arguments, reiterated in his Motion, in its opposition brief, DE 338, and incorporates its responses here.

Bronson also cannot show that he will suffer irreparable injury absent a stay. Most importantly, Bronson can obtain the relief he seeks right now by paying the disgorgement judgment in compliance with the payment schedule to which he agreed and with which the Court determined he could comply. Bronson mischaracterizes the equitable nature of disgorgement as legal and ignores that he remains in a prison of his own making and not in a "debtor's prison," as he contends. Bronson "carr[ies] 'the keys of [his] prison in [his] own pocket[]'": but the keys are *compliance* with the Court's orders. *Shillitani v. United States*, 384 U.S. 364, 368 (1986) (internal cite omitted). Bronson has neither complied with the Court's orders nor disputed the Court's finding that he can comply. The timing of Bronson's request also undercuts his contention of irreparable harm. Bronson never appealed the contempt orders; waited one week after the denial of 60(b) relief to notice an appeal; and then waited two more weeks to seek a "stay." DE 347, 351. And in any event, the SEC agreed to Bronson's request for an expedited appeal, which the Second Circuit granted (Dkt. 32). So the issues Bronson raises may be decided by the Second Circuit soon.

If the Court frees Bronson, on the other hand, the SEC will suffer substantial injury because Bronson will be rewarded for his contumacious behavior, undermining the remedial effect of this Court's years-old Final Judgment. And as the Court observed at the November 22, 2022 contempt hearing, "if he stays out, we know what he does, which is not make payments while he continues to spend ridiculous amounts of money on lavish things…." Tr. 124. Moreover, further delay in compliance with the Court's judgment, which will almost certainly result if Bronson is freed, will impede the SEC's ability to formulate a plan to distribute the disgorged funds to victims, if feasible. *See* DE 338.

Nor can Bronson show that his release is in the public interest. His incarceration is the only effective means available to compel his compliance with the Court's orders. The Court recognized that the only other option – a fine – "doesn't make any sense here." Nov. 22 Hearing, Tr. 87. Bronson's continued incarceration is in the public interest because it vindicates the Court's authority to enforce compliance with its lawful order. Although Bronson believes the Final Judgment was entered in error, basic respect for the judicial process requires Bronson to comply with it unless and until it is modified. *See Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 439-40 (1976); *In re de Kleinman*, 923 F.Supp. 24, 29-30 (S.D.N.Y. 1996) (incarceration for civil contempt "vindicate[s] the court's power and integrity and the public interest in orderly government, in the face of long-standing willful and deliberate noncompliance" with court orders).

The Court should also deny Bronson's alternative requests for release until the Second Circuit can determine whether to issue a stay, or for home confinement. Bronson has done nothing to comply with the Final Judgment since his incarceration. That Bronson seeks to return to his lavish lifestyle is unsurprising but should not be indulged.

For these reasons, the SEC respectfully requests that Bronson's Motion be denied.

Respectfully submitted,

*s/ Maureen Peyton King*
Maureen Peyton King
Senior Trial Counsel