Case 7:12-cv-06421-KMK   Document 354   Filed 06/03/22   Page 1 of 3



**MEMO ENDORSED**

**DLA Piper LLP (US)**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131-5341
www.dlapiper.com

Ryan O'Quinn
Ryan.OQuinn@dlapiper.com
T 305.423.8553
F 305.675.0807

June 3, 2022

<u>*VIA CM/ECF*</u>

Hon. Kenneth M. Karas
United States District Court
United State Courthouse
300 Quarropas Street, Chambers 533
White Plains, NT 10601-4150

Re:   *U.S. Securities and Exchange Commission v. Edward Bronson, et al.*
      **Case No. 12-cv-6421-KMK**

Dear Judge Karas:

Defendant Edward Bronson respectfully files this Reply Letter in response to the Securities and Exchange Commission's Response (ECF No. 353) to Mr. Bronson's Letter Motion to Stay Incarceration Pending Appeal ("Motion") (ECF No. 351). In its Response, the SEC misconstrues the relief Mr. Bronson seeks in his appeal and continues its attempts to wrongfully elongate Mr. Bronson's incarceration.

The SEC's contention about Mr. Bronson's likelihood of success on appeal is unsupported. Mr. Bronson "cites no case awarding Rule 60(b) relief based on *Liu*" because the issues on appeal are novel and complex. (ECF No. 353, at 2.) This appeal will present issues of first impression because: (i) the SEC obtained penal relief which exceeded its statutory authority under 15 U.S.C. § 78u(d)(5) in light of the U.S. Supreme Court's decision in *Liu v. S.E.C.*, 140 S. Ct. 1936 (2020); and, (ii) the punitive disgorgement in this case constitutes a money judgment that must be enforced through the process prescribed by Federal Rule of Civil Procedure 69(a)(1).

The SEC cannot dispute that its Complaint requested disgorgement without properly identifying the alleged "ill-gotten gains" Defendants received, without identifying the specific harmed investors, and improperly sought to impose joint monetary sanctions in violation of *Liu*, 140 S. Ct. at 1940-41, 1949. Moreover, the SEC fails to contest that the Final Judgment improperly awards a sum certain that is not tethered to specific victims' losses and that the sum is to be paid directly to the SEC, rather than directly to identified harmed investors. *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1244-45 (11th Cir. 2020). The Final Judgment award runs afoul of the parameters set forth in *Liu* and *AMG Capital Management, LLC v. F.T.C.*, 141 S. Ct. 1341 (2021). The SEC advances no additional arguments to support that Mr. Bronson is unlikely to succeed on the merits.

Case 7:12-cv-06421-KMK   Document 355   Filed 06/03/22   Page 2 of 3



Letter Reply
June 3, 2022
Page Two

The SEC downplays the magnitude of the irreparable harm to Mr. Bronson. Notably, the SEC fails to address that Mr. Bronson, while incarcerated, cannot meaningfully conduct business and generate income to pay off the challenged Final Judgment. To date, Mr. Bronson has made multiple payments towards the challenged judgment. Specifically, Mr. Bronson made multiple payments (*i.e.*, five separate payments) to pay the $1.1 million required for the month of January 2022. (ECF No. 319.) Conversely, the alleged injury the SEC will suffer is minimal. The only "harm" the SEC will suffer is a brief delay in the distribution of funds, which alone is insufficient to preclude the stay. *See In re Klein Sleep Prod., Inc.*, No. 93 CIV. 7599, 1994 WL 652459, at *2 (S.D.N.Y. Nov. 18, 1994).

The public interest is harmed by keeping Mr. Bronson incarcerated pending resolution of the appeal. Mr. Bronson is not a criminal, nor does he pose a threat to the public. Additionally, while the SEC maintains that Mr. Bronson's incarceration "is the only effective means available to compel his compliance with the Court's orders," (ECF No. 353, at 3), the SEC's argument is undermined by the fact that he cannot pay the money judgment while his case is on appeal and while he remains incarcerated and unable to meaningful generate income to pay off the challenged judgment.

Mr. Bronson is not seeking a stay of the Final Judgment, despite the SEC's claims to the contrary. Rather, Mr. Bronson seeks a stay of the punitive, indefinite incarceration to which he is being subjected and the enforcement of the contempt orders pending resolution of the appeal. (ECF No. 351, at 2, 4-5, 7.) The SEC wrongly argues that the contempt orders are not appealable. The SEC admits, however, that Mr. Bronson is able to appeal the ruling on his Rule 60(b) motions at the very least. A stay or reversal by the Second Circuit will offer Mr. Bronson the relief from imprisonment that he seeks here. Thus, the SEC's arguments relating to certain orders listed in the notice of appeal are beside the point. These jurisdictional arguments are also not properly directed to this Court because the Second Circuit determines its own jurisdiction. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 374 (2d Cir. 2005) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 (1947)). And the SEC ignores the applicability of the separate judgment rule, Fed. R. Civ. P. 58(a), 58(c)(2)(B), which nullifies its timeliness arguments.

For the foregoing reasons, Mr. Bronson respectfully requests that this Court: (i) enter an order directing his immediate release from custody during the pendency of his appeal; (ii) alternatively, release Mr. Bronson on home confinement or, (iii) alternatively, issue a temporary stay of the execution of the incarcerations and contempt orders so that Mr. Bronson may apply to the U.S. Court of Appeals for the Second Circuit for a stay pending appeal, pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure.

We appreciate your consideration in this matter and remain available to discuss at your convenience.



Letter Reply
June 3, 2022
Page Three

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Ryan D. O'Quinn*

Ryan O'Quinn
Chair, Miami Litigation Practice

cc: All Counsel of Record via ECF

The application for a "stay" of the incarceration is denied. Aside from very serious questions going to the procedural posture of this application and the accompanying appeal, the application is wanting on the merits. In the Court's view, there is not a likelihood of success on the merits for the reasons given in the Court's Opinion denying the Rule 60(b) motion. Moreover, there is no irreparable harm to Mr. Bronson, given the Court's finding that he has the resources to make the disgorgement payments he agreed to make. The application does not address this factual finding, which was in part based on the Court's finding that Mr. Bronson was not credible at the hearing which was held to address the very question of his ability to pay. Finally, there would be harm to the public interest, as releasing Mr. Bronson, who has shown nothing but contempt for this Court's orders, would send the wrong message to others who have been found to violate the securities laws.

So Ordered.

6/3/22