PAUL A. RACHMUTH
ATTORNEY AT LAW
265 SUNRISE HIGHWAY, STE. 1515
ROCKVILLE CENTRE, NEW YORK 11570
TELEPHONE: (516) 330-0170    PAUL@PARESQ.COM    FACSIMILE: (516) 543-0516

September 14, 2022

VIA ECF FILING

Hon. Kenneth M. Karas,
United States District Court Judge
District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:   Securities and Exchange Commission v. Bronson *et al.* 12-cv-6421 (KMK)
      SEC Letter Motion for Writs of Garnishment (Docket No. 364)

Dear Hon. Karas:

This letter is in response to the Securities and Exchange Commission's (the "SEC") letter motion dated September 9, 2022 (Docket No. 364, the "Letter Motion") providing the SEC's arguments for writs of garnishment and requesting a hearing regarding the same.

1. SEC Allegation Regarding TKI

The Letter Motion asserts that Top Knot Inc. and/or Top Knot Inc. USA ("TKI")[1] has violated this Court's Order dated August 17, 2021, and sold shares that the Order prohibiting it from selling. Pursuant to the Order, Mr. Stumphauzer was appointed as trustee over assets of TKI held in a certain UMB Bank account. Those assets consist of certain shares of stock. I have been informed that the stock balances in the UMB account are the same as they were on August 17, 2021. It is also my understanding that the business transactions referred to by the SEC relate to the sale of convertible debts to Mr. Bent that TKI acquired and are not related to the shares in the UMB account.

2. TKI Conducting Business

It is my understanding that Mr. Bronson has testified and demonstrated to the Court that he assists TKI in acquiring debt in public companies. They then work to make that debt sellable by rehabilitating the public company and/or bringing actions to allow the debt to be convertible into stock of the company. TKI then sells the debt to third parties, such as Mr. Bent. The proceeds of the debt sales are used to pay TKI's expenses, including the costs of acquiring the debt.

---

[1] I do not represent TKI and all statements and arguments I make herein are not meant to prejudice TKI or its counsel, if any, in any arguments it may make in the future.

Mr. Bronson has continued to advise TKI with its debt collection efforts. Mr. Bronson estimates that the net amounts TKI has received from these efforts is only a small fraction of the amounts alleged by the SEC. I have requested TKI provide me with an accounting. I will provide the accounting to the SEC and the Court upon receipt.

3. <u>Monies Received by Me.</u>

I am not now, nor have I ever held funds for Mr. Bronson or TKI other than funds received as payments to me, and funds received to pay the business expenses of TKI. Today the SEC has emailed me a subpoena, for which I have accepted service. That subpoena directs me to produce documents demonstrating all funds I have received and/or paid to or on behalf of "Edward Bronson, Dawn Bronson a/k/a Dawn Kellas, John Kellas, Top Knot Inc., Top Knot Inc. USA, Bruce Bent, Matthews Southwest, Matthews Development Ltd. (Alberta) or Voice2IP, Inc." I intend to fully comply with the subpoena and provide the SEC with the requested documents and information.

4. <u>SEC's Request for the Court's Permission to Serve Writs of Garnishment</u>

The SEC is seeking the Court's permission to serve 14 entities with writs of garnishment relating to the judgment it holds against Mr. Bronson. Mr. Bronson does not object to the issuance of these writs.

Respectfully Submitted,

Paul Rachmuth

CC: Securities and Exchange Commission (via ECF Filing)