UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                                                     **Plaintiff,**    12 Civ. 6421 (KMK)

v.

**EDWARD BRONSON, E-LIONHEART ASSOCIATES, LLC, d/b/a FAIRHILLS CAPITAL**

                                                                  **Defendants**

and

**FAIRHILLS CAPITAL, INC.**

                                                                  **Relief Defendant.**

## APPLICATION FOR POST-JUDGMENTWRIT OF GARNISHMENT

Pursuant to Rule 69 of the Federal Rules of Civil Procedure and New York law, including NY CPLR §§ 5201, et seq., the Securities and Exchange Commission ("SEC") hereby requests the issuance of a writ of garnishment to collect disgorgement, prejudgment interest and post-judgment interest thereon owed to the SEC by the Defendant in connection with the Judgment issued in the above captioned matter and directed to: Matthews Development, Ltd. (Alberta) c/o Bruce Bent.

Based on information and belief, the SEC believes that the Garnishee has possession, custody or control of property in which Defendant Edward Bronson has a non-exempt interest.

In support of its application, the SEC would show the Court as follows:

        Defendant's Name:        Edward Bronson

        Defendant's SSN:         XXXX-XX-2117

Case 7:12-cv-06421-KMK   Document 377   Filed 09/09/22   Page 2 of 2

| | |
|---|---|
| Defendant's Last Known Address: | Westchester, NY. |
| Date of Judgment: | August 28, 2017 |
| Nature of Judgment: | Final Judgment |

Judgment Amounts:

Disgorgement (joint and several): $10,000.271.79

Prejudgment interest: $2,328,131.96

Penalty: $150,000[1]

Joint and Several Disgorgement and Interest outstanding as of September 2, 2022: $9,964,670.09

Interest rate as of September 6, 2022: 1.23%.

Dated September 8, 2022

By:  s/ *Maureen Peyton King*
Maureen Peyton King
Senior Trial Counsel
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004
Tel.:   212-336-0111
E-mail: kingmp@sec.gov

---

1 The penalty has been satisfied.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,   12 Civ. 6421 (KMK)

v.

EDWARD BRONSON, E-LIONHEART
ASSOCIATES, LLC, d/b/a FAIRHILLS CAPITAL

                              Defendants

and

FAIRHILLS CAPITAL, INC.

                              Relief Defendant.

## POST-JUDGMENT WRIT OF GARNISHMENT

TO:                    Garnishee, Matthews Development, Ltd. (Alberta) c/o Bruce Bent
                         c/o Paul Goodman, Esq.
                         Cyruli Shanks & Zizmor, LLP
                         420 Lexington Avenue, Suite 2320
                         New York, NY 10170

REQUESTED BY:    Securities and Exchange Commission
                         Maureen Peyton King
                         Securities and Exchange Commission
                         New York Regional Office
                         100 Pearl Street, Suite 20-100
                         New York, New York 10004

ISSUED PURSUANT TO:   Rule 69 of the Federal Rules of Civil Procedure and applicable
                         state law, NY CPLR 5201, et seq.

       The Court having reviewed the Plaintiff's Application for Post-Judgment Writ of Garnishment, hereby issues this Post-Judgment Writ of Garnishment. The Securities and Exchange Commission ("SEC") has information indicating that Garnishee may have possession,

Case 7:12-cv-06421-KMK   Document 377-1   Filed 09/09/22   Page 2 of 11

custody or control of property in which Defendant has a nonexempt interest.

Pending further order of this Court, Garnishee is hereby directed to withhold and retain any property in its possession, custody or control in which Defendant has an interest at the time this Writ is served or in which the Defendant may obtain an interest in the future, including Defendant's non-exempt disposable earnings. If Garnishee fails to withhold property in accordance with this Writ, Garnishee may be held in contempt by the Court or subject to other sanctions. This Writ of Garnishment is a continuing writ. Instructions are attached to and should be considered part of this writ.

To assist the Garnishee with its obligations under this Writ, the following information is provided:

| | |
|---|---|
| Defendant's Name: | Edward Bronson |
| Defendant's SSN: | XXXX-XX-2117 |
| Defendant's Last Known Address: | Westchester, NY. |
| Date of Judgment: | August 28, 2017 |
| Nature of Judgment: | Final Judgment |

Judgment Amounts:

Disgorgement (joint and several): $10,000.271.79

Prejudgment interest: $2,328,131.96

Penalty: $150,000[1]

Joint and Several Disgorgement and Interest outstanding as of September 2, 2022: $9,964,670.09

Interest rate: 1.23% as of September 6, 2022.

---

1 The penalty has been satisfied.

IT IS SO ORDERED.

Dated this 15th day of September, 2022.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
UNITED STATES DISTRICT COURT

## INSTRUCTIONS TO GARNISHEE

You have been served with a Writ of Garnishment pursuant to Rule 69 of the Federal Rules of Civil Procedure and applicable New York laws referenced herein. Please see the instructions below and the attached sample answer.

## LEVY ON MONEY

Pursuant to NY CPLR § 5201, A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment.

## IF YOU ARE DEFENDANT'S EMPLOYER

The amount of nonexempt earnings which may be withheld pursuant to a Writ of Garnishment is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673, which provides generally that for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the minimum wage as set by 29 U.S.C. § 206(a)(1) may be withheld. The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld. *See* Code of Federal Regulations, Title 29, Labor; Subtitle B, Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

An employer shall immediately give the designated defendant a copy of this order.

You may contact the attorney listed on the face of the Writ of Garnishment if you need additional assistance in determining the maximum amount of earnings to withhold. Pursuant to 15 U.S.C. § 1674, you may not discharge Defendant because his earnings have been garnished.

**SAMPLE ANSWER TO BE USED BY GARNISHEE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,   12 Civ. 6421 (KMK)

v.

EDWARD BRONSON, E-LIONHEART
ASSOCIATES, LLC, d/b/a FAIRHILLS CAPITAL

                              Defendants

and

FAIRHILLS CAPITAL, INC.

                              Relief Defendant.

## GARNISHEE'S ANSWER

Having been served with a Writ of Garnishment, Garnishee hereby files this Answer.

This Answer is being prepared by:

Name:

Title:

Address:

Phone Number:

## DESCRIPTION OF GARNISHEE

Garnishee files this Answer as:   (check those that apply)

☐   An Individual

    ☐   In my personal capacity.

    ☐   Doing business as,

    Name of d/b/a:

    Address:

    Phone Number:

☐   A Partnership; and Garnishee is:

    ☐   A general partner

    ☐   A limited partner

Name of Partnership:

Address:

Phone Number:

☐   A Corporation

Name of Corporation:

Address:

Phone Number:

State of Incorporation:

Principal Place of Business:

## PRIOR GARNISHMENTS

For each previous garnishment involving Defendant which is still in effect, please provide the following information:

Date of Garnishment:

Property Subject to the Previous Garnishment:

## DESCRIPTION OF PROPERTY IN WHICH DEFENDANT HAS AN INTEREST

Garnishee states as follows:   (check those that apply)

☐      From the date the Writ of Garnishment was served to the date this Answer is being prepared, Garnishee has not had possession, custody or control of any property in which Defendant has an interest.

☐      Garnishee has possession, custody or control of the following non-earnings property in which Defendant has an interest:

Description of Property:

Approximate Value of Property:

Defendant's Interest in the Property:

☐      Garnishee anticipates having future possession, custody or control of the following non-earnings property in which Defendant will have an interest:

Description of Property:

Approximate Value of Property:

Defendant's Interest in the Property:

When Defendant Will Acquire An Interest in the Property:

Case 7:12-cv-06421-KMK   Document 377-1   Filed 09/09/22   Page 9 of 11
Case 7:12-cv-06421-KMK   Document 397   Filed 09/15/22   Page 11 of 13

☐ As Defendant's employer, Garnishee has possession, custody or control of earnings in which Defendant has an interest:

Defendant is paid: ☐ weekly, ☐ bi-weekly, ☐ semi-monthly, ☐ monthly

Date Previous Pay Period Ended:

Date Current Pay Period Ends:

a. Defendant's Gross Pay:

b. Federal Income Tax Withheld:

c. F.I.C.A. Withheld:

d. State Income Tax Withheld:

e. Total Withholdings (b + c + d):

f. Net Earnings (a - e):

## GARNISHEE'S CLAIMS

Garnishee makes the following claims:    (check those that apply)

☐ Garnishee makes the following claim of exemption on behalf of Defendant:

Amount of Exemption:

Nature of Exemption:

☐ Garnishee has the following objections, defenses, or set-offs against the United States' right to seek garnishment of Defendant's non-exempt property in Garnishee's possession, custody or control (describe nature of objection, defense, or set-off):

## CERTIFICATE OF SERVICE

Garnishee certifies that it has served a copy of this Answer on both the:

☐   Defendant

   Date of Service:

   Method of Service: (include address if service was by mail)

## OATH

Garnishee declares under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

Subscribed and sworn before me this _____ day of _____ 20____.

_____
Notary Public                                                           (SEAL)

Commission Expires: _____

## NOTICE AND INSTRUCTIONS TO DEFENDANT

A judgment was rendered against you in *SEC v. Bronson, et al.* (Case No. 12-cv-6421-KMK) in the United States District Court for the Southern District of New York. The SEC is seeking to collect the ordered disgorgement and prejudgment interest and post-judgment interest thereon through this Writ of Garnishment to Matthews Development, Ltd. (Alberta) c/o Bruce Bent, the Garnishee, by attempting to take your property, which may include a portion of your earnings, from the Garnishee.

## DEFENDANT'S RIGHT TO OBJECT TO THE GARNISHEE'S ANSWER AND REQUEST A HEARING

You may notify the Clerk of the Court and the SEC, whose address appears above, in writing, within ten days after service of this notice upon you, why a wage garnishment Order should not be issued, and thereafter the application for the Order will be set down for a hearing of which you will receive notice of the date, time and place.

If you do not notify the Clerk of the Court and the SEC in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course. To object or apply for a reduction, file a written statement of your objection or reasons for a reduction with the Clerk of the Court and send a copy to the creditor's attorney or directly to the creditor if there is no attorney.

## EXEMPTIONS

Personal property exempt from garnishment in New York may be found at NY CPLR § 5205.