JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

————

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
    PENNSYLVANIA, AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

November 28, 2022

**VIA ECF**

Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

> Re:   *U.S. Securities and Exchange Commission v. Bronson, et al.*,
>        Case No. 12-cv-6421 (KMK)

Dear Judge Karas:

I am lead counsel for Defendant Edward Bronson ("Mr. Bronson").  I write (a) to request a conference concerning both the timing and scope of the December 12, 2022 hearing, and (b) to inform the Court that, at the November 2, 2022 conference, I innocently provided it with misinformation concerning the UMB account.

**First**, I seek a conference because I am requesting that, due to a Covid lockdown at Westchester County Jail, the Court either (a) if consistent with its schedule, adjourn the December 12, 2022 hearing to any date between December 19, 2022 and January 6, 2023,[1] or (b) limit the hearing to the issue of whether Mr. Bronson is currently hiding assets, as opposed to whether he previously had assets available to him which he could have used to pay at least some of the judgment against him.  The SEC opposes both of these alternative requests due to its own scheduling issues (including the witnesses' schedules).

On November 16, 2022, I was informed that Mr. Bronson had been quarantined due to a Covid outbreak at the Jail.  Since then, my office has been informed by the Jail that the lockdown was due to end on November 27, 2022, and that it is possible that I may be able to see him commencing today.  However, due to my schedule, I will not be able to visit with him until

---

[1]     I am requesting a date prior to January 7, 2023 because I will be on a long-planned, and non-refundable, vacation from January 7 to January 14, 2023.  Upon my return, I will be devoting virtually all my time to preparing for a February 2, 2023 trial in the New York County Surrogate's Court.

Hon. Kenneth M. Karas
November 28, 2022
Page 2

Wednesday, November 30, 2022.  Moreover, I understand from Mr. Bronson that he has been told that I cannot visit him until Thursday, December 1, 2022, in which case my schedule will preclude me from visiting him until December 2, 2022.

In addition to my inability to meet with him, my opportunities to speak with Mr. Bronson on the telephone have been severely limited.  While, on November 2, 2022, I was cleared by the Jail to speak and meet with him confidentially, I was unable to engage in any meaningful conversations with him about the facts because it took me approximately a month to become sufficiently acquainted with them to even ask Mr. Bronson the right questions.  By that time, the lockdown had commenced.  From then on, I have also been extremely limited in my opportunities to speak with him on the telephone -- first because he was not permitted to speak with me and then because, as I understand it, he has been limited to one hour of telephone time a day.  The attached printout from my phone system (Exhibit A hereto) shows that I was unable to speak with Mr. Bronson from commencement of the lockdown on November 16, 2022[2] until November 21, 2022.  While I did have the opportunity to speak with him on November 21 and November 23, 2022 (very briefly), my schedule did not permit me to speak with him during his allotted time on November 22, 2022.  Thereafter, I was unavailable over the Thanksgiving holiday.  In any event, phone conversations are of limited value given the complex facts of this case.

Hence, due to circumstances beyond Mr. Bronson's and my control, I will have lost fourteen out of the 26 days (54%) of preparation time between November 16, 2022 and December 11, 2022 (the day before the hearing).  And this was not any 14-day period because, as explained above, it took me approximately a month just to get up to speed so that I could meaningfully confer with Mr. Bronson.

Given these facts, I believe that an adjournment is warranted – particularly because I am only requesting a one-week delay of the hearing (assuming the Court's availability).  Alternatively, I ask the Court to limit the scope of the hearing.  As I understand it, the SEC plans to prove that (a) during the period between February 2022 and November 30, 2022, Mr. Bronson had assets available which would have permitted him to pay at least some of the judgment, and (b) there are currently assets in existence which could be used to pay the SEC.

I understand that proof of past 2022 transactions and expenditures would be admissible as circumstantial evidence of a current ability to pay, as well as direct proof of Mr. Bronson's alleged willfulness.  However, it is not direct proof of the SEC's claim that there are currently assets which Mr. Bronson and others have been hiding.  As such, the value of this proof to the SEC is offset by my inability to prepare to address it – particularly because it will require a detailed analysis of numerous complex transactions and expenditures.

**Second**, I want to apologize to the Court for having innocently provided it with misinformation concerning the UMB account at the November 2, 2022 conference.  During the

---

[2]      As shown by Exhibit A hereto, Mr. Bronson twice tried to reach me on the morning of November 16, 2022 (presumably prior to the lockdown), but I was unable to speak with him then.

Hon. Kenneth M. Karas
November 28, 2022
Page 3

conference, I stated my understanding that the securities removed from that account had been returned to it and that control of the account had been returned to Mr. Stumphauzer. As it turned out, and as I previously informed the SEC on November 14, 2022 and November 17, 2022 (Exhibits B and C hereto), as well as during a lengthy telephone call on November 18, 2022, my understanding of the facts was regrettably erroneous for the following reasons:

a.  While the UMB account has been replenished such that it holds the same number of securities it held prior to their removal from the account, they are not the identical securities which were withdrawn.  Rather, different shares of each company's stock, in the same amounts as those previously withdrawn, were deposited in the account by third parties whom the SEC intends to call as witnesses at the impending hearing.

b.  As of my representation to the Court on November 2, 2022, no steps had been taken to restore Mr. Stumphauzer's authority of the account.  I subsequently learned that the first such step was taken on November 4, 2022.  As I informed the SEC by email dated November 14, 2022, I did not focus on the UMB account until November 10, 2022, at which time I requested proof that Mr. Stumphauzer's authority over the account had been restored.  When I reviewed the correspondence with UMB, it became clear to me that the instruction to the bank from John Kellas (Top Knot's owner) was insufficient because it did not make clear that Mr. Stumphauzer should be the sole signatory on the account.  I therefore insisted that a more explicit instruction was required.  After reviewing the new instruction on November 14, 2022, I informed the SEC that I believed that it too was insufficient to give Mr. Stumphauzer sole authority.  I then informed the SEC that

> [m]y intention is to ask Mr. Kellas to send another email to UMB stating that Top Knot was reinstating the direction it sent to UMB in 2021 … and further stating that it may not be revoked absent an Order of the Court permitting Top Knot to do so.  However, I do not want to make a career of cleaning up this particular mess when there are so many others in this case.  So, please let me know if my plan of action is acceptable.  If not, please let me know what you believe is necessary to bring Top Knot back into compliance with the Court's Order.  In the interim, I have made it very clear that no one other than Mr. Stumphauzer may direct the account.

(Exhibit B hereto at 2)

The SEC has not yet responded to my inquiry.  When it does, I will immediately take any further corrective action requested of me.  In any event, I apologize to the Court for having innocently misrepresented the facts.

Hon. Kenneth M. Karas
November 28, 2022
Page 4

Respectfully yours,

/s/ Judd Burstein

Judd Burstein

Encls.

cc:    All Counsel of Record and unrepresented parties (via ECF w/ encls.)