MANDATE

22-1045-cv
SEC v. Bronson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-two.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

v.  No. 22-1045-cv

EDWARD BRONSON,

*Defendant-Appellant,*

E-LIONHEART ASSOCIATES, LLC, DBA FAIRHILLS CAPITAL,

*Defendants,*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 05 2022

MANDATE ISSUED ON 12/05/2022

FAIRHILLS CAPITAL, INC.,

*Relief Defendant.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | RYAN D. O'QUINN, DLA Piper LLP, Miami, FL |
| FOR APPELLEE: | RACHEL M. MCKENZIE, Senior Appellate Counsel (Michael J. Kelly, Attorney, *on the brief*), *for* Dan M. Berkovitz, General Counsel, and Michael A. Conley, Solicitor, U.S. Securities and Exchange Commission, Washington, DC |

Appeal from an order of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Edward Bronson appeals from an April 29, 2022 order of the United States District Court for the Southern District of New York (Karas, J.) denying his motion under Federal Rule of Civil Procedure 60(b) for relief from the final judgment and subsequent orders of contempt and incarceration entered against him in this civil action by the Securities and Exchange Commission ("SEC"). We assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2012 the SEC filed a complaint charging Bronson and one of his companies (E-Lionheart) with violations of § 5 of the Securities Act of 1933, 15 U.S.C. § 77e, which prohibits offering securities without first filing a registration statement with the SEC. The complaint alleged that, between 2009 and 2011, Bronson and E-Lionheart reaped more than $10 million in unlawful profits from unregistered penny stock transactions. Bronson transferred approximately $600,000 in proceeds from those transactions to Fairhills Capital, Inc. ("FCI"), another company he owned.

The District Court entered judgment against Bronson and E-Lionheart on June 8, 2017, permanently enjoining them from further § 5 violations, permanently barring them from participating in any penny stock transactions, ordering them jointly and severally liable for disgorgement of $9,355,271.79 and prejudgment interest of $2,177,100.59, and imposing civil penalties of $150,000 and $725,000, respectively. On August 25, 2017, the District Court amended the judgment, ordering FCI to disgorge $645,000.00 and to pay $151,031.37 in

prejudgment interest. This Court affirmed the District Court's final judgment on November 19, 2018. See SEC v. Bronson, 756 F. App'x 38, 41 (2d Cir. 2018).

The District Court subsequently found that, in the ensuing three years, Bronson failed to "make a single payment toward the . . . Judgment" to satisfy his obligations, even though he clearly had the means to do so. App'x 570; see App'x 583. On January 19, 2021, the District Court entered a contempt order against Bronson. The District Court ordered Bronson to make a good-faith payment of $25,000 to the SEC, to comply with the SEC's post-judgment discovery requests, and to negotiate a long-term payment plan with the SEC. The District Court made clear that Bronson would remain in contempt until he either paid the ordered amount of disgorgement (and prejudgment interest) or established his inability to pay. Bronson made the good-faith payment and agreed to a monthly payment plan beginning in August 2021, but he stopped paying after the first installment. On November 24, 2021, the District Court entered an order finding him in "continued contempt."

On January 27, 2022, the District Court ordered Bronson to report to the U.S. Marshals Service in White Plains, New York, for designation to a prison. On January 28, 2022, Bronson self-surrendered, and the District Court ordered that

1    Bronson remain detained until further order of the court.  The District Court

2    ordered Bronson released on January 31, 2022, two days after his monthly

3    payment for January cleared.  On February 14, however, the SEC informed the

4    District Court that Bronson had failed to make his monthly payment for

5    February and asked that Bronson be re-incarcerated until he made that payment.

6    The District Court issued a warrant for Bronson's arrest, which was executed two

7    days later, and Bronson remains in custody today pursuant to the District

8    Court's February 14, 2022 order.

9         In November 2021 Bronson filed a motion for relief from the final

10   judgment pursuant to Rules 60(b)(4), (b)(5), and (b)(6).  In March 2022 Bronson

11   moved pursuant to Rules 60(b)(4) and (b)(6) for additional relief from the court's

12   January 19, 2021 contempt order and its incarceration orders of November 24,

13   2021, January 28, 2022, and February 14, 2022.  On April 29, 2022, the District

14   Court denied both motions as untimely and as in any event without merit.

15   Bronson appeals those denials.[1]

---

[1] Bronson also appeals directly from the District Court's incarceration orders of (1) January 27, 2022, (2) January 28, 2022, and (3) February 14, 2022.  We lack jurisdiction to review Bronson's challenges to (1) and (2) because they are moot, Bronson having been released from prison on January 31, 2022.  See United States v. Paccione, 964 F.2d 1269, 1274 (2d Cir. 1992) (dismissing as moot an appeal from a civil contempt order when the

5

**I.     Timeliness**

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court, and appellate review is confined to determining whether the district court abused that discretion." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quoting In re Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981)).

"A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Bronson filed his Rule 60(b) motion over four years after the District Court issued its final judgment. We have concluded that a delay of twenty-six months was "patently unreasonable," Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001), and affirmed denials of other Rule 60(b) motions filed with even shorter delays, see Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (18 months). Bronson's Rule 60(b) motion is therefore untimely "absent mitigating circumstances." Kellogg, 269 F.3d at 104.

---

contemnor "apparently purged himself"); Video Tutorial Servs., Inc. v. MCI Telecomms. Corp., 79 F.3d 3, 6 (2d Cir. 1996) ("[W]e have no jurisdiction over moot controversies."). Although Bronson's challenge to (3)—the February 14, 2022 incarceration order—is not moot, Bronson did not before the District Court (nor does he here) attack it directly. Instead, Bronson attacked it before the District Court (and attacks it here) under Rule 60(b). Therefore, as far as the February 14 incarceration order is concerned, our review is limited to the District Court's denial of Rule 60(b) relief.

1	Citing a trio of Supreme Court decisions, all of which were issued well

2	before his Rule 60(b) motion, see Kokesh v. SEC, 137 S. Ct. 1635 (2017), Liu v.

3	SEC, 140 S. Ct. 1936 (2020), and AMG Cap. Mgmt., LLC v. FTC, 141 S. Ct. 1341

4	(2021), Bronson seeks to justify the years-long delay in filing his Rule 60(b)

5	motion by pointing to a "legal evolution that . . . occurred since [the final]

6	judgment was entered." Appellant's Brief 28. The District Court did not abuse

7	its discretion in rejecting that argument, given the "substantial" and unexplained

8	"delays between the dates that [the Kokesh and Liu] decisions were handed

9	down and the dates that Bronson filed each of his Motions." SPA 20-21. And the

10	seven-month delay after AMG – which did not involve securities law or the SEC

11	– is, we conclude, likewise unreasonable.

12	**II.	Rule 60(b)(4) Claims**

13	While lack of timeliness alone disposes of Bronson's claims for relief under

14	Rule 60(b)(5) and Rule 60(b)(6), given the "exceeding[] lenien[ce]" with which

15	courts assess the timeliness of Rule 60(b)(4) claims, see Beller & Keller v. Tyler,

16	120 F.3d 21, 24 (2d Cir. 1997), we consider the merits of Bronson's Rule 60(b)(4)

17	claims, assuming (without holding) that they might be deemed timely. "Rule

18	60(b)(4) applies only in two situations: where a judgment is premised either on a

7

certain type of jurisdictional error or on a violation of due process." SEC v. Romeril, 15 F.4th 166, 171 (2d Cir. 2021) (quotation marks omitted).

Bronson argues that the District Court's disgorgement order is "void" under Rule 60(b)(4) because the court lacked "equitable jurisdiction" to enter it. Appellant's Brief 32. The argument is defeated by precedent. A judgment is void under Rule 60(b)(4) for lack of jurisdiction "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties." Grace v. Bank Leumi Tr. Co., 443 F.3d 180, 193 (2d Cir. 2006) (quotation marks omitted) (emphasis added); see Romeril, 15 F.4th at 171 & n.2. The term "equitable jurisdiction" refers to courts' authority to grant equitable relief, which differs from subject matter jurisdiction and personal jurisdiction, the existence of which Bronson does not dispute. See Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160 (2010); Schlesinger v. Councilman, 420 U.S. 738, 754 (1975).

Bronson also argues that the District Court's injunction against further § 5 violations and the bar on penny stock transactions were not "proper under the rules of equity and Section 78u because they are punitive rather than preventive," Appellant's Brief 43, and that the injunction also lacks the specificity required by Rule 65(d) and is unconstitutional, id. at 45-48. But Bronson never

8

1   challenged the injunction against further § 5 violations before he filed his Rule

2   60(b) motion, which cannot serve as "a substitute for a timely appeal." United

3   Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). The claim is

4   therefore forfeited. As for the injunction against future penny stock transactions,

5   we have already "discern[ed] no error, much less an abuse of discretion, in the

6   [D]istrict [C]ourt's imposition of the bar." Bronson, 756 F. App'x at 40 n.1.

7       Finally, Bronson argues that the District Court's orders of contempt and

8   incarceration are "void for lack of jurisdiction because the Final Judgment

9   constitutes a money judgment that must be enforced by a writ of execution" per

10  Rule 69(a)(1). Appellant's Brief 48-49 (quotation marks omitted). Because the

11  Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the

12  district courts," Rule 69 has no bearing on the District Court's jurisdiction.

13  Fed. R. Civ. P. 82. In any event, "[a] court of the United States shall have power

14  to punish by fine or imprisonment, or both, at its discretion, such contempt of its

15  authority, and none other, as . . . [d]isobedience or resistance to its lawful writ,

16  process, order, rule, decree, or command." 18 U.S.C. § 401.

17      In sum, the District Court did not exceed its discretion in denying

18  Bronson's claims for relief under Rule 60(b)(4).

9

1      We have considered Bronson's remaining arguments and conclude that

2      they are without merit.  For the foregoing reasons, the order of the District Court

3      is AFFIRMED.

4                                             FOR THE COURT:
5                                             Catherine O'Hagan Wolfe, Clerk of Court
6

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit