Dawn Bronson
1275 Fairhills Drive
Ossining, NY 10569

January 9, 2023

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street
533 White Plains, NY 10601-4150

**MEMO ENDORSED**

Re:   SEC v. Edward Bronson, et al., 12-cv-06421 (KMK)
      <u>Response to Mr. Burstein's Letter Dated January 3, 2023</u>

Dear Hon. Karas:

As you know, I am Edward Bronson's wife. I am writing to you in response to Mr. Burstein's letter dated January 3, 2023, regarding his withdrawal; both at Ed's request and on my own behalf as an affected person. Mr. Burstein's withdrawal request is based on incorrect information and is, therefore, unwarranted and granting it would be unduly prejudicial to my husband.

Mr. Burstein is seeking withdrawal from the case because he claims Ed and I violated the terms of the retainer; in that $60,000 of his retainer payment came from funds originating in Top Knot, Inc. (USA) bank account, which he surmised violated a court order restraining the securities in the UMB account. In fact, the funds in question are not tied to the UMB account, and Mr. Burstein knew precisely the source of the funds and explicitly directed me to pay the funds to him.

In the first two weeks of October, I discussed with Mr. Burstein how we would be paying his retainer. I had some funds in my bank account which I received from Top Knot and was applying for a home equity loan for the balance. Mr. Burstein stated he would not appear in the case until the retainer was paid. In an email dated October 11, 2022, I informed him that the home equity loan would not be available the next day (the date he stated he must appear). He responded that I was to send him the $60,000 from my bank account for him to appear, as he would not wait until the equity line was available. I therefore sent to Mr. Burstein a wire in the amount of $60,000 from my Webster bank account on October 12, 2022.

In an October 31, 2022 email exchange, I informed Mr. Burstein that I was receiving an additional $10,000 from Top Knot and would send those funds to him, which I did the following day. Thereafter, I obtained a short-term loan secured by home to pay him an additional $160,000.

There was no restraint against my ability to borrow against my family home, and there were no restraints against the Top Knot bank account through which the money passed. Mr. Burstein acknowledges this in his letter to the Court. Mr. Burstein wrote "I note that

even though the monies wired by Matthews were the proceeds of the sales of shares other than those which were in the UMB Account and after the shares in that Account were liquidated, it makes no difference because once the monies came into Top Knot's account, they should not have been used to pay my firm."

Either Ed or I would have explained to Mr. Burstein the source of the funds used to pay him, but he refuses to speak to either of us; he does not take our calls.

The other purported reasons for Mr. Burstein's withdrawal are that he does not believe he can continue to make fact representations to the Court and that he may be called as a witness if the SEC subpoenas him in a motion to hold me in contempt. Both of these assertions do not constitute a reasonable basis to withdraw from the case.

As stated in his letter, Mr. Burstein has been compiling each our recent financial transactions to be presented to the Court and the SEC. It is these records that detail the flow of funds from the Top Knot account to my Webster account and then to Mr. Burstein. We are not obfuscating any of our financial transactions; the SEC already has copies of every bank and brokerage account in my, Ed's and Top Knot's names. Further, we have never asked Mr. Burstein to misrepresent any fact to the Court or the SEC. At all times, both Ed and I only have made full and complete truthful representations to Mr. Burstein.

With respect to the prospect of being subpoenaed to testify against me, first he does not represent me, a fact he made clear to me several times. Therefore, even if he were called to testify against me, it would likely not be grounds for his withdrawal. And second, no motion has been filed and no subpoena has been served. It is, therefore, unreasonable for Mr. Burstein to leave Ed in the lurch based on these 'what ifs'.[1]

Given that Mr. Burstein has no valid reason to withdraw, I respectfully request the case move forward, with the Court rejecting Mr. Burstein's withdrawal request, in an expedited manner so that Ed can finalize a payment plan with the SEC and be released from prison.

Respectfully submitted,

*Dawn Bronson*
Dawn Bronson

Mr. Burstein is to respond to this letter by January 13, 2023. Mr. and Mrs. Bronson are directed to obtain ECF access so that they may file documents to the public docket. If Mr. and Mrs. Bronson have any questions about obtaining ECF access, they should contact the Pro Se Intake Unit at (212) 805-0175.

SO ORDERED.

1/10/2023

---

[1] Given the lack of valid reasons for Mr. Burstein's withdrawal, it is more likely that it is based on an over-filled schedule than an actual irreconcilable conflict.