# JUDD BURSTEIN, P.C.
## ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
   PENNSYLVANIA, AND VIRGINIA

110 E 59TH STREET
22ND FLOOR
NEW YORK, NEW YORK 10022
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

January 30, 2023

**VIA ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

  Re: *SEC v. Edward Bronson, et al.*, Case No. 12-cv-6421 (KMK)

Dear Judge Karas:

  I write to request the Court's guidance with respect to the subpoena *duces tecum* served by the SEC upon my law firm, responses to which are due on February 6, 2023. We already produced five-hundred and eighty-nine (589) pages of documents to the SEC. However, in preparing responsive documents for production, we came upon twelve (12) portions of communications that we believe may require redactions to protect the attorney-client and/or the work product privileges. In light of our status as outgoing counsel, I have concerns about my firm making privilege determinations. I had hoped to resolve the issue by submitting the documents in question to the Bronsons' incoming counsel for a privilege review. However, as of this writing, the Bronsons have not informed us that they have obtained substitute counsel.

  The SEC has advised me that while it does not object to my consulting with incoming counsel about documents as to which Mr. Bronson can make a claim of privilege, there is no basis to withhold documents regarding Mrs. Bronson. However, because I communicated with Mrs. Bronson as an agent of her husband, she was a party to the potentially privileged communications. Therefore, the SEC's proposed accommodation does not address our concerns.

Hon. Kenneth M. Karas
January 30, 2023
Page 2

      We are open to any reasonable solution, such as (a) submitting the potentially privileged communications to Your Honor for *in camera* review, or alternatively, (b) producing documents responsive to the SEC subpoena that do not implicate any potential privilege (we already did this), while withholding the limited communications that raise privilege concerns if the Court authorizes a brief extension for the Bronsons' incoming counsel to perform a final privilege review.

      To the extent that this letter is deemed a request for an extension of time under the Court's Individual Practices, (a) the SEC subpoena is returnable on February 6, 2023, (b) no prior request for an adjournment has been made, (c) no prior request was granted or denied, and (d) the SEC does not consent.

      We would appreciate any guidance that the Court can provide.

                                Respectfully yours,

                                /s/ Judd Burstein

                                Judd Burstein

cc:    All Counsel of Record (via ECF)
        Dawn Bronson (on behalf of herself and Edward Bronson) (via email)

---

Mr. Burstein is to produce the documents that are responsive to the SEC's subpoena and that do not raise any privilege concerns by the February 6 deadline. Any documents that might raise privilege concerns can be held until Mr. Bronson retains new counsel or until further order of the Court.

So Ordered.

/s/ Kenneth M. Karas
1/30/23