```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------------x

 3  SECURITIES AND EXCHANGE COMMISSION,

 4                 Plaintiff,

 5        -against-                           12cv6421

 6  EDWARD BRONSON, E-LIONHEART
    ASSOCIATES, LLC, d/b/a FAIRHILLS
 7  CAPITAL,

 8                 Defendants.

 9  ------------------------------------x

10
                                   United States Courthouse
11                                    White Plains, New York

12                                    July 7, 2021

13
    B e f o r e:
14
                    THE HONORABLE KENNETH M. KARAS,
15                            District Court Judge

16

17  A P P E A R A N C E S:

18
    SECURITIES AND EXCHANGE COMMISSION
19         200 Vesey Street, Room 400
           New York, New York 10281
20  BY:  MAUREEN PEYTON KING
         JUDITH WEINSTOCK
21       MARSHA MASSEY

22
    DLA PIPER LLP
23         Attorneys for Defendants Edward Bronson and
           E-Lionheart/Fairhills Capital
24         200 Biscayne Boulevard, Suite 2500
           Miami, Florida 33131
25  BY:  RYAN D. O'QUINN


                        PAMELA GRIMALDI, CRR, CLR
                             914.390.4053
```

1  then a phone call before today I think could have facilitated
2  that, right?
3           MR. O'QUINN:  Absolutely, your Honor.  I'm not sure
4  that these are things that can be agreed upon with the
5  Commission.
6           THE COURT:  Okay.
7           MR. O'QUINN:  So what I'm saying is there are facts
8  at issue that need to be discussed and aired that they would
9  attempt to prove that would further that conversation with the
10 Court.  And if I might give you an example, it might help
11 elucidate what I'm discussing.
12          THE COURT:  Okay.
13          MR. O'QUINN:  One of the issues that I believe is
14 going to be the subject of the SEC's presentation relates to
15 trying to determine that there are assets held by a company
16 called Top Knot.  And that is not in dispute.  What is in, if
17 not dispute, confusion, is the fact that Top Knot is not a
18 party to this lawsuit.  It is not a party to this judgment.
19 And the assets at issue are assets that are penny stocks that,
20 if they were deemed to be Mr. Bronson's assets, would be
21 subject to your bar.
22          So, for instance, if the SEC were to take the
23 position that the millions of dollars of assets held by Top
24 Knot are actually Mr. Bronson's assets and, therefore, he
25 should be held in contempt for failing to pay the judgment,

1  they are faced with the internally inconsistent position that
2  he is barred from trading in penny stocks and, therefore, could
3  not offer to sell those assets to make that payment.
4           My understanding -- and your Honor, it's always
5  dangerous when a lawyer stands in federal court and describes a
6  meeting that predates his engagement -- but my understanding
7  there was, in fact, a settlement conference.  There was, in
8  fact, a discussion of manners in which payment could be made to
9  the Commission, and that the Commission was not interested in
10 accepting transfer of specific assets in payment of the
11 judgment.
12          For that reason, I believe all that needs to happen
13 is a payment schedule or some sort of amount of time being
14 allowed to pass so that those assets would either cease being
15 penny stocks, which we have reason to believe will happen, or,
16 alternatively, get some clarification from the Court that until
17 there's actually a complaint filed and an alter ego finding,
18 that the Court's not going to later determine that Top Knot, an
19 independent legal entity, is, in fact, Mr. Bronson, and,
20 therefore, the sale of those assets by Top Knot would be in
21 violation of the Court's bar.
22          THE COURT:  Okay.
23          SEC?
24          MS. KING:  Your Honor, if Mr. Bronson -- if we
25 establish that Top Knot, Inc. USA holds penny stocks that are,