

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

February 2, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
               12-CV-6421 (KMK)

Dear Judge Karas:

    I write on behalf of the Securities and Exchange Commission ("SEC") to respond to Mrs. Bronson's letter, DE 461 ("Letter") seeking a settlement conference on behalf of Edward Bronson ("Bronson"). At this point, the SEC believes a settlement conference is premature. This is because the Bronsons still have not yet undertaken the critical steps needed to make any conference meaningful. Specifically, the Bronsons must: (1) provide to the SEC a complete accounting of all of their financial resources; and (2) develop a detailed prospective budget.

    First, full, complete, accurate accountings are imperative – a point even Bronson's own former counsel, Judd Burstein, conceded: "Both before and after the hearing, I **repeatedly** acknowledged to SEC counsel my view that Mr. Bronson could not hope to be released from incarceration unless the Bronsons provided a full accounting." DE 445. Six weeks later, no accountings have been produced.[1] *Complete* accountings – with all supporting documentation - would reveal what Bronson can pay. Without complete accountings, a meaningful settlement conference will not be possible.

    Next, entirely absent from the Letter are any proposed steps to address the Bronsons' spending, the sale of their property, or any other diminution in their lifestyle. Indeed, Dawn Bronson testified six weeks ago that she had not thought about what a budget would look like. Without undertaking such efforts in granular detail, a conference would be unproductive.

    The Letter itself – seeking a path forward – evidences the continuing coercive effect of Bronson's incarceration. Indeed, it appears that Bronson is finally beginning to

---

[1] While the Bronsons have experienced a disruption in representation, as Bronson is now willing to proceed pro se there is no reason for any further delay.

recognize and appreciate that he must pay the SEC what he owes. Although Bronson has been incarcerated for over 11 months, until two months ago, when the Second Circuit rejected Bronson's request for an *en banc* rehearing, from his perspective, Bronson had ten million reasons to keep his ability to pay concealed. Thus, the coercive effect was until recently "attenuated somewhat by the pendency of his various appeals and petitions for extraordinary relief." *Commodities Futures Trading Commission v. Armstrong*, 284 F.3d 404, 406 (2d Cir. 2002). As the *Armstrong* court reasoned, "the value of the concealed property is a significant factor to the extent that it would lead the contemnor to conclude that the risk of continued incarceration is worth the potential benefit of securing both his freedom and the concealed property." *Armstrong v. Guccione*, 470 F.3d 89, 111 (2d Cir. 2006). Now that the Second Circuit has denied Bronson's appeal, the coercive effect of the Court's sanctions will serve as a far more potent inducement for Bronson to comply with the Court's Orders and to pay the SEC what he owes.

In any event, before being released Bronson must demonstrate efforts to cure his contempt or establish that doing so is entirely impossible. In another contempt case in the Southern District, *Schwarz, et al. v. Thinkstrategy Capital Management LLC, et al.*, 1:11-cv-08094-PAE at DE 178 (attached hereto), the court released the contemnor only after finding "sustained efforts" to cure contempt occurred in the last 8 months of his 22 month period of incarceration. In contrast to that case, Bronson has made no effort to pay the SEC while incarcerated -- despite having the means to do so. To the contrary, Bronson engaged in further contumacy by, among other things, dissipating the $2 million dollars in proceeds from the UMB securities account despite the Court's Order that those proceeds be used to pay the SEC.[2]  DE 272, 433, 436.

In sum, Bronson simply has not yet undertaken the work required to make any conference meaningful: financial transparency and changes to his lifestyle. And he has made no effort to cure his contempt. Accordingly, the SEC respectfully requests that the Court order the Bronsons to provide to the SEC: (i) full personal and entity accountings (including documents to support all assets, income, expenses and liabilities); (ii) accountings for their children and John Kellas; (iii) a complete accounting of all funds Dawn Bronson transferred out of Top Knot Inc.'s Wells Fargo account x7379 from February 16, 2022 forward; (iv) an inventory and accounting of all salable personal property; and (v) a prospective budget. After these items are provided, the SEC has no objection to participating in a settlement conference.

---

[2] A significant portion of those funds remains unaccounted for still. And the Letter suggests that the Bronsons have funds on hand as they state that they are retaining new counsel. Given the asset freeze in place, the SEC respectfully requests that Dawn Bronson be required to furnish the asset freeze order to any potential counsel.

Lastly, the SEC respectfully requests permission to serve this filing and any Order or pleading in this matter on Dawn and Edward Bronson by email to Dawn Bronson.

Respectfully submitted,
*s/ Maureen Peyton King*

Mr. Bronson is to respond to this letter by 2/8/23.  The SEC may email this letter to the Bronsons.

So Ordered.

2/2/23