

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

February 10, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
              12-CV-6421 (KMK)

Dear Judge Karas:

      I write on behalf of the Securities and Exchange Commission ("SEC") to address Mrs. Bronson's letter, DE 476 ("Letter") seeking a settlement conference on behalf of Edward Bronson ("Bronson") or alternatively an emergency hearing for his release. For the reasons described below, the Bronsons' exhibits fall far short of revealing what Bronson can pay. And Bronson has yet to take any meaningful action to cure his contempt. Bronson has not made a single payment to the SEC since he has been incarcerated despite having the means to do so. Thus, a settlement conference is premature. Separately, as the Letter indicates that Bronson is now acting as his own counsel, he should review and either turn over to the SEC the documents his former counsel, Judd Burstein, withheld from his production to the SEC as potentially privileged or explain his basis for asserting privilege.

      The Bronsons have not provided adequate information so far about their accounts, entities or sources of funds – let alone *complete* accountings of all their income and assets held directly or indirectly with <u>all</u> supporting documents. First, they have not provided a total of their assets including cash and securities, supported by current account statements. They have also not provided historical account information (of at least a year) – or in some cases any statements at all - for accounts including: V2IP, Inc., MacCallan Partners Assets, LLC, Baby China, Top Knot Inc. USA, Three Brothers Trading LLC, Seven Mile Securities, Wells Fargo account x6366, Wells Fargo account x3648, Liberty Stock Transfer, Inc., or the RBC account.[1] DE 476 (referencing RBC), 477-1 page 14 (showing a transfer from D. Bronson's savings account). Likewise, they

---

[1] The Bronsons' disclosure about their new $825 per month Audi lease raises questions and underscores why a full accounting is needed from all of their entities including MacCallan. It also calls into question whether the Bronsons can come to terms with a diminution in their lifestyle.

have not provided current tax returns, earnings records, or any credit card statements including for account x8207.

The Bronsons have not accounted for the sources of their funds. Tellingly, in response to the SEC's request that Mrs. Bronson account for the funds she transferred away from Top Knot, the Bronsons only identified the $62,900 in wire transfers that the SEC already traced to her Webster account. DE 440-6; 478-1. The Bronsons have not accounted for the additional $108,550 Dawn Bronson wired herself; the $13,500 she transferred to V2IP, Inc., or the $157,537.48 she withdrew in cash. DE 440-4-5,-7. To what extent those funds are available to pay what Bronson owes matters significantly in the context of any conference seeking a resolution. Relatedly, the source(s) of many deposits to Dawn Bronson's Webster accounts, x2796 and x6366, have not been disclosed. DE 4761, 477-1.

Moreover, the budget the Bronsons offer is at best incomplete. First, it lists no projected income. And, importantly, it does not explain how any income would be generated. This is of particular importance as Bronson is barred from trading penny stocks.[2] DE 193.

The list of budgeted expenses also raises questions. First, the Bronsons included no rent or mortgage expense. Presently, the Bronsons' monthly mortgage payments (exclusive of arrears) on two of their mortgages are $11,319.22 and $5,000 (through March 2025) respectively. DE 476-1 pages 12, 51. Consequently, as long as the Bronsons maintain their current home, their budget for mortgages alone will be at least $16,000 more per month – or double – what they have represented. The third mortgage of $180,000 – which had a two month term - was due in January 2023. It is not clear whether they paid this obligation (and if so how). The remaining expenses the Bronsons list should be supported with invoices and, in some instances, reduced. Also, most importantly, conspicuously absent from the budget is any proposed payment to the SEC.[3]

The Letter evidences the continuing coercive effect of Bronson's incarceration. That Bronson is beginning to recognize and appreciate that he must pay the SEC what he owes is a positive step forward. But Bronson has yet to demonstrate efforts to cure his contempt or establish that doing so is entirely impossible. Seeking to turnover the Escalade proceeds would, for example, demonstrate some effort.

---

[2] Despite the bar, Bronson apparently continues to trade penny stocks as the Letter discloses a late December 2022 transaction through Top Knot in a penny stock, FONU, generated $30,000. DE 476. This transaction also suggests that Bronson again violated the Court's Order Appointing a Trustee if Bronson engaged in the transaction on his own. DE 278.

[3] Based on the documents the Bronsons provided it is not clear that there is sufficient equity to pay the SEC from the proceeds of any sale of the house. DE 479-1-2. It is clear, however, that the Bronsons' expenses would be reduced by selling the house.

Based on the foregoing, the SEC respectfully requests that the Court schedule a settlement conference only after the Bronsons cure these deficiencies and order Mr. Bronson to turnover or assert privilege over the documents withheld from the Burstein production.

      Lastly, the SEC respectfully requests permission to serve this filing and any Order or pleading in this matter on Dawn and Edward Bronson by email to Dawn Bronson.

Respectfully submitted,<br>
<i>s/ Maureen Peyton King</i>

Mr. Bronson is to respond to this letter by 2/17/23. The SEC may serve Mr. Bronson with this letter by emailing it to Dawn Bronson.

So Ordered.

2/10/23