

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

March 31, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

     Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
             12-CV-6421 (KMK)

Dear Judge Karas:

     The Securities and Exchange Commission ("SEC") and counsel for Mr. Bronson, Philip Reizenstein, write in response to the Court's March 24, 2023 Order, which required the parties to submit a joint letter (1) updating the Court as to what issues remain in dispute; (2) proposing, if necessary, a schedule for briefing those issues; and (3) proposing a deadline by which Defendant will produce all documents requested by the SEC. DE 500.

     The parties have conferred several times since the Court's Order. However, not all of the issues have been resolved. Accordingly, the parties are unable to agree on any needed briefing schedule and a deadline for document production.

     Some of the issues remain outstanding because Mr. Reizenstein became Covid positive on Tuesday, March 28, 2023, before meeting with Mr. Bronson, which counsel for the SEC learned last night. Thus, the parties seek an extension of time to fully brief the Court on the status of the issues and to propose any briefing dates and production deadlines. To the extent possible, the parties have provided the status of issues in the case below.

     Consistent with the Court's Individual Practice for seeking an extension, (1) the completed status report was due today; and (2) no prior requests have been made for an extension of this date. The parties ask that the new date to update the Court be set for at least 3 weeks from today, April 21, 2023, as the Westchester County jail will not admit Mr. Reizenstein to see Mr. Bronson for two weeks.

Status of Issues:

     A.  Contempt Application for Dawn and Edward Bronson.

The SEC filed an application to hold Dawn and Edward Bronson in contempt, which the Bronsons opposed. The issues are now fully briefed and pending before the Court. Mr. Reizenstein is considering whether he will represent Mrs. Bronson. He plans to speak to both parties and advise whether he believes there is a conflict if he represents Ms. Bronson. Mr. Reizenstein requests that the Court colloquy both parties if counsel for Mr. Bronson agrees to represent Ms. Bronson.

The SEC has discovered – and notified Mr. Reizenstein - that bank accounts subject to the Court's asset freeze continue to be used. If, as it appears, Mrs. Bronson is transacting through these accounts (other than the one account exempted from the stay) the SEC may seek further contempt sanctions against Ms. Bronson for violating the Court's Order. DE 443.

B. Turnover.

The SEC seeks turnover of three pools of funds: (i) $90,000 from the sale of the Escalade; (ii) any unused portion of the retainer paid to Mr. Bronson's prior counsel, Judd Burstein; and (iii) $30,000 held by Bruce Bent or Matthews Development. As to the funds described in (ii) and (iii), the parties agree that the funds will be turned over and will submit a joint order seeking turnover of those funds to the SEC. As to the $90,000, the dealership is issuing a check to Reizenstein and Associates. The parties are still discussing any carve out before these funds are turned over to the SEC. Thus, this issue remains open.

C. Budget.

Counsel for Mr. Bronson acknowledged to the SEC that a budget for the Bronson's needs to be provided.

D. Monitor.

Counsel for the SEC requested whether Mr. Bronson will agree to a court appointed monitor of bank accounts upon release of Mr. Bronson. Mr. Bronson agrees to the request in principle but issues to the exact bank accounts and who will pay for the monitor still need to be resolved.

E. The Property at 1275 Fairhills.

There are two issues concerning the Bronsons' property: the mortgage payment delinquency and the legitimacy of the third mortgage. The parties continue to discuss the potential disposition of the property. Thus, this issue remains open.

As to the third mortgage, the SEC questioned the transaction as the lender named in the mortgage documents the Bronsons provided disclaimed knowledge of any loan. The SEC understands that the mortgage has been revised to reflect the correct name of

the lending entity. And counsel will provide mortgage documents from the lender to the SEC. Thus, this issue is likely close to resolved.

      F.  Documents to be Produced.

        1. Full Personal and Entity Accountings (including documents to support all assets, income, expenses and liabilities); and Accountings for the Bronsons' children and John Kellas.

As to the Bronsons, while some bank accounts were provided to the Court and the SEC, some statements have yet to be provided and those accounts reference still more accounts that have yet to be provided including: Wells Fargo account x3648; and Webster accounts x3187 and x7704.

Counsel for Bronson has so far agreed to provide accountings for entities they have identified but the SEC seeks accountings for all of their entities whether or not previously disclosed. Mr. Reizenstein has indicated that he may retain a forensic accountant to facilitate the accountings.

As to accounts at Three Brothers Trading and Seven Mile Securities, Counsel for Mr. Bronson has agreed to attempt to obtain statements from these entities verifying that the accounts are closed.

Mr. Reizenstein has also agreed to confirm whether Top Knot Inc. USA has any accounts.

The parties are discussing the issue of whether the Bronsons have any credit cards, which should be resolved soon.

As to the children, Bronson has so far agreed to identify whether any of their children have bank accounts and whether any of those bank accounts have money related to this action. The SEC continues to seek full accountings of all assets held by the children.

As to John Kellas, Mr. Reizenstein could not make a commitment on behalf of Mr. Kellas, but he agreed to request the accounts and facilitate the statements being turned over to the SEC.

        2. An Accounting of Cash Taken from Top Knot's Account x7379 from February 16, 2022 forward.

The SEC requested an accounting of $157,000 in cash withdrawals taken from Top Knot by Dawn Bronson. A portion of the funds (at least $60,000) appears to have been transferred to prior counsel, Mr. Burstein. But the remainder has not yet been traced.

3. An inventory and accounting of all salable personal property.

Mr. Reizenstein will discuss this with the Bronsons.

4. Tax Returns.

Counsel for Mr. Bronson agreed to provide the Bronsons' tax returns when they are available.

5. Documents Reflecting Income.

The parties are discussing this issue.

6. Documents that Burstein withheld (to the extent not privileged).

The parties are discussing this issue.

7. Expenses.

The parties have discussed certain expenses noted in the Bronsons' financial accounts including hundreds of dollars in periodic expenses for their fish, home improvements, and employees. These issues should be fully addressed soon.

Mr. Reizenstein informed the SEC that a third-party recently paid a utility bill and health insurance for the Bronsons. He will verify that the funds were paid directly to the provider, not to the Bronsons.

Respectfully submitted,
*s/ Maureen Peyton King*