# REIZENSTEIN & ASSOCIATES, P.A.

2828 CORAL WAY
SUITE 540
MIAMI, FL 33145
PHONE: 305-444-0755
FAX: 305-444-9277

---

PHILIP L. REIZENSTEIN, ESQ.
BHAKTI KADIWAR, ESQ.

May 4, 2023

The Honorable Judge Karas
United States District Court
Southern District of New York
200 Quarropas Street Chambers 533
White Plains, NY 10601-4150

 Via CMECF

RE: US Securities and Exchange Commission v. Bronson et. al.,
      12-cv-6421 (KMK).

Dear Karas:

I write to provide a report to the court as required by this court's endorsement of my last letter report.

First, the parties continue to meet telephonically and discuss resolving outstanding issues and documents. The last phone call was May 2, 2023, and pending my providing the SEC some additional information described below, another telephone conference is contemplated by the parties shortly thereafter.

Second, I am of the opinion that I cannot represent Dawn Bronson on the rule to show cause before this court because there is a conflict of interest. I am also of the opinion that Ms. Bronson cannot afford counsel and has no access to borrow funds to hire counsel. I base this

1

opinion on the fact that I am aware that Ms. Bronson is dependent on the largesse of friends and family to provide food for her and her children, and that items like the family's health insurance has not been paid for more than two months and has either been canceled or is about to be, and that the health insurance has declined to pay for asthma inhalers for two of the Bronson's children.

Third, with the assistance of Dawn Bronson, I provided to the SEC the following bank accounts and financial records:

1) Webster Bank checking statements for Dawn Bronson for account ending in 2796 were provided for all of 2022 and January, February and March 2023.

2) Webster Bank savings statements for Dawn Bronson for account ending in 3187 were provided for January -April 2022 (one statement); April to July 2022 (one statement); July to October 2022, (one statement); October to November 2022 (one statement) and November 2022 to January 2023 (one statement).

I am of the opinion that all requested bank account statements have been provided. I note that in the last report to the court some savings accounts statements appeared to have been missing. Ms. Bronson informs me that the bank has told her that no statements are issued for months where there is no activity, and we are endeavoring to obtain a letter conforming that.

Fourth, in my conversations with counsel for the SEC since the last report to the court, I was asked questions about specific issues and items that the SEC counsel had questions about based on her review of the bank records provided. With the cooperation of Dawn Bronson, I was able to provide Ms. King the following:

1) SEC counsel asked about 911 Porsches and a 2018 Escalade that appeared to be still owned by the Bronsons. I responded that I was informed that no Porsches are

currently owned by the Bronsons. Edward Bronson had two Porsches- a 2007 and a 2013. Both were sold to a car dealer named Eddie Haskell several years ago. Dawn Bronson informed me the 2018 Escalade was turned in. I do not know of my ability to quickly obtain proof of sale of the Porsches.

2) SEC counsel asked about a payment to a credit card ending in 2172. I learned that the Bronson's son had a credit card with a credit limit of $500.00. The last credit card statement was provided to the SEC.

3) SEC counsel inquired about transactions on certain sites like Poshmark which facilitate the sale of personal items. The concern, as I understand it, was that the Bronsons were selling personal property on the sites. I responded that I was informed their son has for several years used the sites to buy, sell and trade items like Pokémon Cards, "Champs" (which I am told are figurines), as well as vintage clothing that he buys and sells for profit.

4) SEC Counsel inquired about the payment of money several months ago for home repairs, including payments to Matra Construction. I responded that I was informed that the money paid was for bills incurred for two issues that occurred at the home prior to the incarceration of Edward Bronson. The first was a flooding of the basement that resulted in mold. The second was the damage to a railing on a porch that is about 150 feet above the ground. Both matters needed to be addressed and fixed. I then provided documentation to the SEC from Matra including an April 17, 2021, estimate for $25,750.00 to repair the deck railing. I also provided a September 15, 2021, estimate for $33,500.00 for the cleaning and water damage mitigation of the basement of the house due to a flood. I also provided a Gentech April 6, 2023,

repair bill for a water pump and a Borrelli April 20, 2023, maintenance estimate for various heating and cooling units.

Counsel for the SEC is awaiting a budget that I will provide them with shortly as well as an updated list of personal property. Counsel for the SEC also requested a financial accounting of the cash money that was withdrawn from an account. I have provided an accounting of approximately half of that money. I am uncomfortable providing the SEC with a further accounting of the funds they are interested in, as personally, I am not trained in accounting and forensic accounting. The family does not have the funds to hire a forensic accountant and individuals who I was initially told would assist in these matters are now unwilling to do so.

I have endeavored to work with the Bronsons to provide outstanding documentation to answer questions that the SEC rightfully has concerns about. Some of the matters that I have "chased down" have turned out to be *de minimis* issues (for example a payment from a bank account to a credit card turned out to be for a card owned by their son with a five-hundred-dollar limit and the charges were mostly for matters a teenager would use a card for, although wine was purchased and Ms. Bronson has told me she did use the card to buy wine once or twice).

My concern at this juncture is that as I continue to locate documents, I do not see an end in sight to the potential questions that may arise. It may take me months to locate Eddie Haskell, the car dealer who bought the two Porches several years ago, and I have no way of knowing if he will have the bills of sale, at which point I will have no way of confirming the Bronson's statements to me that they sold the cars in question. Meanwhile, it appears to me that this family is in an extreme financial condition teetering on a disaster.

Notwithstanding the prior actions which resulted in Mr. Bronson being incarcerated, he and his wife have acted in good faith with me, answering every request and assisting in my

obtaining the outstanding records that the SEC requested.

While I believe the SEC and I will be speaking shortly after they have reviewed the budget and property list, it is the request of Mr. Bronson that the court readdress his custody status. He has now been incarcerated for well over fourteen months, and with my assistance is cooperating in providing records and answering questions posed to me by counsel for the SEC based on review of those records. Admittedly not every question has yet been answered, but to the extent I provide records, and those records generate questions which I then endeavor to obtain answers to, this cycle does not seem to have an end in sight.

I respectfully request that the continued incarceration of Mr. Bronson on civil contempt charges now be addressed in light of the cooperation detailed in my reports to the court. Any delay in providing documents is attributable mostly to Mr. Bronson's incarceration. I have a small law firm and my resources and ability to obtain documentation is more limited than many larger firms who can assign multiple lawyers to a task. Considering that Mr. Bronson has no funds to hire such a large law firm, I aver that the efforts and results obtained to this point should give this court and the SEC confidence that cooperation will continue upon his release. Additionally, Mr. Bronson's release will facilitate my ability to obtain additional records quicker, and more fully answer additional questions raised by the SEC.

Respectfully Submitted,

S/ *Philip L. Reizenstein,* Esq.
Philip L. Reizenstein, Esq.
Reizenstein & Associates, PA
Florida Bar #634026
2828 Coral Way, Suite 540
Miami, FL 33145
(305) 444-0755

Philreizenstein@protonmail.com