UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12-CV-06421 (KMK)

SECURITIES AND EXCHANGE COMMISSION
    Plaintiff

v.

EDWARD BRONSON,
    Defendant
_____/

## MOTION TO WITHDRAW AS COUNSEL

COMES NOW, Philip L. Reizenstein, Esq., and pursuant to SDNY Local Rule 1.4, moves this court for an order allowing him to withdraw from representation of Edward Bronson. In support thereof, it is averred as follows:

1. The undersigned counsel, at the request of family members of Mr. Bronson, sought permission of this court to be admitted *pro hac vice*, and represent Mr. Bronson on March 16, 2023. [ECF: 498]

2. The undersigned attorney's agreement with Mr. Bronson, which was in a retainer which was disclosed to the SEC, was that he was willing to work without being initially retained and would agree to seek payment and reimbursement of expenses after Mr. Bronson was released and working. Because counsel was asked by a family member of Mr. Bronson (who is a friend to undersigned counsel) to assist Mr. Bronson, because counsel has not been able to obtain his release to date, and because counsel is aware of the extreme financial condition of the Bronson family, the undersigned attorney does not intend to seek any payment for the work performed, or reimbursement of any expenses incurred. Local Rule 1.4 requires counsel to inform the court whether there will be lien

1

on the file. There will be no charging lien on the file.

3. Irreconcilable differences have arisen between counsel and Mr. Bronson as to how his representation should proceed.

4. During the time counsel has represented Mr. Bronson, he has worked with him and the SEC counsel to secure his release, primarily by obtaining and then providing outstanding documents, including financial records, a summary of personal items owned, a budget/list of monthly expenses, and bank records-many of which had never been previously provided.

5. Counsel has also endeavored to answer questions posed by SEC counsel. For example, at one point counsel for SEC saw a payment to a credit card they were not aware of in bank records that were provided. After some investigation, it was determined that the credit card, with a limit of five hundred dollars, belonged to Mr. Bronson's son, and some charges for wine were made by Dawn Bronson.

6. In another example, when the SEC inquired about expenses related to a home contracting company, counsel obtained the bills showing that there was serious damage to a railing to a porch that was over seventy-five feet above ground which posed a danger to the Bronson's children. The other expense was related to the mitigation of water flooding into a basement of the Bronson home.

7. There are some items that counsel believes he will never be able to obtain. The SEC has inquired about the status of a vehicle that counsel was told was sold several years ago by a car dealer who counsel believes is now deceased. While there is no dispute about the SEC's right to this information, counsel believes that both Bronsons have shown their desire to cooperate through the numerous documents provided as detailed above, and Mr.

Bronson's further incarceration is no longer needed.

8. Currently the major outstanding item the SEC is seeking is a "financial accounting" of bank records for the years 2021 and 2022 to be provided by Edward Bronson and Dawn Bronson individually.

9. Initially it was hoped to have a family member of Mr. Bronson pay for the retainer of a forensic accountant to assist in the accounting the SEC has asked for. However, Mr. Bronson informed the undersigned attorney that his family member was now refusing to do so. There were no other available funds for a forensic accountant that is needed to assist in the financial accounting the SEC seeks, other than using approximately $5,000.00 of the $90,000.00 that is currently being held in trust from the sale of the Bronson's Escalade. The SEC did not agree to this resolution. This has significantly delayed the accounting issue on Mr. Bronson's end.

10. Currently there is a substantial disagreement between the undersigned attorney and the Bronsons on how to proceed and this has led counsel to reluctantly conclude that irreconcilable differences have arisen to the point where counsel cannot effectively continue to represent Mr. Bronson and the better course is to seek permission of the court to withdraw.

11. The status of the case is that Mr. Bronson is incarcerated. He was previously held in contempt, and the SEC is seeking to hold Mr. Bronson and Dawn Bronson in contempt for matters arising after Mr. Bronson was incarcerated.

12. Counsel is currently holding $90,000.00 in trust as proceeds from the sale of a car owned by the Bronsons, which I seek direction on how to disburse.

13. Mr. Bronson has been incarcerated for nearly eighteen months. Counsel intended to

petition the court to release Mr. Bronson after the financial accounting by Ms. Bronson was completed. It is not practical to have Mr. Bronson attempt to review years of bank records while incarcerated, with no access to electronic records, and complete an accurate financial accounting that the SEC is insisting on. Counsel was going to request the Court to release Mr. Bronson based on the extent of his cooperation during the time counsel has represented him with the request that the Court give Mr. Bronson forty-five days to complete the accounting. However, based on differences about how to proceed, counsel does not believe he should be involved in any such request at this time.

14. Counsel for SEC has stated that they have no position on this motion.

15. Counsel has emailed a copy of this motion to Dawn Bronson, and she has responded that she read it to Edward Bronson, and he agrees to the court granting this motion. A copy of this motion will be sent to Mr. Bronson by overnight mail.

16. Pursuant to the committee notes in Local Rule 1.4, counsel is supplementing this motion with an affidavit.

WHEREFORE, the undersigned attorney moves this court for an order allowing him to withdraw from further representation in this case.

Respectfully Submitted,

_____
Philip L. Reizenstein, Esq.
Reizenstein & Associates, PA
Florida Bar #634026
2828 Coral Way, Suite 540
Miami, FL 33145
(305) 444-0755
Philreizenstein@protonmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12-CV-06421 (KMK)

SECURITIES AND EXCHANGE COMMISSION
            Plaintiff
v.

EDWARD BRONSON,
            Defendant
_____/

## AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW

Philip L. Reizenstein, Esq., having taken an oath, does depose and state as follows:

1. I wrote the motion to withdraw.

2. I discussed the issues that gave rise to the motion to withdraw with Mr. Bronson and his wife Dawn Bronson repeatedly in an effort to resolve the differences on how to proceed.

3. During my time on this case, I spoke with Mr. Bronson frequently, visited him twice at the facility where is incarcerated, and spoke and emailed on almost a daily basis with Dawn Bronson to obtain documents, records, and information in an effort to obtain Mr. Bronson's release.

4. At some point I found myself in the position of refusing to file motions and and present arguments, although I was directed to do so by Mr. Bronson. This has created irreconcilable differences that I do not believe can be resolved. I note that I was not asked to do anything illegal or unethical.

1

5. Further affiant sayeth naught.

Philip L. Reizenstein, Esq.
Florida Bar# 634026

STATE OF FLORIDA COUNTY
OF MIAMI-DADE:

The foregoing instrument was sworn to and subscribed before me on the 9th day of June, 2023 by Philip L. Reizenstein who did take an oath that the foregoing is true, and who is

[X] personally known to me OR
[ ] who produced identification, to wit: _____



Notary Public State of Florida
Bessy M Jimenez
My Commission
HH 157770
Exp. 7/26/2025