UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                                            Plaintiff,<br><br>v.<br><br>EDWARD BRONSON, E-LIONHEART<br>ASSOCIATES, LLC, d/b/a FAIRHILLS CAPITAL<br><br>                                                            Defendants<br><br>and<br><br>FAIRHILLS CAPITAL, INC.<br><br>                                                            Relief Defendant. | 12 Civ. 6421 (KMK) |

**[PROPOSED] ORDER AS TO RELEASE OF DEFENDANT EDWARD
BRONSON AND AS TO PAYMENT PLAN TERMS
FOR EDWARD AND DAWN BRONSON**

   **WHEREAS** this Court held Defendant Edward Bronson ("Defendant") in civil contempt for violating the Court's Orders and failing to pay the Final Judgment entered against him in this case;

   **WHEREAS** this Court ordered Defendant incarcerated for civil contempt;

   **WHEREAS** Defendant has now prepared an accounting as ordered;

   **WHEREAS** Defendant now contends in a sworn statement that he has depleted his assets and has no income;

   **WHEREAS** Defendant has agreed to a prospective payment plan to pay the Final Judgment commencing upon his release from incarceration;

   **WHEREAS** this Order incorporates by reference all of the terms of Defendant's consent;

   **IT IS HEREBY ORDERED THAT** Defendant is released from incarceration for civil contempt.  Defendant shall be released directly from the jail forthwith;

**IT IS FURTHER ORDERED THAT** within (5) business days of his release, Bronson shall amend as necessary and verify in writing to the SEC that the accountings he provided to the Securities and Exchange Commission ("SEC") are complete;

**IT IS FURTHER ORDERED THAT** for the period of six months from Defendant's release from incarceration for contempt, Defendant agrees to pay to the SEC fifty percent (50%) of all of his gross monthly earnings from whatever source derived each month over $5,000, measured in 30 day increments. The day after Defendant's release shall be considered day 1 of the 30 day period.

**IT IS FURTHER ORDERED THAT t**o substantiate that Defendant has paid 50% of his gross monthly earnings over $5,000 to the SEC, Defendant shall submit to the SEC a sworn calculation of the amount remitted along with copies of all financial account statements for himself, Dawn Bronson, his children, his father-in-law, any escrow account(s) in which he holds funds, all the Bronson Entities' accounts he holds or controls directly or indirectly, and all accounts that receive or disburse funds on behalf of him or his family;

**IT IS FURTHER ORDERED THAT** the Defendant will attest to the amount paid to the SEC and the accuracy of the calculation submitted to the SEC in an ECF filing by no later than 10 days after the end of each 30 day period;

**IT IS FURTHER ORDERED THAT** within two (2) months of Defendant's release, he will submit a reasonable budget to the SEC;

**IT IS FURTHER ORDERED THAT** based on the budget and Bronson's average monthly earnings, the SEC may negotiate terms for subsequent six month periods that increase the payment to the SEC. If the parties do not agree to any increase the SEC seeks, payments at a rate of 50% split of gross monthly earnings over $5,000 shall continue until the Court orders otherwise;

**IT IS FURTHER ORDERED THAT** Defendant, Dawn Bronson, Bronson's children, and the Bronson Entities shall not undertake any financial commitment that will increase Defendant's monthly expenses, directly or indirectly, without receiving approval from the SEC;

**IT IS FURTHER ORDERED THAT** Defendant and Dawn Bronson shall decrease their monthly household expenses to a reasonable level;

**IT IS FURTHER ORDERED THAT** Defendant and Dawn Bronson will not open additional lines of credit, credit cards, borrow funds or make any transfer over $1,000, directly or indirectly, through any other individual or entity including but not limited to the Bronson Entities, without approval from the SEC;

**IT IS FURTHER ORDERED THAT** the $90,000 in proceeds from the Escalade, held in escrow, shall be turned over to the SEC within (3) business days of receipt of this Order;

**IT IS FURTHER ORDERED THAT** Defendant will work with the SEC to resolve the disposition of: (i) any unused retainer funds held by prior counsel; and (ii) excess proceeds from the liquidation of Bronson's pawned jewelry (except as needed to permit the sale of the jewelry). If the parties cannot resolve these matters, they will seek the Court's intervention;

**IT IS FURTHER ORDERED THAT** Defendant and Dawn Bronson shall submit to the Court (under seal) and the SEC an accounting showing a need for a carve out of funds from the turnover and a proposed allocation of the $30,000 carve out he seeks.  Any carve out of $30,000 or less shall come from funds held by Bruce Bent.  Defendant and Dawn Bronson agree that the Court will order an appropriate carve out amount based on their submissions and the remainder (if any) shall be remitted to the SEC;

**IT IS FURTHER ORDERED THAT** payments to the SEC may be transmitted electronically, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Payments may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Edward Bronson as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  The payor shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making payment, the payee relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant;

**IT IS FURTHER ORDERED THAT** the asset freeze remains in effect and agree that it shall continue to remain in effect until all turnover issues are resolved;

**IT IS FURTHER ORDERED THAT** Defendant remains in contempt until he fully pays the outstanding disgorgement ordered in the Final Judgment;

**IT IS FURTHER ORDERED THAT** any further contempt of the Court's Orders or any showing that Defendant has been untruthful in his sworn representations concerning his financials will constitute further contempt and may result in further sanctions including his incarceration;

**IT IS FURTHER ORDERED THAT** Defendant is in contempt of the Court's Orders in connection with the Top Knot funds and penny stock transactions.  The SEC and the Defendant

- 4 -

expect to be in a position to present to the Court within the next 90 days either a settlement of the sanctions or a motion requesting that the Court determine the appropriate monetary relief.

Dated:     White Plains, New York         s/
               June 29, 2023                    United States District Judge