

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

September 12, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:     *U.S. Securities and Exchange Commission v. Bronson et al.,*
                12-CV-6421 (KMK)

Dear Judge Karas:

     The Securities and Exchange Commission ("SEC") writes jointly with Defendant-Debtor Edward Bronson ("Bronson") to provide an update on the parties' positions and the relief the SEC seeks against Bronson.

Background.

     On February 2, 2023, the SEC sought a finding of contempt against Bronson for his actions, set forth in the SEC's February 2, 2023 application, removing a Court-appointed Trustee; selling penny stocks out of the UMB account with the assistance of his wife, Dawn Bronson; and spending $2 million dollars in proceeds from the sale of penny stocks through Dawn Bronson. DE 468, 469, 470, 473. On February 17, 2023, Bronson as a *pro se* incarcerated defendant, filed an opposition to the contempt application through Dawn Bronson. DE 490. In his opposition, Bronson conceded that selling stock from the UMB account violated this Court's order but denied it was a violation of the penny stock bar (set forth in this Court's order dated Aug. 28, 2017, DE 193). On March 7, the SEC filed its reply. DE 494. The SEC's February 2, 2023 motion (DE 468) has not been ruled upon but was partially mooted by the parties' subsequent settlement agreement.

     On June 29, 2023, the Court found Mr. Bronson in contempt of the Court's Orders in connection with the Top Knot funds and penny stock transactions. Consistent with the Order, the SEC and the Defendant discussed but have been unable to agree on contempt sanctions to date.

The SEC's Position.

The SEC's position is that the parties have fully briefed the issue of what sanctions are appropriate. Therefore, the SEC respectfully requests that the order Bronson to disgorge his ill-gotten gains of $2 million dollars from his penny stock bar violations.

<u>Defendant's Position.</u>

As I testified in Court and stated in my reply to the SEC's February 2, 2023 motion, I concede that I violated the Court's orders by directing Top Knot to sell the stocks held in the UMB account. I had explained that my actions were based on either misunderstood or incorrect advice of counsel. I have provided an accounting to the SEC showing that the total profits received from these sales was $133,061.03.

As a condition of consenting to my release from prison, the SEC required I again concede that I violated the Court's orders by directing these sales. I did not then and do not now concede or believe that the sales from the UMB account, or any other stock sales I participated in, violate the Court's August 28, 2017 order barring me from participating in any penny stock offerings. I further do not believe that issue has been briefed, argued or decided. To the extent it is at issue, I respectfully request the opportunity to brief and argue it.

It was relayed to me by my prior counsel when I was incarcerated, that the SEC was seeking a penalty of increasing the judgment against me by the interest on the amount sold out of the UMB account. Considering the seventeen months I have already been incarcerated, I believe that is an appropriate penalty.

Respectfully submitted,

| | |
|---|---|
| _____<br>Edward Bronson | _Maureen Peyton King_____<br>Maureen Peyton King<br>Counsel for the Securities and Exchange Commission |