

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

MEMO ENDORSED

DIVISION OF
ENFORCEMENT

September 14, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *SEC v. Bronson et al.,* 12-cv-6421 (KMK)

Dear Judge Karas:

      Consistent with the Court's Individual Rules, I write on behalf of Plaintiff Securities and Exchange Commission ("SEC") to seek a pre-motion conference concerning turnover of certain proceeds of jewelry pawned by Defendant Debtor Edward Bronson ("Bronson").

      As background, the SEC obtained a money judgment against Bronson which remains unsatisfied. Not including post-judgment interest, Bronson owes around ten million dollars. DE 193. SEC counsel seeks to collect what Bronson owes the SEC. In connection with those efforts, the SEC obtained an asset freeze and served it on third parties including the Bronsons' pawn dealer, Provident Loan Society ("PLS"). The SEC understands from PLS that both Bronson and his wife, Dawn, have pawned jewelry through PLS. An inventory of the jewelry Bronson pawned is attached at Exhibit A. The SEC is not seeking any items that Dawn Bronson pawned.

      The SEC understands that Bronson has defaulted on his PLS loans. Thus, but for the asset freeze the jewelry would have been sold at auction. In the normal course, PLS has items on which a borrower has defaulted auctioned through an auction house. PLS receives proceeds from the auction house upon liquidation, deducts its expenses, i.e., the amount it is owed on the loan and interest, as well as certain fees. PLS then returns any remaining proceeds to the borrower. The SEC anticipates that there will be proceeds available after PLS recoups its expenses and fees. As Bronson owes the SEC approximately $10 million dollars, the remaining proceeds should be turned over to the SEC.

      Federal Rule of Civil Procedure 69 governs the enforcement of federal court money judgments. FRCP 69 states that "[a] money judgment is enforced by a writ of execution, unless the court otherwise directs...." FRCP 69 looks to "the procedure of

the state where the court is located, but a federal statute governs to the extent it applies." Accordingly, in this case, the New York CPLR applies. "Under CPLR §5222, an attorney for the judgment creditor may, as an officer of the court, serve a restraining notice on a third party who "owes a debt to the judgment debtor or ... is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor ... has an interest." N.Y. C.P.L.R. § 5222(a)-(b). *CSX Transportation, Inc. v. Island Rail Terminal, Inc., et al.*, 879 F.3d 462, 470 (2d Cir. 2018). Here, however, the Court has already accomplished through an asset freeze what a restraining order would achieve: asset preservation. Thus, the Court should consider turnover based on the freeze.

Courts have found that "Federal Rule of Civil Procedure 69(a) does not require strict adherence to state procedural law...." *Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp. 2d 120, 121 (E.D.N.Y. 2010) (considering whether a special proceeding or motion was required for relief). "Substantial compliance with state procedure may be sufficient." *LNC Investments, Inc. v. Democratic Republic of Congo*, 69 F.Supp.2d 607, 611 (D. Del. 1999) (contempt proceeding related to restraining notice served on garnishees) (internal citation omitted). As the Seventh Circuit noted:

> [t]he draftsmen of [Rule 69], rather than design a format for supplementary proceedings...decided (perhaps in the hope that such proceedings would rarely be necessary) to borrow the format employed in the courts of the forum state. Though authority is sparse we doubt that they meant to borrow the *entire* procedural law of the state....[A]pplying every jot and tittle of Illinois procedural law and applying every jot and tittle of federal procedural law are not the only alternatives....Proceedings to enforce judgments are meant to be swift, cheap, informal....We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin. *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir.1993). *See also LNC Investments* at 611 (referencing "procedural straitjacket" language).

While NY CPLR § 5225(b) requires commencement of a special proceeding so that a court may enforce a judgment by requiring a third party holding a debtor's property to turn it over to a judgment creditor, the Second Circuit has held that "a party seeking a money judgment against a non-party garnishee may proceed by motion." *CSX Transportation, Inc. v. Island Rail Terminal, Inc., et al.*, 879 F.3d 462, 469 (2d Cir. 2018). And, a court "may grant summary relief where there are no questions of fact, but 'it must conduct a trial on disputed issues of fact on adverse claims in a turnover matter....'" *Id.* at 473.

Summary relief is appropriate here as the value of the jewelry does not exceed Bronson's outstanding judgment. And, the SEC is not seeking the proceeds of any items pawned by Dawn Bronson. Accordingly, the Court should use its authority pursuant to NY CPLR §§ 5225(b) to order the turnover of amounts based on the SEC's

2

motion. *CSX Transportation, Inc.* at 469.

Thus, the SEC respectfully requests that the Court lift the asset freeze to allow PLS to sell the jewelry that Bronson pawned and order PLS to turnover to the SEC any funds otherwise due to Bronson after deducting its expenses and fees.

Mr. Bronson is to respond to this application by 9/27/23.

So Ordered.

*/s/ signature/*

9/20/23

Respectfully submitted,

*s/ Maureen Peyton King*
Maureen Peyton King
Senior Trial Counsel

3