Edward Bronson
1275 Fairhills Drive
Ossining, NY 10562

September 27, 2023

Via ECF

Hon. Kenneth M. Karas, U.S. D.J.
United States District Court, Eastern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re: **Securities & Exchange Commission v. Edward Bronson, et al., 12cv06421 (KMK)**

Dear Judge Karas:

    I write in response to the SEC's September 14, 2023 (filed September 15, 2023) correspondence to the Court seeking a "turnover of certain proceeds of jewelry pawned by me." I agree that a conference is needed on this issue, and further believe that a number of other outstanding issues should also be addressed.

    From the outset, with regard to the SEC's turnover request and its segregating jewelry pawned by me or my wife, Dawn Bronson, I would like to point out that virtually all (if not all) the jewelry that I pawned belongs to Dawn. That I physically brought jewelry to the pawn broker should not be determinative on who owns it and whether the jewelry should be sold at auction. My goal is to earn money, pay the government its share of my earnings and restore normalcy to my family. Consistent with that goal and my settlement with the SEC, I hope to make interest payments to the pawn broker and eventually recover the jewelry and return it to my wife. Once I start earning money again, which I hope and expect to be soon, the SEC will receive 50% of my income (less the first $5,000 per month). It bears noting that the amount of money the SEC would receive from an auction of Dawn's jewelry would be small, but the emotional impact would be great and painful and far outweighs the money to be received by the government. As such, while I oppose the request for which the SEC seeks a premotion conference, I believe a conference is nonetheless necessary, and ask that the Court schedule one and at which I ask that the following additional subjects also be addressed.

    Presently, our bank accounts are restrained pursuant to the Court's prior orders. Top Knot, Inc.'s account with Wells Fargo (7379) has a balance of $5,471.20; the V2IP checking account (0314) has a balance of $19.02; the V2IP savings account (7131) has a balance of -$61.13; Dawn Bronson's personal checking account (7704) has a balance of $278.65, and the Dawn Bronson's personal savings account (3648) has a balance of $1.11.

    In addition, I surrendered personal property in connection with my arrest, specifically my passport. While I have no current plans to leave the country, my work has occasionally taken me overseas. Irrespective of any plans, however, with my having been released, I believe that the return of my passport is in order.

Hon. Kenneth M. Karas 2
September 27, 2023

Finally, as the Court is aware, in *Liu v. S.E.C.*, 140, S. Ct. 1936, 1940 (2020), the Supreme Court held that disgorgement required, *inter alia*, that the disgorged funds be awarded to victims. Pursuant to <u>*Liu* and its progeny, the government is required to provide a proposed plan of disgorgement distribution to the District Court in which they must identify the individuals to whom the disgorged funds will be returned.</u> We believe that the SEC should report on its efforts and progress in this regard.

For all the foregoing reasons, whether in anticipation of motion practice, or to further particularize and resolve granular issues related to the settlement I believe that a conference is warranted.

Thank you for your consideration in this matter.

Respectfully submitted,

Edward Bronson

CC: Maureen Peyton King, Esq. (via ECF)