

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

October 18, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
            12-CV-6421 (KMK)

Dear Judge Karas:

    I write on behalf of the United States Securities and Exchange Commission ("SEC") to reply to Defendant Edward Bronson's letter concerning his budget and expenses and (ii) his recent filing regarding his monthly expenses. DE 548.

Bronson's Budget and Expenses Remain Unreasonable.

    On September 14, the SEC wrote the Court to seek relief in connection with Bronson's violations of the Court's orders to submit a reasonable budget and reduce expenses. DE 530. The SEC noted that Bronson's expenses ballooned to $52,000 a month and includes some expenses that should not be in his budget. On October 6th, the Court ordered Bronson to "submit a more reasonable budget that substantially reduces his expenses." DE 546. Bronson now submits a monthly budget of over $27,000. The main reduction from the $52,000 per month budget Bronson submitted previously is attributable to his omitting expenses for two of the three mortgages on his family's residence and his son's Audi.

    The current budget does not reduce expenses to a reasonable level. The budget continues to include housing at more than $10,000 per month; phone, cell phone and internet expenses of $1,300 per month; and oil and electric charges of $2,700 per month. In addition, the budget indicates that health insurance costs $6,900 per month. Bronson's budget shows that he has yet to grapple with reducing his monthly expenses by finding more reasonable housing, which would also reduce his utility costs. And if Bronson or Dawn Bronson obtained a job with health insurance they would further reduce expenses and increase their income. Bronson's failure to actually reduce his expenses demonstrates his continued contumacy for the Court's Order.

Representations in Bronson's Affidavit Raise Concerns.

Bronson's representations concerning his health insurance and income raise concerns. First, Bronson represents that his health insurance remains unpaid. The SEC agreed to a carve-out of $30,000 from a turnover so that Bronson could pay for health insurance. Bank records filed by Bronson show that the Bronsons received – and spent - those funds. DEs 522, e.g., 526-1.

Next, Bronson's letter suggests that he has generated income of less than $5,000. Yet, none of the bank statements clearly reflect his receipt of income. They do, however, continue to reflect funds flowing from Paul Rachmuth to Bronson's family members. This suggests that Bronson either has another account into which he receives funds or that he is receiving income into Rachmuth's account – as he has previously.

Conclusion.

For the foregoing reasons, the SEC respectfully requests that the Court: order Bronson to submit a reasonable budget and reduce his expenses; and reveal the source of his income and the account into which he directed it.

                                        Respectfully submitted,

                                        *Maureen Peyton King*