

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

October 19, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:   *U.S. Securities and Exchange Commission v. Bronson et al.,*
             12-CV-6421 (KMK)

Dear Judge Karas:

      I write on behalf of the United States Securities and Exchange Commission ("SEC"), as ordered, to address the question of whether the Court has jurisdiction to grant the relief requested by the SEC's October 17 Letter, DE 550, in light of Bronson's pending appeal of the Court's September 26, 2023 Order, DE 536. DE 551.

      As background, the Court endorsed the SEC's October 4 Letter challenging Bronson's $52,000 per month budget, DE 546, and ordered Bronson to submit a more reasonable budget by October 13. Bronson responded on October 13, offering a more than $27,000 per month budget. DE 548. On October 17, the SEC replied that the budget remains unreasonable and respectfully requested that the Court order Bronson to submit a reasonable budget and reduce his expenses. The SEC also sought an order requiring Bronson to reveal the source of the income his affidavit suggests he earned and the account into which he directed it. DE 550.

      Separately, on September 26, 2023, the Court issued an Order granting the SEC's Motion for an Order to Show Cause Why Bronson and Dawn Bronson Should Not Be Held in Contempt (the "Motion"). DE 536. The Motion alleged that "the Bronsons have violated the terms of this Court's Judgment, (Dkt. Nos. 186, 193), Payment Plan Order, (Dkt. No. 272), and Liquidation Orders, (Dkt. No. 278). (See Pl.'s Mot. for Order To Show Cause ("Pl.'s Mot.") 1 (Dkt. No. 468).)" DE 536. This Order references the Bronson's budget only once, noting that Bronson was required to submit a reasonable budget. DE 536, p.7. The budget is neither the basis of the contempt finding in that Order nor addressed in the sanctions imposed in that Order.

      As to the relief the SEC seeks in the form of a more reasonable budget, Bronson has not appealed the Court's Order to submit a more reasonable budget, DE 546. Thus, there is no plausible jurisdictional issue when it comes to subsequent enforcement of that Order and the Court can grant the relief the SEC seeks and order Bronson to submit a more reasonable budget.

As to the relief the SEC seeks in requiring Bronson to reveal the source of his additional income and the account into which he directed it, the Court also retains jurisdiction. Assuming the request is within the scope of the appealed Order, the District Court retains jurisdiction. A notice of appeal divests the district court of control "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). To construe the scope of what is divested, courts look to the purpose of divestiture of jurisdiction, which is to "avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Application of the divestiture rule is therefore "guided by concerns of efficiency." *Id*.

That concern is not implicated by a request to simply enforce (rather than alter, expand, vacate, or provided a new justification for) the order on appeal. Accordingly, "the filing of a notice of appeal has no bearing on a court's power to hold a party in contempt for violating a court order related to execution on a judgment." *Kim v. Ji Sung Yoo*, No. 15-CV-3110 (JSR), No. 15-CV-3110, 2019 WL 3162128, at *2 (S.D.N.Y. May 17, 2019) (J. Rakoff) (quoting *Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004)). Likewise, the court "retain[s] the jurisdiction necessary to enforce its contempt order," notwithstanding an appeal of that order. *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375 (8th Cir. 1996). The court accordingly can issue orders "in support of" its contempt order so long as it does not "expand upon" the contempt order. *Id*. at 376.

The Federal Rules of Civil Procedure further support the conclusion that the District Court retains subject matter jurisdiction on these facts. In particular, Rule 62 specifies the conditions under which judgments may be stayed pending appeal and assumes that judgments are enforceable while on appeal absent a stay. Here, the court has not stayed its contempt order. Thus, even if the request to compel Bronson to reveal the source of his income and where he directed the income amounts to a request to enforce an unstayed order that is on appeal, the authority to do so lies squarely within the realm of the district court's jurisdiction despite the notice of appeal.

Applying the divestiture rule here, there is no duplication of efforts, waste, or lack of efficiency by requiring Bronson to reveal the source of his income or where he directed it. And, analogous to *Kim*, the requested action is akin to the enforcement of the Order, not its expansion. Accordingly, the District Court retains its jurisdiction to grant the relief the SEC seeks, i.e., requiring the Bronson reveal the source of his income and where he directed it.

Respectfully submitted,

*Maureen Peyton King*