**MEMO ENDORSED**

Edward Bronson
1275 Fairhills Drive
Ossining, NY 10562

October 27, 2023

Via ECF

Hon. Kenneth M. Karas, U.S. D.J.
United States District Court, Eastern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

    Re: **Securities & Exchange Commission v. Edward Bronson, et al., 12cv06421 (KMK)**

Dear Judge Karas:

    I write in compliance with the Court's order directing me to respond to the SEC's October 18, 2023 letter to the Court relating to my having to submit a reasonable budget to the Court.

    From the outset, I concur – with different reasoning – with the SEC's position that the mortgage expenses should not be included in the budget. However, I ask the Court to accept my concurrence without prejudice to my bringing the issue before the Court at a later time. My reasoning is as follows: the total outstanding mortgage debt on my home exceeds its current value and I currently cannot afford to make the mortgage payments. Thus, removing the line item of mortgage payments from my proposed budget addresses the SEC's current concern. I expect that I will soon be making enough money to pay the mortgage creditors or my family will have to move. Currently, however, I am not paying the mortgage and am not yet required to vacate the premises.

    The SEC raises the issue of utility expenses for our home. What I am paying in utility expenses is offset by what I am accruing, but not currently paying for the mortgages. We are a family of seven individuals ranging in age from my 11-year-old son to my 79 year-old father-in-law. The rent for an apartment that would fit all of us would exceed $5,000 per month. Similarly, I do not believe that our phone expenses for seven individuals are excessive, but while I am attempting to continue to reduce all my expenses, including telephone expenses, much of them, such as telephone, cable and internet, are plans that are used to support my work from home.

    Ms. King's issue with our health insurance costs appears to fail to take into account that my wife, children and father-in-law each suffer from different chronic health issues, which requires quality health insurance coverage. But as I believe the Court is aware, my family's health insurance was cancelled while I was incarcerated, Originally, we believed that we would be able to have that plan reinstated, but that was not the case. We were required to obtain a new plan, and the $6,900 monthly cost for a family plan was the least expensive we could obtain that covered these chronic issues. I will continue to explore more affordable coverage that also protects our children.

    As previously stated, I am trying to lower all our expenses. One difficulty relates to the fact that my incarceration's effect on our credit and finances, and the current economic

Hon. Kenneth M. Karas  2
October 27, 2023

climate makes it particularly difficult to create new relationships with service providers. I believe, however, as my earnings increase and some time passes, we will be able to renegotiate or find other, more reasonable, providers.

Finally, I take issue with Ms. King's accusation that my proposed budget demonstrates "contumacy for the Court's Order." As the Court is aware, my family and I have lived through the results of the Court previously concluding that I was being contumacious. I will never again act in a manner that supports that conclusion. But my agreeing to an unrealistic budget, would only lead to failure and a repeat of circumstances that resulted in my being held in contempt. The SEC and I may disagree, but I intend to be transparent and forthright at all times.

Stated bluntly, what my proposed budget actually demonstrates is that I am presently financially hamstrung, and that these expenses are essentially unavoidable. I recently obtained employment, however. My income will be listed on my next report to the Court, and I will begin making payments to the government. Thus, without mortgage payments, my expenses are as follows:

| Item | Expense |
| --- | --- |
| United Healthcare Oxford: | 6900.00 |
| Cell Phones (entire family) | 650.00 |
| Electricity: per month | 1,500.00 |
| Oil: per month | 1,200.00 |
| Food (on average | 2,000.00 |
| Internet | 322.72 |
| Cable/Phone | 401.25 |
| Car Insurance | 1,100.00 |
| Gasoline | 250.00 |
| Children's Expenses (spending money, school activities, meals, snacks) | 1,000.00 |
| Total | $15,323.97 |

I recognize that the health insurance, cell phone, internet and cable expenses are presently unchanged, but as stated above, if it is possible and makes sense financially, I will attempt to further reduce these costs.

Thank you for your consideration in this matter.

Respectfully submitted,

Edward Bronson

CC: Maureen Peyton King, Esq. (via ECF)

The SEC is directed to respond to this letter by no later than Friday, November 3, 2023.

So Ordered.

10/30/2023

2