

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

October 31, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re:    *U.S. Securities and Exchange Commission v. Bronson et al.,*
              12-CV-6421 (KMK)

Dear Judge Karas:

      I write on behalf of the United States Securities and Exchange Commission ("SEC") to comply with the Court's Order, DE 560, and respond to Defendant Edward Bronson's October 27, 2023 letter. DE 559. On October 19, the Court ordered Bronson "either to submit a more reasonable budget with reduced expenses or to explain why he cannot (including by providing supporting materials) by no later than 10/27/23. Additionally, to the extent he generated income since 9/15/23 (Dkt. No. 548), Mr. Bronson is directed to explain the source of that income and where it was directed by 10/27/23." DE 553. Bronson's response, DE 559, did not comply fully with the Court's Order as to the budget and did not comply at all with the Court's Order that he disclose the source of his income and where it was directed.

      As to the budget, the SEC objected to Bronson's initial filing, which reflected monthly expenses of $52,000. DE 530. The SEC subsequently objected to Bronson's revised filing, which reflected $27,000 in expenses. DE 550. Bronson achieved this reduction by merely omitting expenses for two of the three mortgages on his family's residence and his son's Audi. *Id*. The SEC noted that the expenses included housing at more than $10,000 per month; phone, cell phone and internet expenses of $1,300 per month; and oil and electric charges of $2,700 per month. *Id.* In addition, the budget indicated that health insurance costs $6,900 per month. *Id.* The SEC observed that Bronson's budget showed that he has yet to grapple with reducing his monthly expenses by finding more reasonable housing, which would also reduce his utility costs. And if Bronson or Dawn Bronson obtained a job with health insurance, they would further reduce expenses and increase their income. *Id*.

      The SEC's view of Bronson's second revised "budget" remains unchanged. First, the "budget" continues to consist solely of expenses. Next, Bronson achieves the latest reduction by omitting his mortgage expense. He otherwise regurgitates the same expenses as the last budget and provides no substantive support for why the expenses cannot be reduced. DE 559. For example, Bronson continues to claim that a $6,900 per

month health care plan is required but does not show any comparison of plans he undertook to support this claim. *Id.* Additionally, he continues to list $1,300 in phone, cell and internet charges but has not provided a comparison for the services he has versus alternative plans. Thus, Bronson has not complied with the Court's Order to reduce his expenses or demonstrate with support why he cannot "by providing supporting materials." DE 553.

In any event, Bronson's budget is also deficient because it does not include income. DE 559. Bronson acknowledges that he is now earning income but fails to provide the amount he earns. *Id.* He also does not indicate whether Dawn Bronson is generating any income. And, while he is clear that his father-in-law's expenses drive up his expenses including health care expenses, no portion of his father-in-law's income is considered in the family's "budget." *Id.*

As to the Court's Order that Bronson explain the source of his income and where it was directed, Bronson has not complied. Instead, Bronson's response states "I recently obtained employment….My income will be listed on my next report to the Court, and I will begin making payments to the government." *Id.* In other words, despite the Court's clear order, Bronson chose not to provide the source of his income or where he directed it.

For the foregoing reasons, the SEC respectfully requests that the Court order Bronson to provide a reasonable budget or support for his current expenses and divulge his income as well as other family members' income (to the extent he counts their expenses as his own in the budget), the source of his income and where he directed and directs his income. In addition, the SEC requests that the Court impose any appropriate sanctions for Bronson's continued contumacy.

                Respectfully submitted,

                *Maureen Peyton King*