Edward Bronson
1275 Fairhills Drive
Ossining, NY 10562

December 1, 2023

<u>Via ECF</u>

Hon. Kenneth M. Karas, U.S. D.J.
United States District Court, Eastern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

   Re: **Securities & Exchange Commission v. Edward Bronson, et al., 12cv06421 (KMK)**

Dear Judge Karas:

      I write in response to the November 21, 2023 letter of the Securities Exchange Commission (by Maureen Peyton King, Esq.). The SEC submits myriad complaints which I submit varies from the intent and any reasonable implementation of the agreed upon Order of this Court. According to the SEC, eating out at McDonald's and ordering Chinese food equals "dining out;" my father-in-law sometimes buying groceries with his social security income should be considered my income; my 17-year-old, high school junior daughter getting her eyebrows waxed amounts to "frivolity," and these activities violate the Court's freeze on "asset sales." The SEC also seems to want to decide how I use the funds allocated to me. This was not my understanding of the intent behind the agreed upon Order that was submitted to the Court and cannot be considered a reasonable interpretation. Contempt and sanctions related thereto are intended to compel rather than punish. There should be no doubt that I have been compelled, but the SEC appears intent on administering punishment, and not only to me, but to my children.

      The SEC and I entered an agreement, one that was put on me to "agree" or continue to be incarcerated. I have been following it. I owe the government a great deal of money, and the agreed Order was intended to balance motivating me to earn money to pay the government with my need and desire to provide for my family. It was not intended to engage in social and economic re-engineering. Yet the SEC seeks to surreptitiously renegotiate our agreement by advancing an implementation that evades the compromise that was agreed upon by the SEC and me. For example, the SEC unreasonably defines simple family activities as frivolous asset sales that are violative of my agreement to submit a reasonable budget. As noted above, this is not a reasonable application and I hope the Court will agree that an agreed upon Order should not be applied to permit one party to that agreement to impose solely its interpretation upon the other. The Court's Order should be applied reasonably and consistently, to permit my family and me to contour our actions so that I can work, make money, pay the government, and remain in compliance with the Court's Order. Moreover, also germane to the Court's consideration is that none of the SEC's complaints -- even if acted upon -- will change the outcome of my payment obligations. I have paid the government 50% of my gross income above $5,000. Redefining the agreement pursuant to the SEC's new interpretation would not change that amount. Thus, this controversy is arguably an academic one, since it would not result in a change of the amount paid. I address the SEC's specific complaints below.

Hon. Kenneth M. Karas     2
December 1, 2023

**A Budget, My income and My Expenses**

  The SEC argues that I have not submitted a revised budget or fully divulged my and my family's income and receipt of funds, or fully supported my expenses.  I believe I have followed both the letter and spirit of our agreement and the Court's Order.  The transfers of which The SEC complains are payments from Mr. Rachmuth that were part of the monthly earnings that I disclosed in my affirmation.  All transfers were made directly to Dawn's bank account and were reported.  The rest of the funds will show on my next disclosure.  The SEC further argues that these payments were something other than salary and implies that further explanation is required.  Here, the SEC seeks to create a controversy where there is none.  Although SAC was not incorporated until October 25th, funds had already been invested and the use of invested funds, including my salary, were already agreed upon and paid to me for consulting work I was providing.  Those funds have since been properly accounted for on SAC's books and, as the Court is aware, were timely reported by me.  Thus, while the timing was off as to the incorporation, this is a semantic issue and not one of substance.

  Upon each complaint by the SEC, I have explained our household bills and debts and what I have done to try to reduce our budget.  I believe the budget I submitted on October 27, 2023 remains reflective of our situation.  Although the SEC asserts that I should move my family to an apartment, my family consists of seven people, my 78-year-old father-in-law, my four children ranging in age from 11 to 20 and Dawn and me.  An apartment that would reasonably fit us would be prohibitively expensive and, in any event, my credit rating would probably result in my rental application being denied.  My negotiating with mortgage holders may result in a delay of litigation and foreclosure until my income increases.  Unless the SEC's goal is to force me from my home (which again is not the premise upon which the agreement was reached), I hope to be able to afford my home once again while still paying the government at a significant rate.

  The transfers from Paul Rachmuth to my son were gifts to my family that were made when I had no income at all, the last transfer having been made in September.  As I have stated to the Court and the SEC on numerous occasions, in addition to Paul being my counsel, he and I have been friends for over 10 years.  He does not expect repayment, and now that I am working I do not expect these transfers to continue.  The transfers were made to Blake's account – the statements of which are disclosed monthly to the SEC and the Court -- to help us avoid confusing these transfers with my own earnings, which were contemplated and now are deposited into Dawn's account.  (I do not have a bank account in my own name, but intend to open one soon and will of course disclose my actions to the Court and the SEC.)

  As to my father-in-law's social security payments, while we certainly appreciate my father-in-law's contribution to the household, that remains his money, and we do not take it from him nor spend it for him.  He sometimes buys some groceries and in all frankness has on occasion even given a little spending money to my younger children, but his income is his.  We do not count on his income; we buy most of our own groceries and my father-in-law joins us for most of the meals made with the groceries purchase by my wife and me.  Accordingly, I do not agree that my father-in-law's social security income should be included as part of my income in connection with disclosure.

Hon. Kenneth M. Karas                                                                                                  3
December 1, 2023

The SEC also points out a $1,600 deposit into Dawn's bank account. That deposit resulted from a sale by Dawn of plants that she propagates and sells. Dawn's personal plant business has been previously disclosed to the SEC.

**Payment arrangements for electricity and debt**

The SEC next argues that reaching a payment arrangement with Con Edison and engaging in discussions are additional financial commitments that will increase our monthly expenses or are additional lines of credit. But the debt to Con Edison and the mortgages were debts that existed when the agreed upon Order was entered. They are not new debts or financial commitments, and my actions have only been attempts to manage these debts.

**Family Expenditures**

The frivolity and "squandering" of assets the SEC complains of and addressed in generality above are simple, and not extravagant, family expenditures and, nonetheless do not represent "funds due to the SEC." The "funds" come from the money that I am allowed to retain pursuant to the agreed upon Order and does not reduce the amount the government receives. Moreover, the SEC seems to exclude detail to make these expenditures seem extreme when they are not. As noted, my 17-year-old daughter, a high school junior, went to an aesthetician and had her eyebrows waxed once. This occasional expense is not an extravagance for a 17-year-old girl. The $300 Club Fit charge is for a membership for my entire family. We joined this to provide my four children a financially reasonable way for them to engage socially and to exercise. This is particularly important for my youngest son, who unfortunately gained a great deal of weight during my incarceration and has been instructed by his doctor to exercise regularly. The "routine dining out" complained of is limited to the children getting Starbucks or take-out Chinese food. The funds for these purchases came from the portion of my income that I am permitted to retain. Surely an "asset freeze" was not meant to prevent these family purchases. Again, it must be noted that these items do not affect the funds the government is to receive. As such, the SEC's complaints are simply overreaching.

The SEC closes her letter to the Court, by making certain specific requests, which are addressed below and vary from the agreed upon Order that I am following. To the extent the SEC seeks to impose new requirements, I object to the SEC's attempt to contort an agreed upon Order into a wish-list of new burdens. Four months into the agreed upon Order, I am performing as requested. The government has received the payment required, and I believe if I am permitted to work, it will receive higher payments in the future. But the SEC's requests reek of punishment over repayment and personal animus over official duty. I ask that I be permitted to work; to pay the government; and that the SEC's requests be denied. I address the requests specifically below.

1. Order Bronson to comply with the Court's Order to disclose to where Bronson has his income directed

Every month since my release, I have disclosed every bank account used by my family. Only last month did I have income, and the bank accounts disclose where the income is directed. Yet this is not part of the agreed upon Order. While I am required to and have submitted the

Hon. Kenneth M. Karas 4
December 1, 2023

account statements and a reasonable budget, there is no requirement in the agreed upon Order that I separately "disclose where my money is directed." Irrespective of the SEC's overreach, the account statements provide this information and there have been no significant cash withdrawals. But, again, how the funds I am permitted to retain are used does not change the amount the government receives. This request should be denied as not required by the Court's Order, unwarranted based on what has been ordered, and arguably moot given the disclosures the SEC already receives.

2. Provide support, e.g. bank statements, for the full period Bronson's affidavit covers

This request should also be denied as moot in that I am already providing the bank statements. I collect the statements for the prior month as they arrive or become available and provide them to the SEC and the Court. I do so on the 15th based on the Court's Order providing me 10 days after receiving the statements to compile them and provide them to the SEC and the Court. I have no objection, however, to voluntarily doing so earlier in the month (perhaps the 10th of each month), but object to the SEC's intimation via this request that I have been other than compliant with the Court's order.

3. Disclose all income for Bronson and his family members to the extent he includes their expenses in the budget

This should also be denied as moot. I have and will continue to disclose all income received by family members and/or included in our budget.[1]

4. Require that Bronson remit 50% of his gross pay – in excess of $5,000 per month - **within 3 days of receipt of each payment to avoid the risk of the funds being squandered and unavailable** (emphasis added to highlight the change requested).

This request should also be denied. First, we negotiated and agreed upon my paying based on my "gross monthly earnings," which are computed once a month has run. I have complied with the Order and the SEC should not be permitted to "renegotiate" via motion to what she initially agreed. Moreover, there are times when a significant payment obligation (such as a health insurance bill) requires use of most of a paycheck. Provided that I meet my monthly obligations to the government, I should be permitted to decide how to use funds and balance payment of my obligations. Finally, and germane to this previous point, there has been no showing that the portion of my income to be sent to the government is in danger of being "squandered and unavailable." I have had one month of income and the government received its portion. In fact, as previously reported to the Court, when Ms. King contacted me to correct my misunderstanding that "gross income" permitted me to subtract Social Security payments from the amount I received for the month, I immediately paid over the difference. I had not "squandered" money such that I could not pay the additional requirement of this recalculation.

---

[1] As for Dawn's income from plant sales, this is solely her money and is further too occasional and sporadic to be relied upon for a family budget.

Hon. Kenneth M. Karas  5
December 1, 2023

This incident stands in dispute to the SEC's putative concern, and as such, the SEC has not shown a necessity that would justify this additional burden on me.

    5. Require Bronson to divulge the nature of the services he provides to SAC and any interest he has in SAC

From the outset, this request should rightfully be denied as yet another attempt by the SEC to expand the results of the negotiation which resulted in the agreed upon Order. Notwithstanding that this request should be denied, I voluntarily offer that I am providing consulting services to SAC in connection with mergers and acquisitions and arranging financing for those transactions. Further, in consideration of my services, I am receiving the income disclosed and a one-third ownership interest in the entity.

    6. Submit a reasonable request for a carve out of monthly expenses

This request should also be denied. Here the SEC seeks to turn the agreed upon Order on its head and essentially hold discretion to approve my family's "allowance." This would eviscerate both the spirit and explicit terms of the agreed upon Order which, again, was not intended to dissuade me from working and earning money, but to encourage me to work and earn, and to pay the government its due and care for my family with my portion. We have an Order to which the SEC agreed and submitted to the Court. I have had my first month of earnings. The government received its agreed upon portion and should not be permitted to sit at my kitchen table or reach into my family's pocket and control the portion of the funds it agreed we can use.

    7. Cease violating the asset freeze

This request should also be denied as moot because as demonstrated herein I am not violating the asset freeze. I reiterate that the government received the money for which the SEC negotiated and should not be permitted to reach into the funds I am permitted to retain and into my household to deny my daughter an eyebrow waxing or my family a Chinese food dinner.

I intend to comply with the Court's order. I intend to pay the government pursuant to the Court's Order. I do not wish to be incarcerated ever again. But the SEC and I agreed to an Order that would permit me to repay the government and support my family. the SEC should not be permitted to renegotiate it or impose requirements to which we did not agree, especially where I am currently in compliance. The SEC's motion should be denied.

Thank you for your attention and consideration in this matter.

                                                Respectfully submitted,

                                                Edward Bronson

CC: Maureen Peyton King, Esq. (via ECF)