UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                                        Plaintiff,

                -against-

EDWARD BRONSON, E-LIONHEART                    12-CV-06421 (KMK)
ASSOCIATES, LLC, d/b/a FAIRHILLS
CAPITAL
                                        Defendants
                and

FAIRHILLS CAPITAL, INC.

                                Relief Defendant.
-------------------------------------------------------------------X

ORDER MODIFYING ASSET FREEZE AND ORDERS REGARDING DEFENDANT
EDWARD BRONSON'S NOTIFICATION REQUIREMENTS FOR
CERTAIN CASH RECEIPTS AND DISBURSEMENTS


        WHEREAS the Court entered an asset freeze over Defendant Edward Bronson's
("Bronson") assets and income and continued the freeze in effect until the parties resolve
turnover issues;

        WHEREAS the Court ordered Edward and Dawn Bronson (the "Bronsons") to provide
"prompt notice of any funds received from any source in an amount of $1,000 or more (whether
received in one lump sum or in any series of payments)";

        WHEREAS the Court ordered the Bronsons not to "make any transfer over $1,000,
directly or indirectly, through any other individual or entity including but not limited to the
Bronson Entities, without approval from the SEC....";

        WHEREAS the Court ordered the Bronsons to provide monthly statements including
mortgage statements along with the source of funds used to make any mortgage payment; ConEd
bills along with the source of funds used to make any payment thereon; property tax bills along
with the source of funds used to make any payment thereon; health insurance bills along with the
source of funds used to make any payment thereon; and legal bills along with the source of funds
used to make any payment for representation;

        WHEREAS Bronson has commenced earning a set salary ("Salary") of $2,000 per week
and commissions;

WHEREAS Bronson has identified particular recurring expenses set forth in the attached table ("Recurring Expenses"), which the Bronsons pay monthly;

WHEREAS the parties seek to reduce the Bronsons' administrative burden of reporting Recurring Expenses;

WHEREAS Bronson seeks clarity on whether and what expenses he can pay without violating the asset freeze; and

WHEREAS the parties have jointly submitted the proposed order for the Court's consideration. Therefore,

IT IS HEREBY ORDERED that Bronson may pay the expenses listed in Table A, up to 110% of the amounts set forth in Table A, without being deemed to have violated the asset freeze and without prior notice to the SEC; and

IT IS FURTHER ORDERED that the Bronsons are not required to promptly notify the SEC of receipt of Bronson's Salary of $2,000 per week. However, any commission or other income of $1,000 or more may be deposited into the Bronsons' bank account without prior approval of the SEC, but, whether received in one lump sum or in any series of payments, continues to require prompt notification to the SEC. However, such funds shall not be disbursed without prior approval from the SEC.

Dated: White Plains, New York
    January 18 , 2024

_____
United States District Judge

**Table A**

| Expense | Expense Cap per month |
|---|---:|
| Health Insurance | $4,800 |
| Cell Phones | $650 |
| Oil | $1,200 |
| Food | $2,000 |
| Internet | $323 |
| Cable/Phone | $410 |
| Car Insurance | $840 |
| Car Payment | $820 |
| Gasoline | $250 |
| Miscellaneous | $1,400 |